**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
Orlando Division
Case No.: 6:19-cv-1908-Orl-78EJK

| |
|---|
| WYNDHAM VACATION OWNERSHIP, INC. a Delaware corporation; WYNDHAM VACATION RESORTS, INC., a Delaware corporation, WYNDHAM RESORT DEVELOPMENT CORPORATION; a Oregon Corporation; SHELL VACATIONS, LLC, an Arizona limited liability company; SVC-AMERICANA, LLC, an Arizona limited liability company; and SVC-HAWAII, LLC, a Hawaii limited liability company,<br><br>     Plaintiffs,<br><br>v.<br><br>SLATTERY, SOBEL & DECAMP, LLP, a California limited liability partnership; DEL MAR LAW GROUP, LLP, a California limited liability partnership; CARLSBAD LAW GROUP, LLP, a California limited liability partnership; JL 'SEAN' SLATTERY, an individual and resident of the State of California; and DOES #1-10,<br><br>     Defendants. |

**PLAINTIFFS' MOTION FOR EXTENSION OF TIME TO RESPOND TO DEFENDANTS' MOTION TO DISMISS [DE 12], OR, ALTERNATIVELY, FOR THE COURT TO ABSTAIN FROM DISPOSITION OF SAID MOTION; AND, IN EITHER CASE FOR SUCH EXTENSION OR ABSTENTION TO RUN SIXTY (60 DAYS) FOLLOWING THE CASE MANAGEMENT CONFERENCE**

Plaintiffs, Wyndham Vacation Ownership, Inc., Wyndham Vacation Resorts, Inc., Wyndham Resort Development Corporation, Shell Vacations, LLC, SVC-Americana, LLC, and SVC-Hawaii, LLC, (collectively, "Plaintiffs") by and through undersigned counsel, and pursuant to Federal Rule of Civil Procedure 6(b), hereby move for an extension of time to respond to the Defendants' Motion to Dismiss [DE 12], or, alternatively, for the Court to

abstain from disposition of the Motion to Dismiss, and, in either case, for such extension or abstention to be for sixty (60) days following the Case Management Conference, presently scheduled for November 18, 2019, so that discovery can be conducted as Plaintiffs ultimately plan to file an amended complaint, which will moot the currently filed Motion to Dismiss. This request is intended to conserve judicial and other resources and otherwise permit the litigation to move forward more expeditiously and without the need for unnecessary motion practice.  In support, the Plaintiffs state as follows:

## I.    INTRODUCTION AND BACKGROUND

1.    On October 4, 2019, Wyndham filed a single count Complaint for tortious interference. [DE 1].

2.    The Complaint alleges that JL Sean Slattery, Slattery, Sobel & Delcamp, LLP, Del Mar Law Group, LLP, and Carslbad Law Group, LLP (collectively, the "Slattery Defendants") serve as the "lawyer group" for a bipartite timeshare exit scam, necessarily working with a "marketing group" (the Does) in order to advertise the Slattery Defendants' services.  [DE 1 at ¶¶ 6, 8].  These services consist of charging exorbitant up-front fees to purportedly "exit" timeshare owners from their contracts, only to dupe timeshare owners into actually breaching those timeshare contracts, touting such defaults as "successful exits." *Id.*

3.    The Slattery Defendants send formulaic (and frivolous) "demand letters" instructing Wyndham to cease contact with Wyndham's timeshare owners, while they (or the Does) deceive or otherwise induce the Wyndham timeshare owner into stopping their contractually-obligated payments. *Id.*, at ¶¶ 9, 14, 45. This results in breach of the timeshare owners' contracts with Wyndham, and, ultimately further results in foreclosure, which, in

turn, destroys the owner's credit and diverts contract revenue from Wyndham to the Defendants.

4.      The Complaint properly alleges a tortious interference claim.[1]

5.      In response, the Defendants have filed a Motion to Dismiss the Complaint (the "Slattery Defendants' Motion"). [DE 12].

6.      Of import for purposes of this motion, while Wyndham can identify the Slattery Defendants from these formulaic letters, Wyndham's efforts to discover the identity of the Doe marketing defendants have been thwarted. As a result (and as noted in the Slattery Defendants' Motion at page 2), "the allegations in this case are different" than the Lanham Act and FDUTPA claims brought against similarly situated defendants in the Middle District. The Slattery Defendants, of course, are fully aware of the identity of the Doe defendants (from whom they receive all of their business), but steadfastly refused to cooperate and divulge this information, which information Plaintiffs will be entitled to in discovery in any event.

7.      For this reason, Wyndham seeks additional time to respond to the Slattery Defendants' Motion, or, alternatively, for the Court to temporarily abstain from disposition of the Slattery Defendants' Motion.   In either case, this would allow Wyndham an opportunity to conduct discovery and amend the Complaint to specifically name the "Doe" Defendants (which will moot the pending Slattery Defendants' Motion) and avoid unnecessary motion practice.   Indeed, the "Doe" Defendants are critical, indispensable parties to this action.

---

[1] This motion is not being interposed because Plaintiffs doubt the viability of the current Complaint, as pled, but for the reasons stated herein.

8.     A Case Management Conference is scheduled for November 18, 2019, at which time discovery can commence. Wyndham requests sixty (60) days from that date (until January 20, 2020) to allow Wyndham to respond to the Slattery Defendants' Motion, or, alternatively for the Court to abstain from disposition of the Slattery Defendants' Motion until that time, so that Wyndham can conduct discovery for purposes of amending the Complaint to specifically name the Does and allege additional causes of action, as applicable.

## II.    ARGUMENT AND MEMORANDUM OF LAW

Federal Rule of Civil Procedure 6(b) provides that the Court may grant an extension of time upon the showing of good cause. Moreover, the Court has the inherent authority to manage its own docket in order to achieve the orderly and expeditious resolution of a case. *See Equity Lifestyle Properties, Inc. v. Fla. Mowing and Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009).

### A.     Extending Wyndham's Deadline to Respond to the Motion is Appropriate

Here, Wyndham has demonstrated good cause for an extension of time to preserve resources, judicial and otherwise, because the pending Slattery Defendants' Motion will be mooted after the initial exchange of discovery. Indeed, such an extension would promote the orderly and expeditious progression of the case. Granting Wyndham's request for an extension of time to enable it to conduct necessary discovery and amend its Complaint will reduce unnecessary motion practice and preserve this Court's resources. Conversely, addressing the pending Slattery Defendants' Motion on its merits prior to Wyndham having the opportunity to conduct discovery will be an effort in futility, as Wyndham will still need

4

to seek leave to amend the Complaint in order to specifically name the Doe defendants upon their inevitable identification through discovery.

As such, for good cause shown, Wyndham respectfully requests an extension of time to respond to the Motion to Dismiss until January 20, 2020 (60 days after the Case Management Conference).

B.     Alternatively, Temporarily Abstaining From Disposition of the Motion to Dismiss Best Preserves Resources and Increases Efficiencies

In the event the Court is unable to rule on Wyndham's Motion for Extension of Time prior to the deadline for Wyndham's response, Wyndham requests that the Court abstain from disposition of the Slattery Defendants' Motion to allow Wyndham to conduct discovery and ultimately amend its Complaint. Temporarily deferring ruling on the Slattery Defendants' Motion for a short window after discovery opens will not prejudice or disadvantage the Slattery Defendants—in fact, it will be to all parties' advantage because it will avoid the unnecessary expenditure of time and resources, avoid unnecessary motion practice and also reduce the burden of litigation on the parties and on the Court.

There is no question that the identity of Does 1-10 will be readily ascertained through discovery. Logic dictates that the Slattery Defendants—who have no apparent advertising presence, nor even an operable website—know from whom they received the more than 100 Wyndham timeshare owners on whose behalf the Slattery Defendants have sent letters to Wyndham. Defendants even acknowledge that they know the identity of the Does. Moreover, there will be discoverable communications and bank records that will categorically identify the Does. Most importantly, the Does are critical and necessary parties to the allegations within the Complaint. Wyndham fully intends – and will seek leave – to amend the

Complaint to specifically identify the Doe marketing defendants and all appropriate causes of action once this information is obtained.

Thus, temporarily abstaining from resolution of the pending Slattery Defendants' Motion will best serve the efficient progression of this litigation. Wyndham respectfully requests that this Honorable Court invoke its inherent authority to manage its docket and abstain from disposition of the pending Slattery Defendants' Motion until January 20, 2020 (60 days after the Case Management Conference).

  C. <u>The Operative Complaint has Been Properly Pled; Thus, There are Other Compelling Reasons Justifying this Motion</u>

Importantly, Wyndham does not contend that it needs discovery to support its current Complaint, which is sufficiently pled and properly alleges a cause of action against the Slattery Defendants for tortious interference. The <u>core service</u> that is being marketed on behalf of (and ultimately fulfilled by) the Slattery Defendants is the improper termination of an existing timeshare contract to which neither the Slattery Defendants nor the Does are a party. In other words, the business model is literally founded upon tortiously interfering with timeshare contracts. The Middle District has already upheld nearly-identical claims in almost all of the cases cited by the Slattery Defendants in the Slattery Defendants' Motion. *See Westgate Resorts, Ltd., et al. v. Sussman*, Middle District of Florida Case No 6:17-cv-1467; *Wyndham Vacation Ownership, et al. v. Reed Hein & Associates, LLC et al.*, Middle District of Florida Case No 6:18-cv-2171, among others.

Rather, Wyndham intends to amend the Complaint, as soon as reasonably practicable, in order to properly and fully plead allegations against the Does. Addressing the pending Slattery Defendants' Motion, at this procedural juncture, therefore presents an

unnecessary strain on the Court's and the parties' resources by requiring the parties to litigate issues and for the Court to consider and dispose of issues that will necessarily change. *See* Fed. R. Civ. P. 1 (The Rules "should be construed, administered, and employed by the court and the parties to secure *the just, speedy, and inexpensive* determination of every action and proceeding.") (emphasis added).

**WHEREFORE**, Wyndham respectfully requests that this Court enter an Order: granting Plaintiffs an extension of time to respond to the Slattery Defendants' Motion for sixty (60) days following the Case Management Conference, to wit, January 20, 2020, or, alternatively, for the Court to abstain from disposition of said Motion, sixty (60) days following the Case Management Conference, to wit, January 20, 2020

<u>**LOCAL RULE 3.01(g) CERTIFICATION**</u>

Counsel for Plaintiffs certify that they conferred with counsel for the Slattery Defendants prior to filing this motion, and the Slattery Defendants oppose the relief requested herein.

Dated: November 7, 2019.

*/s/ Alfred J. Bennington, Jr.*
**ALFRED J. BENNINGTON, JR., ESQ.**
Florida Bar No. 0404985
bbennington@shutts.com
**GLENNYS ORTEGA RUBIN, ESQ.**
Florida Bar No. 556361
grubin@shutts.com
**TODD F. KOBRIN, ESQ.**
Florida Bar No. 0946958
tkobrin@shutts.com
**SHUTTS & BOWEN LLP**
300 South Orange Avenue, Suite 1600
Orlando, Florida 32801
Telephone: (407) 835-6755
Facsimile:  (407) 849-7255

and

**DANIEL J. BARSKY, ESQ.**
Florida Bar No. 25713
dbarsky@shutts.com
**SHUTTS & BOWEN LLP**
200 South Biscayne Boulevard, Suite 4100
Miami, Florida 33131
Telephone: (561) 650-8518
Facsimile:  (561) 822-5527

*Attorneys for Plaintiffs*

ORLDOCS 17291999 5