## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
Orlando Division

| | |
|---|---|
| WYNDHAM VACATION OWNERSHIP, INC. a Delaware corporation; WYNDHAM VACATION RESORTS, INC., a Delaware corporation, WYNDHAM RESORT DEVELOPMENT CORPORATION; a Oregon Corporation; SHELL VACATIONS, LLC, an Arizona limited liability company; SVC-AMERICANA, LLC, an Arizona limited liability company; and SVC-HAWAII, LLC, a Hawaii limited liability company,<br><br>      Plaintiffs,<br><br>v.<br><br>SLATTERY, SOBEL & DECAMP, LLP, a California limited liability partnership; DEL MAR LAW GROUP, LLP, a California limited liability partnership; CARLSBAD LAW GROUP, LLP, a California limited liability partnership; JL 'SEAN' SLATTERY, an individual and resident of the State of California; and DOES #1-10,<br><br>      Defendants. | Case No.: 6:19-cv-1908-Orl-78EJK |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT AND INCORPORATED MEMORANDUM OF LAW**

Plaintiffs Wyndham Vacation Ownership, Inc. ("WVO"); Wyndham Vacation Resorts, Inc. ("WVR"); Wyndham Resort Development Corporation ("WRDC"); Shell Vacations, LLC ("SV"); SVC-Americana, LLC ("SVC-Americana"); and SVC-Hawaii, LLC ("SVC-Hawaii") (collectively, "Wyndham"), through counsel and pursuant to the Federal

1

Rules of Civil Procedure 15(a)(2), and this Court's Case Management and Scheduling Order (Doc. 30), hereby move for entry of an Order permitting Plaintiffs to file a First Amended Complaint in this action, a copy of which is attached hereto as Exhibit "A," and in support thereof states as follows:

1. On October 4, 2019, Plaintiffs brought suit against Defendants Slattery, Sobel & Decamp, LLP, Del Mar Law Group, LLP, Carslbad Law Group, LLP, JL "Sean" Slattery ("the lawyer Defendants"), and DOES "#1-10," (collectively, "Defendants"). (Doc. 1). The Complaint alleges that the lawyer Defendants are engaged in a "timeshare exit" scheme, through which the lawyer Defendants receive referrals for timeshare owners from marketing companies (the Does) to purportedly assist those timeshare owners with the cancellation of their timeshare contracts; in reality, the lawyer Defendants, together with the Does, trick or otherwise induce the timeshare owners into ceasing their contractually obligated payments to the timeshare companies, including Wyndham. (*Id.*, at ¶¶ 4-6, 8-11, and 14).

2. While the lawyer Defendants clearly and demonstrably receive referrals from the Does (*Id.* at ¶¶ 12 and 28), the lawyer Defendants zealously protect the identity of the Does from entities such as Wyndham, necessitating the filing of the original Complaint against the marketing entities as simply "Does" in order to (in part) discover the Does' true identity. (*Id.* at ¶ 10).

3. Through the initial discovery process – and indeed the very first disclosure by the lawyer Defendants – Wyndham has now discovered the identity of the Does, and consequently hereby moves to amend the initial Complaint to specifically identify those

entities because they are inextricably intertwined with the allegations in the Complaint. *See Ex. A.*

4.      Wyndham's efforts to amend the initial Complaint should not come as a surprise to the lawyer Defendants or the Does (whom the lawyer Defendants have certainly notified given their business relationship), nor will the Defendants suffer any prejudice as a result thereby, because Wyndham's intent to ultimately file a Complaint specifically identifying the Does upon their discovery has been clear from the outset.

5.      Wyndham is within the deadlines set by the Court to Add Parties or to Amend Pleadings (Doc. 30, at 1), and good cause exists for Wyndham to amend the initial Complaint, in order to appropriately name all parties culpable and responsible for the allegations within the initial Complaint, as expounded upon in the incorporated memorandum of law below.

## MEMORANDUM OF LAW

The Federal Rules of Civil Procedure allow amendment once as a matter of course within 21 days of service (or within 21 days of service if a responsive pleading); otherwise, the opposing parties or the Court must provide consent or leave to amend, respectively. *See* Fed. R. Civ. P. 15(a). As noted in the Rule, "[t]he Court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). In this way, a district court's discretion to deny leave to amend is "severely restricted." *Woldeab*, 885 F. 3d at 1291 (11th Cir. 2018) (quoting *Thomas v. Town of Davie*, 847 F.2d 771, 773 (11th Cir. 1988)).

Wyndham is within the deadline set by the Court to amend or add parties. (Doc. 30, at 1). Further, good cause exists to amend the Complaint because the proposed new defendants

are proper parties in this action pursuant to Rule 20, Federal Rules of Civil Procedure, as the claims against them arise out of the same series of transactions and occurrences, and common questions of law or fact are common to all the Defendants. Fed. R. Civ. P. 20(a)(2). In fact, the proposed new defendants are not truly "new defendants" insofar as the original allegations in the Complaint directly addressed allegations specific to the Does. The proposed First Amended Complaint, with the benefit of the identity of the Does, alleges in detail the connections between the lawyer Defendants and the Does, the details of the scheme to defraud Wyndham's customers and tortiously interfere with the existing, valid timeshare contracts between Wyndham and its customers, and the improper advertising of the Does which directly leads to the referral of Wyndham's customers by the Does to the lawyer Defendants.

Good cause and principles of justice require an opportunity for Wyndham to amend its complaint and include in this single lawsuit all of the most influential participants in the fraudulent timeshare "cancellation" scheme that damages both Wyndham and Wyndham's customers. The relief requested does not prejudice any party and will streamline these proceedings by presenting a comprehensive pleading to which all present and proposed defendants will be able to respond.

**WHEREFORE**, Wyndham respectfully requests this Court enter an Order granting it leave to file its First Amended Complaint and deeming the Amended Complaint, attached hereto as Exhibit "A," filed as of the date of this Court's Order granting leave to amend, and for such other and further relief as this Court deems appropriate.

## CERTIFICATE OF GOOD-FAITH CONFERENCE- LOCAL RULE 3.01(g)

In compliance with Local Rule 3.01(g), counsel for Plaintiffs conferred with opposing counsel, both by phone and via email, regarding the relief requested herein in a good faith effort to resolve the issues raised by this Motion.  In furtherance of that conferral, and although not required to do so, Plaintiffs' counsel also provided opposing counsel with a copy of the proposed First Amended Complaint for their vetting.  (Indeed, opposing counsel has been aware of the substance of the proposed amendment from the inception of this suit.) In any event, as of the time of this filing, opposing counsel has represented that they continue to confer with their client and have not yet taken a position on this Motion. Plaintiffs will supplement this certification, as necessary, and, to the extent opposing counsel opts to take a position as to this Motion and for purposes of advising the Court as to any subsequent agreement reached or narrowing of the issues that may be achieved.

Dated: January 15, 2020.

*/s/ Alfred J. Bennington, Jr.*
**ALFRED J. BENNINGTON, JR., ESQ.**
Florida Bar No. 0404985
bbennington@shutts.com
**GLENNYS ORTEGA RUBIN, ESQ.**
Florida Bar No. 556361
grubin@shutts.com
**TODD F. KOBRIN, ESQ.**
Florida Bar No. 0946958
tkobrin@shutts.com
**SHUTTS & BOWEN LLP**
300 South Orange Avenue, Suite 1600
Orlando, Florida 32801
Telephone: (407) 835-6755
Facsimile:  (407) 849-7255
and

**DANIEL J. BARSKY, ESQ.**
Florida Bar No. 25713

dbarsky@shutts.com
**SHUTTS & BOWEN LLP**
200 South Biscayne Boulevard, Suite 4100
Miami, Florida 33131
Telephone: (561) 650-8518
Facsimile:  (561) 822-5527

*Attorneys for Plaintiffs*

ORLDOCS 17433010 2