**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA**
Orlando Division
Case No.: 6:19-cv-01908-WWB-EKJ

| | |
|---|---|
| WYNDHAM VACATION OWNERSHIP, INC. a Delaware corporation; WYNDHAM VACATION RESORTS, INC., a Delaware corporation, WYNDHAM RESORT DEVELOPMENT CORPORATION; a Oregon Corporation; SHELL VACATIONS, LLC, an Arizona limited liability company; SVC-AMERICANA, LLC, an Arizona limited liability company; and SVC-HAWAII, LLC, a Hawaii limited liability company, <br><br>          Plaintiffs, <br><br> v. <br><br> SLATTERY, SOBEL & DECAMP, LLP, a California limited liability partnership; DEL MAR LAW GROUP, LLP, a California limited liability partnership; CARLSBAD LAW GROUP, LLP, a California limited liability partnership; JL 'SEAN' SLATTERY, an individual and resident of the State of California; PANDORA MARKETING, LLC f/k/a Timeshare Compliance, LLC d/b/a Timeshare Compliance and d/b/a timeshareexitcompanies.com and d/b/a timesharecancellationreviews.com, a Wyoming limited liability company; PANDORA SERVICING, LLC, a Wyoming limited liability company; INTERMARKETING MEDIA, LLC d/b/a Resort Advisory Group, a Wyoming limited liability company; POWER HAUS MARKETING INC., a California corporation; KENNETH EDDY a/k/a Ken Eddy, an individual and resident of the State of Oregon; RICH FOLK, an individual and resident of the State of California; WILLIAM WILSON a/k/a James Wilson a/k/a Bo Wilson, an individual and resident of the State of California; and ANDRIS PUKKE a/k/a Marc Romeo a/k/a Andy Storm, an individual and resident of the State of California, <br><br>          Defendants. | **PLAINTIFFS' MOTION TO STRIKE THE SLATTERY DEFENDANTS' AFFIRMATIVE DEFENSES AND INCORPORATED <u>MEMORANDUM OF LAW</u>** |

Plaintiffs ("Wyndham"), pursuant to Federal Rule of Civil Procedure 12(f), move to strike the First, Second, Third, Fourth, Fifth, Seventh, Ninth, Tenth, Eleventh, Twelfth, and Thirteenth Affirmative Defenses ("Purported Defenses") asserted by Defendants, Slattery, Sobel & Decamp, LLP; Del Mar Law Group, LLP; Carlsbad Law Group, LLP; and JL "Sean" Slattery's (collectively, "Slattery Defendants"). In support of their Motion to Strike, Wyndham states:

## BACKGROUND

On January 21, 2020, Wyndham filed its Amended Complaint ("Complaint"), alleging that the Slattery Defendants engaged in contributory false advertising in violation of the Lanham Act (Count II), tortious interference with Wyndham timeshare owners' contracts (Count IV), violations of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") (Count V), and conspiracy to commit tortious interference (Count VI). (Doc. 36).

The Slattery Defendants answered the Complaint, asserting thirteen affirmative defenses. (Doc. 44). The Purported Defenses are insufficiently pled and should be stricken.

## LEGAL STANDARD

Pursuant to Fed. R. Civ. P. 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

"An affirmative defense is a defense that admits to the complaint, but avoids liability, wholly or partly, by new allegations of excuse, justification or other negating matters." *Perlman v. Wells Fargo Bank, N.A.*, No. 10-81612-CV, 2014 WL 4449602, at *2 (S.D. Fla. Sept. 10, 2014) (citation and internal quotation marks omitted). "A defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense. Neither is a defense

that denies an allegation in the plaintiff's complaint." *Id.* (citations and internal quotation marks omitted).

Affirmative defenses "are subject to the general pleading requirements of Rule 8(a) and will be stricken if they fail to recite more than bare-bones conclusory allegations." *Home Mgmt. Solutions, Inc. v. Prescient, Inc.*, No. 07-20608-CIV, 2007 WL 2412834, at *1–2 (S.D. Fla. Aug. 21, 2007). "An affirmative defense will only be stricken, however, if the defense is "insufficient as a matter of law." *Vance v. Westfalia Techs., Inc.*, No. 8:12-CV-1902-EAK-TGW, 2013 WL 3270414, at *2 (M.D. Fla. Jun. 26, 2013).  "An affirmative defense is insufficient as a matter of law only if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law." *Adams v. JP Morgan Chase Bank, N.A.*, No. 3:11-cv-337-J-37MCR, 2011 WL 2938467, *1 (M.D. Fla. Jul. 21, 2011).

## ARGUMENT

The Purported Defenses are not legally cognizable and therefore should be stricken.

The First Affirmative Defense is titled "Privilege to Act as Attorney and Agent of Client" and is a collection of multiple purported affirmative defenses combined into a single alleged defense. (Doc. 44, pg. 13). It is inappropriate to conflate multiple defenses into one, which is confusing—especially when the defenses are overly conclusory, as is the case here. *See United States ex rel. BAC Funding Consortium, Inc. v. Westchester Fire Ins. Co.*, No. 13-22536-CIV, 2014 WL 186125, at *4 (S.D. Fla. Jan. 16, 2014). The First Affirmative Defense claims: (1) the Wyndham Owners at issue were predisposed to terminate their contracts with Wyndham; (2) the timeshare contracts were unconscionable; and (3) that the Slattery Defendants "were not outsiders" to the timeshare contracts, and they had the privilege to

3

interfere as legal counsel whose interests were aligned with their clients. These are three separate and distinct purported affirmative defenses and are inappropriately raised together. Accordingly, they should be stricken.

Also, each of the components of the First Affirmative Defense fail individually. As to the claim that the contract is unconscionable, that is duplicative of the unclean hands defense, discussed hereinbelow. As to the claim that Wyndham Owners were predisposed to terminate their contracts, the Slattery Defendants have failed to allege any factual predicate that would satisfy Rule 8. Moreover, this purported defense is not an affirmative defense which admits Wyndham's allegations, yet seeks to avoid liability; rather it is merely a denial of Wyndham's allegations that Defendants have caused Wyndham actual damages by deceiving Wyndham Owners into breaching their contracts. As such, it is inappropriate as an affirmative defense. Where an affirmative defense merely denies an element of plaintiff's case, it should be regarded as a denial. *See Pub. Risk Mgmt. of Fla. v. Munich Reinsurance Am., Inc.*, No. 8:18-CV-1449-MSS-AEP, 2018 WL 8344647, at *3 (M.D. Fla. Nov. 2, 2018). "A defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense." *In re Rawson Food Serv., Inc.*, 846 F.2d 1343, 1349 (11th Cir. 1988); *see also Pub. Risk Mgmt. of Fla.*, 2018 WL 8344647, at *1 (same).

Likewise, the claim that the Slattery Defendants' interests were aligned with Wyndham Owners' and that they had the privilege to interfere is merely a denial of Wyndham's tortious interference claim.[1] Specifically, Wyndham's tortious interference cause of action states that the Defendants (including the Slattery Defendants) acted with bad motive

---

[1] As discussed below, it is also repetitive of the Ninth Affirmative Defense.

and improper purpose, and they did not have the privilege to interfere. (*See* Doc. 36, ¶ 205-06, 208, 213-217). Thus, this portion of the First Affirmative Defense is merely a denial and fails as an affirmative defense.

The Second Affirmative Defense vaguely alleges the Slattery Defendants' actions on behalf of Wyndham Owners, including sending correspondence to Wyndham, were taken in anticipation of litigation and "are afforded either absolute or qualified immunity pursuant to Florida's litigation privilege." (Doc. 44, pg. 13). The only privileged action even vaguely referenced in this purported defense is the Slattery Defendants' act of sending alleged demand letters to Wyndham; this does not support a claim for litigation privilege. The litigation privilege does not apply to pre-suit demand letters that are not a necessary condition precedent to filing suit, as is especially apparent given that the Slattery Defendants did not typically file suit on behalf of the Wyndham Owners they purported to represent. *See Trent v. Mortg. Elec. Registration Sys., Inc.*, 618 F. Supp. 2d 1356, 1361 (M.D. Fla. 2007) ("[T]his Court is unprepared to extend the litigation privilege to pre-suit communications especially where, as here, the parties agree that the law does not require that these notices be sent."), *aff'd*, 288 F. App'x 571 (11th Cir. 2008); *Orange Lake Country Club, Inc. v. Reed Hein & Assocs., LLC*, 367 F. Supp. 3d 1360, 1372 (M.D. Fla. 2019) (finding that the litigation privilege immunity did not apply in a similar case); *Westgate Resorts, Ltd. v. Sussman*, 387 F. Supp. 3d 1318, 1353 (M.D. Fla. 2019) (finding similar litigation privilege argument "quickly disposable"). Thus, the Slattery Defendants cannot claim the litigation privilege here. The bare-bones Second Affirmative Defense should be stricken.

The Third Affirmative Defense asserts that the Wyndham's allegations are barred by the First Amendment and *Noerr-Pennington* Doctrine. This defense pleads only vague, conclusory facts based on the idea that the Slattery Defendants assisted their clients in supposedly petitioning the government for redress. However, courts have rejected similar defenses in virtually identical cases, holding that baseless demand letters like the ones sent in this suit, particularly when they are not followed up on with actual lawsuits, are not protected activity. *See, e.g., Orange Lake Country Club, Inc.*, 367 F. Supp. 3d at 1371–72 (finding that litigation privilege and *Noerr-Pennington* defenses did not bar claim where lawyer's demand letters were shams and he did not intend to file suit); *Westgate Resorts, Ltd.*, 387 F. Supp. 3d at 1353 (rejecting litigation privilege and *Noerr-Pennington* defenses as "quickly disposable"). Here especially, when the Slattery Defendants fail to include any specific, supporting facts, this insufficient defense should be stricken. S*ee Wyndham Vacation Ownership, Inc. v. Reed Hein & Assocs., LLC*, No. 6:18-cv-2171-Orl-31DCI, at 5 (M.D. Fla. Dec. 17, 2019) (striking bare-bones First Amendment defense).  The Third Affirmative Defense should be stricken.

The Fourth Affirmative Defense alleges Wyndham's contracts with the Wyndham Owners at issue were "obtained through fraud, misrepresentations and inappropriate methods," rendering them void or voidable. (Doc. 44, pg. 14). This purported defense is devoid of any factual predicate or factual allegations to support it. "Because the affirmative defense includes allegations of fraud, it must be pled with particularity per Federal Rule of Civil Procedure 9(b)." *Colon v. Fource Hotel Properties, LLC*, 8:10-CV-2700-T-23MAP, 2011 WL 13302684, at *1 (M.D. Fla. Jan. 21, 2011). Rule 9(b) requires that allegations

regarding fraud or mistake state with particularity the circumstances constituting fraud or mistake. Fed. R. Civ. P. 9(b). The Slattery Defendants' bare-bones Fourth Affirmative Defense falls far short of this standard and should be stricken.

The Fifth Affirmative Defense asserts unclean hands. (Doc. 44, pg. 14). To establish unclean hands, the defendants must show that "[they were] personally injured by [the plaintiff's] conduct." *Calloway v. Partners Nat'l Health Plans*, 986 F.2d 446, 450–51 (11th Cir. 1993). That requirement is not met here. The Slattery Defendants have not pled, and cannot plead, that they were personally injured by Wyndham's conduct. Any assertion that the owners were harmed by Wyndham's alleged conduct cannot possibly establish that the Slattery Defendants have an unclean hands defense against Wyndham. *See Orange Lake Country Club, Inc. v. Reed Hein & Assocs., LLC*, No. 6:17-cv-1542-Orl-31DCI (M.D. Fla. Feb. 7, 2019) (Irick, M.J.) (Doc. 284, pp. 3–4) (holding that "whether Plaintiffs had unclean hands in dealing with their timeshare owners is not an issue as it pertains to Defendants' affirmative defense of unclean hands" and striking unclean hands defenses as "legally insufficient"). The legally insufficient Fifth Affirmative Defense should be stricken.

The Slattery Defendants' Seventh Affirmative Defense comprises a single sentence claiming multiple defenses of release, waiver, and estoppel. As discussed above, it is improper to combine multiple alleged defenses into a single alleged defense. Moreover, as to the estoppel defense, the Slattery Defendants' sparse allegations do not support any defense on behalf of the Slattery Defendants themselves. For instance, "[t]he elements of equitable estoppel are (1) a representation as to a material fact that is contrary to a later-asserted position, (2) reliance on that representation, and (3) a change in position detrimental to the

party claiming estoppel, caused by the representation and reliance thereon." *Starbuck v. R.J. Reynolds Tobacco Co.*, 349 F. Supp. 3d 1223, 1228 (M.D. Fla. 2018). Even if Wyndham had made some representation to Wyndham Owners contrary to Wyndham's current position—which it did not—the Slattery Defendants have not pled (and cannot logically plead) that Wyndham purportedly going back on its word with regard to those Wyndham Owners somehow damaged the Slattery Defendants themselves. Thus, the Seventh Affirmative Defense should be stricken.

The Ninth Affirmative Defense appears to be repetitive of the First Affirmative Defense, asserting the Slattery Defendants were privileged to interfere as legal counsel. The Ninth Affirmative Defense—again a one-sentence statement—apparently asserts that legal advice to breach a contract is privileged. (Doc. 44, pg. 16). As discussed herein, this purported defense is not only duplicative, but is further improper as it is merely a denial of Wyndham's claims that the Slattery Defendants did not possess this privilege and the Ninth Affirmative Defense should be stricken.

The Tenth Affirmative Defense fails to raise any legal defense but rather asserts an evidentiary issue that is premature and inappropriate for consideration at this time. That purported defense claims this civil action violates the Slattery Defendants' due process rights because they will be precluded from disclosing conversations with their clients needed to defend against Wyndham's claims. Whether privilege attaches to any conversations between the Slattery Defendants and their clients and whether any such communications are admissible will be determined as those issues arise. The Tenth Affirmative Defense

prematurely and improvidently raises evidentiary issues and is not a legally cognizable defense; accordingly, it should be stricken.

Finally, the Eleventh, Twelfth, and Thirteenth Affirmative Defenses allege that Plaintiffs SVC-Hawaii, LLC, SVC-Americana, LLC, and Shell Vacations, LLC are foreign limited liability companies that lack standing to bring this lawsuit because they do not have certificates of authority to transact business in Florida pursuant to Florida Statutes § 605.0904. (Doc. 44, pg. 17). These purported defenses all fail. First, the Slattery Defendants are challenging these entities' capacity to sue, which is not an affirmative defense. *Luxor Agentes Autonomos De Investimientos, LTDA. v. Oliveira*, No. 13-CV-20806, 2014 WL 11878426, at *3 (S.D. Fla. Nov. 3, 2014) ("While many courts have treated a challenge to capacity as an affirmative defense, the Eleventh Circuit regards a capacity challenge as a specific denial.") (internal citations omitted) (*citing Pugh v. Kobelco Const. Machinery Am., LLC*, 413 F.App'x 134, 136 (11th Cir. 2011)). Second, "Maintaining, defending, or settling any court proceeding is not considered to be transacting business." *Spa Creek Services, LLC v. S.W. Cole, Inc.*, 239 So. 3d 730, 736 (Fla. 5th DCA 2017). Accordingly, this defense must be dismissed as it is clearly invalid as a matter of law. *See Adams*, 2011 WL 2938467, *1.

## CONCLUSION

WHEREFORE, Wyndham respectfully requests that the Court enter an Order: (1) granting this motion; (2) striking the Purported Defenses from the Slattery Defendants' Answer and Affirmative Defenses (Doc. 44); and (3) granting such further relief that the Court deems just and proper.

## LOCAL RULE 3.01(g) CERTIFICATION

In compliance with Local Rule 3.01(g), on March 2, 2020, counsel for Plaintiffs had a good-faith conferral with counsel for the Slattery Defendants on the issues raised by this motion. Counsel advised that the Slattery Defendants object to the relief sought herein.

Respectfully submitted,

*/s/ Alfred J. Bennington, Jr.*
**ALFRED J. BENNINGTON, JR., ESQ.**
Florida Bar No. 0404985
bbennington@shutts.com
**GLENNYS ORTEGA RUBIN, ESQ.**
Florida Bar No. 556361
grubin@shutts.com
**TODD F. KOBRIN, ESQ.**
Florida Bar No. 0946958
tkobrin@shutts.com
**SHUTTS & BOWEN LLP**
300 South Orange Avenue, Suite 1600
Orlando, Florida 32801
Telephone: (407) 835-6755
Facsimile:  (407) 849-7255

and

**DANIEL J. BARSKY, ESQ.**
Florida Bar No. 25713
dbarsky@shutts.com
**SHUTTS & BOWEN LLP**
200 South Biscayne Boulevard, Suite 4100
Miami, Florida 33131
Telephone: (561) 650-8518
Facsimile:  (561) 822-5527

*Attorneys for Plaintiffs*

Dated: March 3, 2020.

ORLDOCS 17524097 3