UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**WYNDHAM VACATION OWNERSHIP, INC., WYNDHAM VACATION RESORTS, INC., WYNDHAM RESORT DEVELOPMENT CORPORATION, SHELL VACATIONS, LLC, SVC-AMERICANA, LLC and SVC-HAWAII, LLC,**

    **Plaintiffs,**

v.                 Case No:   6:19-cv-1908-Orl-78EJK

**SLATTERY, SOBEL & DECAMP, LLP, DEL MAR LAW GROUP, LLP, CARLSBAD LAW GROUP, LLP, JL "SEAN&QUOT SLATTERY, PANDORA MARKETING, LLC, PANDORA SERVICING, LLC, INTERMARKETING MEDIA, LLC, KENNETH EDDY, WILLIAM WILSON and RICH FOLK,**

    **Defendants.**
_____/

## ORDER

This cause comes before the Court on the following:

- Motion for Protective Order filed on September 14, 2020, by Defendants Pandora Marketing, LLC, Pandora Servicing, LLC, Rich Folk, William Wilson, and Kenneth Eddy (Doc. 151); and

- The Court's September 17, 2020, Order to Show Cause as to Plaintiffs (the "OTSC") (Doc. 186.).

I previously granted the Motion for Protective Order by endorsed order on September 16, 2020, and noted that a written order would follow. (Doc. 177.) Additionally, at the omnibus hearing on September 17, 2020, I ruled that sanctions would issue against Plaintiffs for violating Federal Rule of Civil Procedure 26(b)(5)(B) and the parties' confidentiality agreement. This Order sets forth my findings on the Motion for Protective Order and the basis for the sanctions imposed herein.

### I.      BACKGROUND

Plaintiffs instituted this action on October 4, 2019. (Doc. 1.) Four months later, on January 21, 2020, Plaintiffs filed their Amended Complaint, bringing the following causes of action: false advertising, in violation of the Lanham Act, 15 U.S.C. § 1125(a)(1); contributory false advertising, in violation of 15 U.S.C. § 1125(a)(1); tortious interference with contractual relations; violation of Florida's Deceptive and Unfair Trade Practices Act; and civil conspiracy to commit tortious interference. (Doc. 36.)

On September 5, 2020, Plaintiffs filed a motion for sanctions against Defendants Pandora Marketing, LLC, and Pandora Servicing, LLC ("Pandora"), Rich Folk and William Wilson (the "Individual Defendants"), and Intermarketing Media, LLC ("Intermarketing"). (Doc. 132.) Subsequently, on September 10, 2020, Plaintiffs filed a motion for expedited, *in camera* review to determine whether Pandora properly asserted the attorney-client privilege over certain documents that it had inadvertently produced and attempted to claw back. (Doc. 142.) I denied that motion and directed Pandora to file a motion for a protective order if it intended to assert the attorney-client privilege over the disputed documents. (Doc. 144.)

Pandora filed its Motion for Protective Order on September 14, 2020. (Doc. 151.) Plaintiffs timely responded in opposition on September 16, 2020. (Doc. 168.) I then directed Pandora to submit the disputed documents for *in camera* review. (Doc. 171.) Upon review of the disputed

documents, I found that Pandora properly asserted the attorney-client privilege over the documents. (Doc. 177.) Subsequently, on September 17, 2020, I entered an Order to Show Cause as to why Plaintiffs should not be sanctioned for violating Federal Rule of Civil Procedure 26(b)(5)(B) and the parties' confidentiality agreement, and allowed Plaintiffs until 12:00 p.m. to respond in writing prior to addressing the matter at the scheduled 1:00 p.m. hearing. (Doc. 186.) Plaintiffs timely filed a response to the Order to Show Cause. (Doc. 189.) That same day, at 1:00 p.m., I held an omnibus hearing to consider several motions that had been filed in this case, as well as the Order to Show Cause. (Doc. 190.)

## II.     THE COURT'S FINDINGS

### A. Legal Standard

When a civil action is premised on a federal question, a court must look to federal common law to answer questions on privilege. Fed. R. Evid. 501 advisory committee's notes to 1974 enactment ("In non[-]diversity jurisdiction civil cases, federal privilege law will generally apply.") *See also Jones v. RS&H, Inc.*, No. 8:17-cv-54-T-24JSS, 2018 WL 538742, at *1 (M.D. Fla. Jan. 24, 2018) (citing *Hancock v. Hobbs*, 967 F.2d 462, 467 (11th Cir. 1992)). The Eleventh Circuit previously explained the attorney-client privilege "protects the disclosures that a client makes to his attorney, in confidence, for the purpose of securing legal advice or assistance. *Cox v. Adm'r U.S. Steel & Carnegie*, 17 F.3d 1386, 1414 (11th Cir. 1994) (citing *In re Grand Jury (G.J. No. 87–03–A)*, 845 F.2d 896, 897 (11th Cir. 1988)), *opinion modified on reh'g on other grounds*, 30 F.3d 1347 (11th Cir. 1994). "To determine if a particular communication is confidential and protected by the attorney-client privilege, the privilege holder must prove that the communication was intended to remain confidential and, under the circumstances, was reasonably expected and understood to be confidential." *Bingham v. Baycare Health Sys.*, No. 8:14-cv-73-T-23JSS, 2016

WL 3917513, at *1 (M.D. Fla. July 20, 2016) (citing *Bogle v. McClure*, 332 F.3d 1347, 1358 (11th Cir. 2003)).

Regarding the inadvertent disclosure of privileged material during discovery, Federal Rule of Civil Procedure 26(b)(5)(B) provides:

> If information produced in discovery is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The producing party must preserve the information until the claim is resolved.

The Committee Notes on the 2006 Amendments to the Federal Rules of Civil Procedure extensively discuss the Committee's decision to include Rule 26(b)(5)(B). Therein, the Committee highlights what is plain from the Rule itself:

> *No receiving party may use or disclose the information pending resolution of the privilege claim.* The receiving party may present to the court the questions whether the information is privileged or protected as trial-preparation material, and whether the privilege or protection has been waived. If it does so, it must provide the court with the grounds for the privilege or protection *specified in the producing party's notice*, and serve all parties. In presenting the question, the party may use the content of the information *only to the extent* permitted by the applicable law of privilege, protection for trial-preparation material, and professional responsibility.

Fed. R. Civ. P. 26(b)(5)(b) advisory committee's note to 2006 amendment (emphasis added).

Rule 26(b)(5)(B) merely formalizes what had previously been the prevailing view on inadvertent disclosures:

> We are taught from first year law school that waiver imports the "intentional relinquishment or abandonment of a known right." Inadvertent production is the antithesis of that concept. . . .
>
> [Plaintiff's] lawyer . . . might well have been negligent in failing to cull the files of the letters before turning over the files. But if we are serious about the attorney-client privilege and its relation to the client's welfare, we should require more than such negligence by counsel before the client can be deemed to have given up the privilege.

*Mendenhall v. Barber-Greene Co.*, 531 F. Supp. 951, 955 (N.D. Ill. 1982); *see also Georgetown Manor, Inc. v. Ethan Allen, Inc.*, 753 F. Supp. 936, 938 (S.D. Fla. 1991) (quoting *Mendenhall*); *Alldread v. Gren.*, 988 F.2d 1425, 1434-35 (5th Cir. 1993) (discussing inadvertent disclosures and citing *Georgetown Manor*); *Gibson v. Health Mgmt. Assocs.*, No. 6:05-cv-1599-Orl-28KRS, 2007 U.S. Dist. LEXIS 115969, at *13 (M.D. Fla. Jan. 3, 2007) (citing *Mendenhall*).

The Federal Rules of Civil Procedure contemplate that parties in federal litigation will anticipate the inadvertent disclosure of privileged information during the course of litigation: "Rule 26(b)(5)(B) works in tandem with Rule 26(f), which is amended to direct the parties to discuss privilege issues in preparing their discovery plan, and which, with amended Rule 16(b), allows the parties to ask the court to include in an order any agreements the parties reach regarding issues of privilege or trial-preparation material protection." Fed. R. Civ. P. 26(b)(5)(b) advisory committee's note to 2006 amendment.

Toward that end, the Case Management Report that the parties had to complete in this case directed the parties to consider "[a]ssertions of privilege or of protection as trial-preparation materials, including whether the parties can facilitate discovery by agreeing on procedures and, if appropriate, an order under the Federal Rules of Evidence Rule 502. . . . The parties should attempt to agree on protocols that minimize the risk of waiver." (Doc. 19 at 4.) Both the Case Management Report and the Case Management and Scheduling Order encourage the parties to enter into

confidentiality agreements setting forth the procedures that the parties agree to follow during the discovery phase. (*Id.*; Doc. 30 at 4.) Importantly, as set forth in the Case Management and Scheduling Order, "[t]he Court will enforce stipulated and signed confidentiality agreements." (Doc. 30 at 4.)

In this case, the parties entered into a stipulated and signed confidentiality agreement. (Doc. 151-1.) Section 9 of that agreement provides:

> Pursuant to Rule 502(d) for the Federal Rules of Evidence, inadvertent disclosure and/or production of Subject Discovery Material claimed to be subject to either the attorney-client privilege or the work product doctrine does not waive the applicability of such privilege or doctrine relative to the inadvertently disclosed and/or produced Subject Discovery Material. If any such Subject Discovery Material is inadvertently disclosed to the Receiving Party by the Producing Party, the Producing Party may request that the Receiving Party transfer such Subject Discovery Material back to the Producing Party, and the Receiving Party must comply by returning such Subject Discovery Material, provided, however, that such request must be made within thirty (30) days of the Producing Party's first discovery of the inadvertent production. Within seven (7) calendar days of the Receiving Party's return of such inadvertently produced Subject Discovery Material, the Producing Party shall serve a privilege log listing the returned Subject Discovery Material that sufficiently identifies the document and the basis for the privilege asserted. The Receiving Party shall then have the right, but not the obligation, to seek relief from the Court challenging the Producing Party's claim of privilege or work product protection.

(*Id.* at 18–19.)

### B. Discussion

During discovery, Defendants inadvertently produced 33 purportedly privileged communications. (Doc. 151 at 1.) Defendants submitted the following documents for *in camera* review: PANDORA-270908, -271435, -271437, -271540, -286350, -286375, -286385, -286423-286424, -283756-283757, -283760, -283763-283764, -283766, -286359, -286400-286406, -

286409, -286426. However, only five of the documents remain at issue: PANDORA-286423–24, -283766, -283756–57, -283763, and -283760. (Doc. 142 at 9–10.) Upon *in camera* review, I find that each of these documents is protected by the attorney-client privilege. Each document contains communications between attorneys and their clients regarding litigation strategy, as accurately set forth on Pandora's privilege log.

On August 28, September 10, and September 11, 2020, Defendants notified Plaintiffs of the inadvertently produced documents, requested the return of the documents, and promptly served privilege logs after notification. (*Id.* at 1–2.) Rather than returning the documents and litigating the privilege dispute based on information provided in the privilege log and through other, non-privileged sources,[1] Plaintiffs decided to affirmatively utilize the documents to further the ends of their litigation strategy: First, Plaintiffs filed a motion for sanctions against Defendants. (Doc. 132.) A portion of that motion was devoted to communications revealed by the inadvertent disclosure. (*See, e.g.*, *id.* at 8.) When specifically questioned at the hearing about alternative sources for that portion of the motion, Plaintiffs could not identify one. Second, Plaintiffs filed a motion seeking *in camera* review of the inadvertently disclosed documents. (Doc. 142.) But in the motion, Plaintiffs went beyond descriptions of the documents that were based on either information contained within Defendants' privilege log or other, non-privileged sources. Instead, the discussion of each of the disputed documents contained substantive information that could have been gleaned only from the communications themselves. (*Id.* at 6–7.)

---

[1] The parties do not dispute that Wyndham never returned the documents, though at the hearing, Plaintiffs maintained that they sequestered the documents.

### III. CONCLUSION

Based on the foregoing, the Court concludes that Plaintiffs violated the attorney-client privilege, Rule 26(b)(5)(B), and the parties' confidentiality agreement. Because the Court enforces stipulated confidentiality agreements between the parties in the same manner as a court order, the Court looks to Federal Rule of Civil Procedure 37(b)(2) for appropriate sanctions.[2] Upon consideration of the sanctions set forth therein, the Court determines that Plaintiffs' motion for sanctions (Doc. 132) and motion seeking *in camera* review of the inadvertently disclosed documents (Doc. 142) will be stricken. Each of these documents contains information protected by the attorney-client privilege. Moreover, Plaintiffs will be ordered to pay the reasonable expenses, including attorney's fees, that Defendants incurred in responding to the motion for sanctions.

Accordingly, it is **ORDERED** as follows:

1. The Pandora Defendants' Motion for Protective Order is **GRANTED**. The Court determines that PANDORA-286423–24, -283766, -283756–57, -283763, and -283760 are protected by the attorney-client privilege and are not subject to discovery.

2. Plaintiffs are **ORDERED** to locate and destroy all copies of PANDORA-286423–24, -283766, -283756–57, -283763, and -283760 in their possession, and certify the same to Defendants on or by October 7, 2020.

---

[2] The sanctions available to the Court for this misconduct are not limited to those set forth in Rule 37. *See Local Access, LLC v. Peerless Network, Inc.*, No. 6:17-cv-236-Orl-40TBS, 2019 U.S. Dist. LEXIS 180350 (M.D. Fla. June 21, 2019), *report and recommendation adopted,* slip op. (M.D. Fla. June 29, 2020).

3. Plaintiffs' motion for sanctions (Doc. 132) and motion seeking *in camera* review of the inadvertently disclosed documents (Doc. 142) are **STRICKEN**. The Clerk is **DIRECTED** to remove the entries from the public docket and **FILE** them as <u>sealed</u> exhibits to this Order. Plaintiffs are granted leave to refile their motion for sanctions <u>to the extent that it is not based on information gleaned from privileged documents</u>. In particular, the Court will not consider sanctions based on the information contained in Sections IV(B)–(C) of the original motion (Doc. 142 at 8–11). Moreover, prior to the resolution of the pending motions to dismiss, any motion for sanctions should not pertain to issues raised in Plaintiffs' responses to the motions to dismiss.

4. Plaintiffs are **ORDERED** to pay the reasonable expenses, including attorney's fees, that Defendants incurred in responding to the motion for sanctions. The parties are directed to meet and confer on this issue. If they are not able to agree on the amount of reasonable expenses, Defendants must file a motion seeking such expenses **on or before November 2, 2020**.

**DONE** and **ORDERED** in Orlando, Florida on October 2, 2020.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE