IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| WYNDHAM VACATION OWNERSHIP, INC. et. Al.,<br><br>*Plaintiffs,*<br><br>v.<br><br>SLATTERY, SOBEL & DECAMP, LLC, et al.<br><br>*Defendants.* | Civil Action No.: 6:19-cv-1908-WWB-EJK |

**EMERGENCY MOTION FOR PROTECTIVE ORDER BY NON-PARTY MIRANDA McCROSKEY, ESQ. CONCERNING SUBPOENA FOR JULY 1, 2021 DEPOSITION**

Non-party Miranda McCroskey, Esq., by and through the undersigned counsel, pursuant to Rule 26 of the Federal Rules of Civil Procedure and Section I.A.3 of the Middle District Discovery Handbook, hereby files this emergency motion for protective order concerning a unilateral subpoena served on Ms. McCroskey for a deposition to take place on July 1, 2021 at 5:00 pm EDT (2:00 pm PDT). See Exhibit 1, Subpoena. Ms. McCroskey is unavailable to attend the unilaterally noticed deposition due to a family medical emergency. Additionally, the Undersigned has a conflict with a hearing in the Southern District of Florida scheduled by the Court to take place on July 1, 2021 at 4:00 pm.

### A. Miranda McCroskey Is Unable to Attend The Deposition Due To A Family Medical Emergency

Ms. McCroskey's elderly father, who suffers from dementia, suffered two falls over the past week, which resulted in loss of consciousness and required inpatient hospital care. See Exhibit 2, McCroskey Declaration. Ms. McCroskey's father was discharged to a rehabilitation

facility on Friday, June 25, 2021, where he was expected to remain for the foreseeable future while he recovered from the injuries sustained in his falls, as well as from an underlying urinary tract infection which has aggravated the severity of his dementia.  **However, on June 28, 2021, Ms. McCroskey's father was unexpectedly discharged into Ms. McCroskey's care.**

**At the present time, Ms. McCroskey is her father's primary caregiver.**  Ms. McCroskey's mother is elderly, frail and unable to perform the tasks necessary to care for Ms. McCroskey's father. Ms. McCroskey does not have any siblings or other family to assist.  In order to manage her father's active infection, Ms. McCroskey must provide frequent catheter changes and administer medication.  Ms. McCroskey must be present to supervise her father until his dementia returns to its normal severity.  Ms. McCroskey is also responsible for coordinating her father's office visits with numerous medical specialists for the immediate future.

Additionally, Ms. McCroskey has been advised by her father's physicians that his falls may have been caused by the underlying urinary tract infection, which was diagnosed on June 4, 2021, and that it is imperative to ensure that her father receives proper care in order for the infection to resolve.  Ms. McCroskey has been advised that it may take several weeks for the infection to clear.

Ms. McCroskey is attempting to arrange in-home nursing care for her father, but has not yet been able to secure such care. She has been required to take substantial time away from her law practice as a result of her father's medical emergency, and does not have an option other than to remain his primary caregiver until adequate nursing care can be arranged.  Not only would a deposition be an extreme mental and emotional hardship for Ms. McCroskey in the midst of an evolving family emergency, but Ms. McCroskey is not able to leave her father

unattended for the duration of a deposition.[1]  Consequently, Ms. McCroskey is unavailable for the deposition unilaterally scheduled for July 1, 2021.

### B. The Undersigned Has A Conflicting Pre-Scheduled Hearing in the Southern District of Florida

The Undersigned is lead counsel for a defendant in the matter of *In re Zantac*, case number 9:20-md-02924, pending before the Honorable Robin Rosenberg in the Southern District of Florida.  The undersigned is scheduled to attend a discovery hearing set by the Court to take place on July 1, 2021 at 4:00 pm.  Based on prior discovery hearings in this matter, the Undersigned expects that the hearing will last until approximately 6:00 pm on July 1, 2021.

### C. Plaintiffs Will Not Be Prejudiced By A 30 Day Extension For The Deposition, But Have Nevertheless Refused To Reschedule The Deposition

Plaintiffs have been aware of Ms. McCroskey's existence as a witness for the majority, if not the entirety, of this litigation.  Plaintiffs elected to wait until the very last possible opportunity to depose Ms. McCroskey by unilaterally scheduling her deposition for 5:00 pm on the day of the discovery deadline.  Plaintiffs' counsel never attempted to coordinate the deposition with Ms. McCroskey or the undersigned (nor did Plaintiffs coordinate the deposition with any of the defendants in this action).

Plaintiffs have refused to reschedule Ms. McCroskey's deposition, despite knowledge of Ms. McCroskey's family emergency and counsel's conflict.  Although Plaintiffs have cited the discovery deadline as the basis for their inability to reschedule Ms. McCroskey's deposition, they also oppose requesting relief from this Court to permit Ms. McCroskey's deposition to be rescheduled to a mutually convenient date at least thirty days out.

---

[1] Plaintiffs' counsel has advised that they expect to depose Ms. McCroskey for four hours.  Ms. McCroskey is unable to participate in a deposition for this length of time; however, she respectfully submits that it would be unreasonable to require her to sit for any length of deposition in the midst of a family emergency.

Ms. McCroskey is an attorney who, through her law firm, has represented timeshare owners, some of which had also hired Pandora. The Undersigned has been advised by Plaintiff's counsel that the purpose of Ms. McCroskey's deposition is to inquire into Ms. McCroskey's knowledge of the business practices of attorney Sean Slattery and his law firms, as well as of Pandora. Plaintiffs are aware that Ms. McCroskey has never had a business relationship with Mr. Slattery or his law firms, and that Ms. McCroskey's knowledge of Pandora's operations is likely to be substantially the same as the information previously provided through the deposition of Pandora's current and former employees, and of Mr. Slattery. Thus, although it does not appear that Ms. McCroskey's testimony will be particularly useful to any of the parties, certainly there is no basis to believe that Plaintiffs will be prejudiced by a brief delay of thirty days in taking Ms. McCroskey's deposition.

## **MEMORANDUM OF LAW**

The Middle District Handbook on Civil Discovery Practice provides that attorneys "shall reasonably attempt to accommodate the schedules of opposing counsel, parties, and witnesses in scheduling discovery." Middle District Discovery (2021) at Section I.A.3. Plaintiffs have not complied with this directive because they did not make any effort to coordinate the deposition with Ms. McCroskey or with any counsel, and have refused to reschedule Ms. McCroskey's deposition despite her extenuating circumstances or the undersigned's conflict.

Rule 26(c) of the Federal Rules of Civil Procedure permits any person from whom discovery is sought to move for a protective order. Ms. McCroskey submits, based upon the above-described family emergency which occurred yesterday, as well as the unavailability of her undersigned counsel, that good cause exists for the Court to issue an order directing her deposition to be continued for thirty days. This extension is necessary in order to avoid the

significant hardship that would be imposed upon Ms. McCroskey (and her father) by requiring the deposition to go forward before Ms. McCroskey can arrange adequate in-home nursing care for her father. Additionally, the duration of the extension is reasonable because the undersigned is scheduled to be in trial in the matter of *Westgate et al. v. Reed Hein and Associates et al.,* case number 6:18-cv-01088-GAP-DCI, pending before the Honorable Gregory Presnell in the Middle District of Florida between July 13 – 26, 2021.

## CONCLUSION

Ms. McCroskey respectfully requests that the Court grant this motion for protective order, and permit Ms. McCroskey's deposition to be rescheduled for a date and time mutually convenient for all parties and Ms. McCroskey, at least thirty days after the currently scheduled deposition date of July 1, 2021.

## Local Rule 3.01(g) Good Faith Certification

Amy L. Baker certifies that she conferred by email and over the phone with Plaintiffs' counsel Michael Quinn on June 24, 2021 to request that Ms. McCroskey's deposition be rescheduled due to a conflict with the undersigned's Court-scheduled hearing on July 1, 2021. Mr. Quinn advised at that time that Plaintiffs would not agree to reschedule the deposition. Upon learning of Ms. McCroskey's family emergency on June 28, 2021, the undersigned immediately attempted to contact Mr. Quinn by phone and email on June 28, 2021 regarding Ms. McCroskey's family emergency which rendered her unavailable for a July 1, 2021 deposition, and requesting to reschedule the deposition thirty days out. Mr. Quinn responded by email on

June 29, 2021 to advise that Plaintiffs do not consent to the relief sought in this motion, despite Ms. McCroskey's family emergency.

Respectfully submitted this 29th day of June, 2020.

/s/ Amy L. Baker
John Y. Benford, Esquire
Florida Bar No. 51950
E-mail: john.benford@wilsonelser.com
E-mail: alyssa.heitman@wilsonelser.com
Amy L. Baker, Esquire
Florida Bar No. 86912
E-mail: amy.baker@wilsonelser.com
E-mail: cristina.popan@wilsonelser.com
Wilson Elser Moskowitz Edelman & Dicker
111 North Orange Avenue, Suite 1200
Orlando, Florida 32801
Telephone: (407) 203-7599
Facsimile: (407) 648-1376
Attorneys for Non-Party Miranda McCroskey

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 29, 2021, the foregoing document was filed with the Clerk of Court using the CM/ECF system and that all counsel of record received an electronic copy.

/s/ Amy L. Baker

Amy L. Baker, Esquire