UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WYNDHAM VACATION
OWNERSHIP, INC., WYNDHAM
VACATION RESORTS, INC.,
WYNDHAM RESORT
DEVELOPMENT
CORPORATION, SHELL
VACATIONS, LLC, SVC-
AMERICANA, LLC, and SVC-
HAWAII, LLC,

           Plaintiffs,

v.                                                                            Case No: 6:19-cv-1908-WWB-EJK

SLATTERY, SOBEL & DECAMP,
LLP, DEL MAR LAW GROUP,
LLP, CARLSBAD LAW GROUP,
LLP, JL "SEAN" SLATTERY,
PANDORA MARKETING, LLC,
PANDORA SERVICING, LLC,
INTERMARKETING MEDIA,
LLC, KENNETH EDDY,
WILLIAM WILSON, and RICH
FOLK,

           Defendants.

REPORT AND RECOMMENDATIONS

Before the Court is the Amended Motion for Sanctions Against the Pandora Defendants, Rich Folk, William Wilson, and Intermarketing Media, LLC, filed by Plaintiffs on July 22, 2021 (the "Motion"). (Doc. 500.) Pandora Marketing, LLC; Pandora Servicing, LLC; Rich Folk; and William Wilson (collectively, the "Pandora Defendants") responded in opposition (Doc. 517), as did Intermarketing Media, LLC

("Intermarketing") (Doc. 516) (the Pandora Defendants and Intermarketing will be referred to collectively as the "Marketing Defendants"). The Court held a two-day evidentiary hearing on the Motion on August 11–12, 2021. (Docs. 526, 528.) At the hearing, the Court ordered supplemental briefing, which Plaintiffs filed on August 26, 2021 (Doc. 547), and Defendants responded on September 2, 2021 (Doc. 549, 550, 551.) Thus, this issue is ripe for review. Upon consideration, the undersigned recommends that the Motion be granted in part and denied in part: an order of default should be entered against the Marketing Defendants, and they should be ordered to pay Plaintiffs' reasonable expenses in bringing the motions to compel and the present Motion.

I.  BACKGROUND

Plaintiffs instituted this action on October 4, 2019. (Doc. 1.) Four months later, on January 21, 2020, Plaintiffs filed their Amended Complaint, bringing the following causes of action: false advertising, in violation of the Lanham Act, 15 U.S.C. § 1125(a)(1); contributory false advertising, in violation of 15 U.S.C. § 1125(a)(1); tortious interference with contractual relations; violation of Florida's Deceptive and Unfair Trade Practices Act; and civil conspiracy to commit tortious interference. (Doc. 36.)

As evidenced by the fact that the Motion is entry 500 on the docket, "[t]he history of this case is tortured, protracted, and contrary to how the Court expects litigation to be handled." *First Coast Energy, L.L.P. v. Mid-Continent Cas. Co.*, No. 3:12-

cv-281-J-32MCR, 2015 WL 5159140, at *6 (M.D. Fla. Sept. 2, 2015). Pertinent to the present matter are the following Orders:

1. Order on Motions to Compel as to Defendants William Wilson (Doc. 82), Kenneth Eddy (Doc. 83), Rick Folk (Doc. 85), Pandora Marketing, LLC (Doc. 86), Pandora Servicing, LLC (Doc. 87), and Intermarketing Media, LLC (Doc. 88). (Doc. 108 (July 6, 2020).)

2. Order on Plaintiffs' Second Motion to Compel as to Defendant Intermarketing Media, LLC, filed August 17, 2020 (Doc. 118); Defendant Intermarketing Media, LLC's Motion to Compel as to Plaintiffs, filed August 21, 2020 (Doc. 123); Plaintiffs' Motion to Compel Compliance with the Court's July 2, 2020 Order as to Defendants Pandora Marketing, LLC and Pandora Servicing LLC, filed August 27, 2020 (Doc. 127); Plaintiffs' Motion to Compel Removal of Confidentiality Designation, filed September 11, 2020 (Doc. 145); and Plaintiffs' Motion to Compel Non-Party Yuge Internet Marketing, LLC, filed September 11, 2020 (Doc. 148). (Doc. 198 (September 22, 2020).)

3. Order on Motion for Extension of Time (Doc. 286) filed by Pandora Marketing, LLC. (Doc. 287 (January 25, 2021).)

4. Order on Motion for Extension of Time (Doc. 295) filed by Pandora Marketing, LLC. (Doc. 296 (February 5, 2021).)

5. Order on Motion for Extension of Time (Doc. 297), filed by Pandora Marketing, LLC. (Doc. 301 (February 12, 2021).)

6. Order on Motion to Compel filed by Plaintiffs. (Doc. 321 (March 9, 2021).)

7. Order to Show Cause Against Pandora Marketing, LLC. (Doc. 322 (March 9, 2021).)

8. Order (1) denying Defendant Pandora Marketing, LLC's Motion for Reconsideration; (2) granting in part and denying in part Plaintiff's Motion to Compel; (3) granting Plaintiff's Motion for Extension of Time to File Motion for Attorneys' Fees. (Doc. 382 (April 14, 2021).)

9. Order on Plaintiff's Motion to Compel Discovery from Defendant Intermarketing Media, LLC (Doc. 358); Defendant Intermarketing Media, LLC's Motion for Protective Order (Doc. 360). (Doc. 383 (April 15, 2021).)

10. Order on Pandora Marketing, LLC's Motion to Compel the Plaintiff, Wyndham Vacation Ownership, to Serve Materials Responsive to Pandora Marketing, LLC's First Request for Production ("Pandora's Motion to Compel") (Doc. 432); Plaintiffs' Short Motion to Compel Sufficient Responses and Production of Documents Regarding First Requests for Production to Pandora Marketing, LLC and Individual Defendants Rich Folk and William Wilson ("Plaintiffs' Motion to Compel") (Doc. 433); and Plaintiffs' Short Form Motion to Compel Sufficient Responses and Production of Documents from Defendant Pandora Marketing, LLC and for Sanctions ("Plaintiffs' Motion for Sanctions") (Doc. 435). (Doc. 451 (June 9, 2021).)

## II.   STANDARD

Plaintiffs seek sanctions pursuant to Federal Rules of Civil Procedure 26(g), 37(b), and 37(e), and the Court's inherent power. (Doc. 500 at 25–31.)

Federal Rule of Civil Procedure 26(g) states: "If a certification violates this rule without substantial justification, the court, on motion or on its own, must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both. The sanction may include an order to pay the reasonable expenses, including attorney's fees, caused by the violation."

Federal Rule of Civil Procedure 37(b)(2)(A) and (C) provide:

> (A) *For Not Obeying a Discovery Order.* If a party or a party's officer, director, or managing agent—or a witness designated under Rule 30(b)(6) or 31(a)(4)—fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
>     (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

>    (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>    (iii) striking pleadings in whole or in part;
>    (iv) staying further proceedings until the order is obeyed;
>    (v) dismissing the action or proceeding in whole or in part;
>    (vi) rendering a default judgment against the disobedient party; or
>    (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.
>
> . . . .
>
> (C) *Payment of Expenses.* Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Federal Rule of Civil Procedure 37(e) states:

> Failure to Preserve Electronically Stored Information. If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court:
>
> (1) upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or
>
> (2) only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may:
>
>    (A) presume that the lost information was unfavorable to the party;

>> (B) instruct the jury that it may or must presume the information was unfavorable to the party; or
>
> (C) dismiss the action or enter a default judgment.

The dismissal of a case with prejudice is considered a sanction of last resort, applicable only in extreme circumstances. *See Phipps v. Blakeney*, 8 F.3d 788, 790 (11th Cir. 1993); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983) (per curiam). Thus, a party's negligence, misunderstanding, or inability to comply will not justify dismissal. *See Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006); *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1543 (11th Cir. 1993). Dismissal may be warranted under Rule 37 when a party's failure to comply was willful, intentional, or "in flagrant bad faith." *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 641 (1976) (quotations omitted). Moreover, under Rule 37, a district court need not state that it considered lesser sanctions prior to imposing dismissal, although this is "good practice." *Phipps*, 8 F.3d at 791. The Court may dismiss a case under Rule 41(b) when the party engages in a clear pattern of delay or willful contempt, and specifically finds that lesser sanctions would not suffice. *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985).

Additionally, the Court may "strik[e] pleadings in whole or in part" or "dismiss[] the action or proceeding in whole or in part[.]" Fed. R. Civ. P. 37(b)(2)(A)(iii), (v). However, the decision to strike a claim or answer "ought to be a last resort–ordered only if noncompliance with discovery orders is due to willful or bad faith disregard for those orders." *United States v. Certain Real Prop. Located at Route 1,*

*Bryant, Ala.*, 126 F.3d 1314, 1317 (11th Cir. 1997) (internal quotation marks omitted) (holding that district court abused its discretion when it granted plaintiff's motion to strike claimants' claims because no discovery order compelling claimants to produce the requested discovery was issued by the court). *Cf. Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) (holding that the district court did not abuse its discretion when it granted plaintiff's motion to strike defendant's answer because defendant failed multiple times to make discovery appearances and disregarded the court's order to compel discovery).

### III.  DISCUSSION

There is no dispute that the Marketing Defendants have repeatedly failed to comply with the Court's numerous Orders to produce documents by certain dates, and ultimately, to complete their entire production by the extended discovery deadline. (Doc. 550 at 11 (admitting that "Pandora failed to comply fully on or before June 30, 2021 [] with this Court's June 9, 2021 Order").) The only question for the Court to consider is what should be done about their noncompliance. In that regard, the timeline set forth above warrants several observations.

First, the Marketing Defendants have been provided with every possible opportunity to meet their discovery obligations and to comply with the Court's Orders. The Court entered its first Order (Doc. 108) on a motion to compel responsive documents from the Pandora Defendants in July 2020—over one year ago—and six orders were entered prior to the Order to Show Cause against the Pandora Defendants.

(Doc. 322.) Yet documents subject to the initial order—which were based on requests dated April 14, 2020—are still being produced. (*See* Doc. 595.)

Second, the Marketing Defendants have repeatedly misled the parties and the Court regarding the status of their document production, particularly with regard to call recordings and sales scripts, which they initially claimed either did not exist or had been deleted, but later acknowledged actually had been retained and not produced. (*See* Doc. 500 at 6–10.) Moreover, they repeatedly blamed production delays on the inability to access documents on various discovery platforms or from third party vendors when the reality was that they never conducted a proper document retention and collection process in the first place, even after multiple court orders to produce responsive documents. (*See* Docs. 295, 297; 500 at 16–19; Hr'g Tr., Vol. II, 31:7-32:25; 34:3-14.) In the meantime, certain documents that should have been retained were deleted, either by the defendants themselves, or by vendors that they failed to properly instruct. (*See, e.g.*, Docs. 122-1 at 21; 500 at 15–19; 500-4 at 18 (Tan Depo. Tr. 128:18–23).) This includes the destruction of calls by the "specialists" that the Marketing Defendants employed. (Docs. 517 at 8; 547 at 12; Hr'g Tr., Vol. I, 124:19–125:15.)

After months of delay and contradictory responses regarding the status of the Marketing Defendants' production, the Court granted Plaintiffs' request to take the deposition of a corporate representative regarding the Marketing Defendants' recordkeeping and production efforts. (Docs. 381, 382.) The deposition of that corporate representative, Catherine Tan, revealed that the Marketing Defendants' document collection efforts had been woefully deficient. (*See, e.g.*, Docs. 500 at 15–19;

500-3 at 108 (Tan Depo. Tr. 108:3–11) (noting that no additional search for documents was conducted between June of 2020 and "a few weeks" before the deposition).) Moreover, though Ms. Tan contended that the Marketing Defendants' internal emails were collected (Hr'g Ex. 47, Tan Dep., 93:3-21), that contention was contradicted by deposition testimony from the employee who would have been tasked with collecting them, Mr. Darrell Hall. (*Id.*, Hall Dep. 76:15-78:23; 80:19-82:15.) The undersigned credits the testimony of Mr. Hall over Ms. Tan.

Eventually, on March 9, 2021, the Court ordered Pandora Marketing, LLC, to produce documents responsive to Plaintiffs' Second Requests for Production "**IMMEDIATELY**," and noted that "Defendant's document production is long overdue. The Court already provided two extensions of time and warned that no additional extensions would be granted. (Docs. 287, 301.) Yet, Defendant has failed to comply with this Court's Orders and Federal Rule of Civil Procedure 34(b)(2)(A)." (Doc. 322.) In the same Order, the Court ordered Pandora Marketing, LLC, to show cause as to why it should not be sanctioned for its discovery practices. (*Id.*) In response, on March 12, 2021, the Pandora Defendants notified the Court that they had "conclude[d] the rolling responses to Plaintiffs' Second Request for Production." (Doc. 325 at 3.)

The Court scheduled a hearing for June 8, 2021, to address several motions to compel and sanctions against Pandora Marketing, LLC. (Doc. 449). The *day before the hearing*, as noted by Plaintiffs:

> [L]ess than thirty days prior to the close of discovery—Pandora produced call scripts used by its sales representatives in 2019. Again, these are call scripts that were (1) requested on April 14, 2020, (2) compelled to be produced by August 3, 2020 and then again by September, 30, 2020, (3) denied to exist by Wilson on August 27, 2020, and again by Tan on April 30, 2020.

(Doc. 500 at 20–21.) Ultimately, the Court required Pandora Marketing, LLC, to certify on June 30, 2021—the close of discovery—whether its production was complete, and the Court warned the Marketing Defendants at the hearing and in its Order of June 9, 2021, that "**[f]ailure to comply with the discovery deadline may result in significant sanctions**." (Doc. 451 at 2 (emphasis in original).) They failed to comply. Instead, the Marketing Defendants provided the following, evasive statement in its certification:

> While these proceedings remain pending, Pandora will make no representations to this Court of its knowledge of all documents responsive to any outstanding discovery request and, of course, the production of those materials, due to the hundreds of individuals involved during the past 6 years and in excess of 1.5 million items identified to date as possibly responsive, subject to further review and comparison with no less than 189 separate requests, excluding any discrete subparagraphs thereof.

(Doc. 484 ¶ 7.)

Given the protracted timeline that brings these ongoing discovery violations to the eve of trial in this case, the multiple warnings from the Court, and the repeated misrepresentations to the Court and to counsel, the undersigned can only conclude that the Marketing Defendants' actions were willful, intentional, or in flagrant bad faith. *See Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1306 (11th

Cir. 2009) ("A party demonstrates bad faith by, *inter alia*, delaying or disrupting the litigation or hampering enforcement of a court order.").

To the credit of the Pandora Defendants' current attorneys, a proper document collection and review appears to be underway. But that process did not begin in earnest until earlier this year, as the discovery deadline loomed. As exhibited by the fact that the production remains ongoing, this undertaking occurred woefully late in the timeline of this action. (*See* Hr'g Tr., Vol. II, 11:5-12:6, 24:24-25:11, 38:21-39:11 (noting that the vendor had collected 1.9 million documents, including scripts and recordings, and that completion of the production would take months).)

The bottom line is this: the Marketing Defendants have completely frustrated "the orderly and expeditious disposition" of this case. *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962) (noting that courts are "necessarily vested" with "control . . . to manage their own affairs so as to achieve the orderly and expeditious disposition of cases"). The undersigned can see no way for Plaintiffs to effectively prosecute their case without a months-long extension of the discovery deadline. Such an extension would have a cascading effect on the remainder of the case, would ultimately push trial back by several months, and would force the parties to incur untold additional expenses to reengage in discovery. Items unearthed during the extended discovery period could necessitate additional deposition testimony and expert witness discovery. Summary judgment briefing, which largely has been concluded, would have to be tossed aside and drafted again. All because the Marketing Defendants, after multiple warnings and extensions, failed to conduct a proper document collection, search, and

production until the very last minute. Under these circumstances, and as discussed below, the undersigned finds that no sanction short of default would be appropriate.

### A. Lesser Sanctions

#### 1. Staying Further Proceedings

"Rule 37(b)(2)(A)(iv) permits this Court to stay this case until Plaintiff complies with an order of the Court." *Rodriguez v. Am. K-9 Detection Servs., LLC*, No. 6:15-cv-23-Orl-37KRS, 2016 U.S. Dist. LEXIS 50937, at *6 (M.D. Fla. Mar. 9, 2016) (recommending that a case be stayed for 30 days to allow Plaintiff to pay Defendant's reasonable expenses, "failing which the case would be dismissed"), adopted at 2016 U.S. Dist. LEXIS 50941 (Apr. 15, 2016). In this case, however, discovery has closed, dispositive motions have been filed, and trial is currently scheduled for January 2022. The Marketing Defendants could not give a definitive timeline for producing the remaining documents, but estimated that it would likely take months. (*See* Hr'g Tr., Vol. II, 11:5-12:6, 24:24-25:11, 38:21-39:11.)

Moreover, the problem does not end with production of the remaining documents. Plaintiffs would need an opportunity to review the documents, then potentially to send additional discovery requests and take additional depositions. A stay to allow a full production of outstanding documents would result in a delay of several months, to the detriment of all of the other parties in this case. *Navarro v. BP Expl. & Prod., Inc.*, No. CV 18-0534-JB-MU-C, 2019 WL 5445753, at *3 n.2 (S.D. Ala. Sept. 23, 2019), *report and recommendation adopted*, No. CV 18-0534-JB-MU-C, 2019 WL 5431318 (S.D. Ala. Oct. 23, 2019) (finding that staying further proceedings would

only "reward Plaintiff's defiance of his obligations while at the same time prejudicing the Defendants' ability to timely litigate this matter"). Therefore, the undersigned recommends that the Court find that a stay would not be practical or appropriate at this juncture.

      2.    **Monetary Sanctions**

For reasons similar to why a stay would be inappropriate in this case, the undersigned also finds that monetary sanctions would be ineffective in curing the Marketing Defendants' discovery violations. The Court has previously ordered these defendants to pay monetary sanctions to Plaintiffs, yet those monetary sanctions had little effect on their deficient discovery practices. At this point in the case, Plaintiffs' prejudice results from the absence of information that may be used to prosecute their case. (*See* Doc. 500 at 23–24, 32–33.) Such prejudice would be difficult to monetize, and forcing Plaintiffs to continue their case against the Marketing Defendants, even with monetary sanctions, would not cure the prejudice. *See Heald v. Hill-Rom Co.*, No. CV 105-187, 2006 WL 3747362, at *2 (S.D. Ga. Dec. 18, 2006) (finding that "lesser sanctions would be ineffective in this case, as the Court has already imposed monetary sanctions"); *Valpak Direct Mktg. Sys., Inc. v. Davidson Holdings, Inc.*, No. 8:06-cv-924-T-30EAJ, 2007 WL 1222873, at *2 (M.D. Fla. Apr. 24, 2007) (striking defendants' pleadings where the Court found monetary sanctions inadequate to address defendants' failure to comply). Therefore, the undersigned recommends finding that monetary sanctions would be inappropriate.

### 3. Admission of Facts and/or Prohibiting the Disobedient Party from Supporting or Opposing Designated Claims or Defenses, or from Introducing Designated Matters in Evidence

The discovery deficiencies are not limited to a particular claim, defense, or subject. Rather, the Marketing Defendants continue to withhold broad swaths of documents that even they cannot completely categorize. The breadth of the discovery violations makes it impractical for the Court to deem certain facts as admitted, or to prohibit the Marketing Defendants from supporting or opposing certain claims or defenses, or introducing certain matters in evidence. *Bray & Gillespie Mgmt., LLC v. Lexington Ins. Co.*, No. 6:07-cv-0222-Orl-35KRS, 2010 WL 55595, at *6 (M.D. Fla. Jan. 5, 2010) (declining to permit the use of "late produced" evidence at trial and finding "the half-measure of allowing partial introduction of the [evidence] untenable"). Any attempt to do so would certainly lead to additional delays in the case while the parties and Court grappled with how to implement the sanction, and enforcement at trial could lead to confusion. Therefore, the undersigned does not recommend that the Court order this arguably lesser sanction.

### B. Default and Striking of Pleadings

The Marketing Defendants have "evidenced a pattern of inexcusable disregard for the authority of this Court and the larger civil discovery process." *Bray*, 2010 WL 55595 at *5. As discussed above, a lesser sanction would "reward [Defendants'] bad behavior without remedying the prejudice [they] have caused." *First Coast Energy*, 2015 WL 5159140 at *6; *see also United States v. One 32' Scorpion Go-Fast Vessel*, 339 F.

App'x 903, 906 (11th Cir. 2009) (affirming the district court's dismissal of a claim where the district court "(1) entered an order compelling [claimant] to produce all discovery by September 17th; (2) found that [claimant] willfully failed to comply with the order; (3) found that the government was prejudiced by [claimant's] willful failure to comply; and, (4) was not required to first apply lesser sanctions."); *Bray*, 2010 WL 55595 at *5 (dismissing plaintiff's claim with prejudice where plaintiff "acted willfully and in bad faith in not producing timely all discovery available" after defendant's demand for full production and "three equally clear and unambiguous orders" from the Court compelling production).

The undersigned finds that the only appropriate remedy for the flagrant violations of the Court's Orders outlined above is to strike the Marketing Defendants' answers and counterclaims, and to enter a default as to each of these defendants. *See Eagle Hosp. Physicians*, 561 F.3d at 1303; *Bray*, 2010 WL 55595 at *6; *First Coast Energy*, 2015 WL 5159140 at *6.

### C.  Intermarketing

Intermarketing argues that any sanction against the Pandora Defendants should not apply to Intermarketing.[1] The undersigned disagrees. Intermarketing entered into

---

[1] Rich Folk and William Wilson do not seek to escape liability for sanctions, but the Court nevertheless notes that Folk and Wilson were the managers and decisionmakers for the Pandora Defendants. (Doc. 63, Ex. 1, ¶¶ 4, 23; Ex. 2, ¶¶ 4, 26; Doc. 130, Ex. 1, ¶¶ 4, 29; Doc. 130, Ex. 2, ¶¶ 4, 31.) Folk oversaw the preservation efforts for the Pandora Defendants. (Hr'g Ex. 34.) And both Folk and Wilson relied upon Pandora Marketing to collect documents in response to discovery requests. (Doc. 433, Exs. A-C.)

an agreement with the Pandora Defendants whereby the latter would operate Intermarketing's business and would be responsible for producing documents responsive to requests directed to Intermarketing. (Doc. 122-2 ¶¶ 3–4; Doc. 500 at 4–5; Hr'g Tr., Vol. I, 163:6-22.) Intermarketing made its bed with the Pandora Defendants; now it must lie in it.

### D. Expert Discovery

Plaintiffs request that the Court allow them "the limited opportunity to disclose an expert survey report testing the impact of the language contained in the belatedly produced records." (Doc. 500 at 34.) However, given the recommendations above, the undersigned sees no need for additional expert discovery and disclosures, and recommends that the Court deny this request.

E.  **Fees and Costs**

Plaintiffs also request that the Court award attorneys' fees and costs associated with bringing the motions to compel related to the Marketing Defendants' discovery violations, as well as those incurred in bringing the present Motion. Federal Rule of Civil Procedure 37(b)(C) allows the Court to order, "in addition to" the other sanctions outlined in the Rule, the payment of "reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." The undersigned finds that the failures outlined above were not substantially justified and that other circumstances do not make an award of expenses unjust. Therefore, the undersigned recommends that the Court order the Marketing Defendants, jointly and severally, to pay the reasonable expenses, including attorneys' fees, that Plaintiffs incurred in bringing the following motions for which reasonable expenses have not already been ordered: Docs. 82, 85, 86, 87, 88, 118, 127, 358, 368, 433, 435, 500, and 547.

## IV. CONCLUSION

For the foregoing reasons, the undersigned respectfully recommends that the Court **GRANT** the Amended Motion for Sanctions (Doc. 500) as follows:

1. **STRIKE** the Answer and Affirmative Defenses (Doc. 497) filed by Pandora Marketing, LLC; Pandora Servicing, LLC; Rich Folk; and William Wilson.

2. **STRIKE** the Answer and Affirmative Defenses, but not the Crossclaim, filed by Intermarketing Media, LLC (Doc. 498.)

3. Enter a **DEFAULT** against Pandora Marketing, LLC; Pandora Servicing, LLC; Rich Folk; William Wilson; and Intermarketing Media, LLC, as to Plaintiffs' claims against them.

4. **AWARD** reasonable expenses, including attorney's fees, for the motions filed at Docs. 82, 85, 86, 87, 88, 118, 127, 358, 368, 433, 435, 500, and 547, with such expenses to be paid jointly and severally between Pandora Marketing, LLC; Pandora Servicing, LLC; Rich Folk; William Wilson; and Intermarketing Media, LLC. **DIRECT** the parties to meet and confer regarding these reasonable expenses, and if they cannot reach an agreement, **DIRECT** Plaintiffs to file a motion seeking such expenses **no later than 30 days** following an Order adopting this Report and Recommendation.

5. **DENY** the Motion in all other respects.

## NOTICE TO PARTIES

The party has fourteen days from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Recommended in Orlando, Florida on November 10, 2021.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE