# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

WYNDHAM VACATION OWNERSHIP,
INC., WYNDHAM VACATION
RESORTS, INC., WYNDHAM RESORT
DEVELOPMENT CORPORATION,
SHELL VACATIONS, LLC, SVC-
AMERICANA, LLC and SVC-HAWAII,
LLC,

      Plaintiffs,

v.                                                    Case No. 6:19-cv-1908-WWB-EJK

SLATTERY, SOBEL & DECAMP, LLP,
DEL MAR LAW GROUP, LLP,
CARLSBAD LAW GROUP, LLP, JL
"SEAN" SLATTERY, PANDORA
MARKETING, LLC, PANDORA
SERVICING, LLC, INTERMARKETING
MEDIA, LLC, KENNETH EDDY,
WILLIAM WILSON and RICH FOLK,

      Defendants.
_____/

## ORDER

      THIS CAUSE is before the Court on Plaintiffs' Amended Motion for Sanctions Against the Pandora Defendants, Rich Folk, William Wilson, and Intermarketing Media, LLC (Doc. 500). United States Magistrate Judge Embry J. Kidd issued a Report and Recommendation ("**R&R**," Doc. 599), in which he recommends that the Motion be granted in part and that the answers and counterclaims of Defendants William Wilson, Rich Folk, Pandora Marketing, LLC ("**Pandora Marketing**"), and Pandora Servicing, LLC ("**Pandora Servicing**"), and the answer and affirmative defenses of Intermarketing Media, LLC ("**Intermarketing Media**") (collectively, the "**Marketing Defendants**") be stricken and a

clerk's default be entered as to each of the Marketing Defendants. The Marketing Defendants filed Objections (Doc. Nos. 615, 616, 617), to which Plaintiffs filed Responses (Doc. Nos. 626, 627, 628).

## I.  BACKGROUND

No party has objected to the relevant background as fully set forth in the R&R and it is hereby adopted and made a part of this Order accordingly. (Doc. 599 at 2–4).

## II.  LEGAL STANDARD

When a party objects to a magistrate judge's findings, the district court must "make a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* The district court must consider the record and factual issues independent of the magistrate judge's report, as de novo review is "essential to the constitutionality of [§] 636." *Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 512 (11th Cir. 1990). The objecting party must state with particularity findings with which it disagrees, along with its basis for the disagreement. *Kohser v. Protective Life Corp.*, 649 F. App'x 774, 777 (11th Cir. 2016) (citing *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)). The court will not consider "[f]rivolous, conclusive, or general objections." *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988).

## III.  DISCUSSION

Plaintiffs seek sanctions, particularly the entry of a default judgment, under Federal Rules of Civil Procedure 26(g), 37(b), and 37(e), and the Court's inherent power. (Doc. 500 at 25–31). A district court has the discretion to sanction a party by imposing a default

2

where "the court (1) followed the proper procedure before entering the default judgment; (2) determined [the party's] actions were willful and in bad faith; (3) found that a sanction of default was necessary; and (4) determined that [the] complaint sufficiently stated a claim for relief[.]" *Thornton v. Hosp. Mgmt. Assocs., Inc.*, 787 F. App'x 634, 639 (11th Cir. 2019).

The Marketing Defendants object that entry of a default is too harsh because they simply did not have the ability to produce the discovery requested in the amount of time afforded. Further, Wilson, Folk, Pandora Servicing, and Intermarketing Media argue that they should not be lumped in with Pandora Marketing because the majority of the orders compelling production were directed to Pandora Marketing, not the other Marketing Defendants, who in fact complied with their respective discovery orders. As explained below, the Court finds the Marketing Defendants' objections unavailing.

### A. Proper Procedure

"[S]trict adherence to Rule 37 [is necessary] so as to prevent parties from 'flouting discovery orders.'" *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) (quoting *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976)). In the Eleventh Circuit, entry of a default judgment can only be imposed for discovery violations under Rule 37 if the violations are preceded by a court order compelling discovery. *United States v. Certain Real Prop. Located at Route 1, Bryant, Ala.*, 126 F.3d 1314, 1318 (11th Cir. 1997). In addition, "[t]he Court may also impose sanctions based on its inherent power to manage its docket and its cases." *In re Seroquel Prods. Liab. Litig.*, 244 F.R.D. 650, 657 (M.D. Fla. 2007) (citing *Glatter v. Mroz* (*In re Mroz*), 65 F.3d 1567, 1575 (11th Cir. 1995)). "Notice that the conduct may warrant sanctions can come from the party

3

seeking sanctions or from the court, and the accused must be given an opportunity to respond." *Id.* It has been found that a prior motion to compel and the Court's order setting an evidentiary hearing on such motion gives a party sufficient notice of the challenged discovery conduct and the possibility for sanctions if the discovery conduct was not resolved. *Id.* In this case, Magistrate Judge Kidd issued multiple orders compelling discovery directed to all the Marketing Defendants regarding call scripts and the audio recordings. Further, Plaintiffs filed an amended motion for sanctions against the Marketing Defendants seeking an entry of default, and Magistrate Judge Kidd set an evidentiary hearing to address it. Thus, the Marketing Defendants were well aware of the sanctions sought and were afforded an opportunity to respond. The Court finds that the Magistrate Judge followed the proper procedure and any due process arguments are without merit.

      **B.    Marketing Defendants Acted Willfully or in Bad Faith**

Under Rule 37(b)(2)(A)(vi), the district court may enter a default judgment against a disobedient party if it makes a finding of willfulness or bad faith failure to comply with a discovery order. *Maus v. Ennis*, 513 F. App'x 872, 878 (11th Cir. 2013) (citing *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1542 (11th Cir. 1993)). To warrant a Rule 37 default judgment, the violation must be more than simple negligence, a misunderstanding, or the inability to comply with the order. *Id.* The district court must also make a finding of willfulness or bad faith to utilize its inherent power to impose a default as a sanction. *Johnson v. 27th Ave. Caraf, Inc.*, 9 F.4th 1300, 1314 (11th Cir. 2021) (citation omitted). Bad faith may be demonstrated by "delaying or disrupting the litigation or hampering enforcement of a court order." *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561

F.3d 1298, 1306 (11th Cir. 2009) (citation omitted).  Sanctions can be imposed under Rule 37(e)(2)(C) upon a finding that a party intentionally failed to preserve electronically stored information that should have been preserved in anticipation of litigation that cannot be restored or replaced through additional discovery and the moving party was prejudiced.  *See ML Healthcare Servs., LLC v. Publix Super Mkts., Inc.*, 881 F.3d 1293, 1308–09 (11th Cir. 2018); *Easterwood v. Carnival Corp.*, No. 19-cv-22932, 2020 WL 6781742, at *4 (S.D. Fla. Nov. 18, 2020).

In the present case, all parties were ordered to produce recorded telephone calls, sales scripts, and e-mails as part of Plaintiffs' first request for production.  (Doc. Nos. 82-1, 85-1, 86-1, 87-1, 88-1, 108, 320-1).  It is apparent that Pandora Marketing willfully disregarded the Court's orders to compel discovery, and that the remaining Marketing Defendants willfully relied on Pandora Marketing to produce responsive discovery on their behalf despite being well aware of Pandora Marketing's willful noncompliance.  The undisputed evidence establishes that at the close of discovery Pandora Marketing's counsel recovered an additional 1.9 million documents, including additional call scripts and recordings, only after it retained an outside collection vendor to go into Pandora Marketing's systems to collect all materials from their Office 365, desktops, and workstations.  (Doc. 536 at 11:5–19; 38:21–39:11).  Pandora Marketing's counsel was still finding responsive documents at the time of the evidentiary hearing in August 2021.  (*Id.* at 21:20–22:6).  It was estimated that it could be months before production was complete.  (*Id.* at 23:21–24:2).  Further, the evidence demonstrated that Catherine Tan, the Pandora Marketing employee that managed discovery, did not attempt to preserve the recordings of the calls made by Pandora Marketing through Convoso.  (Doc. 533 at

5

149:23–151:6; 152:17–25). Tan testified that she chose not to produce recordings of calls made by specialists, who screen calls before they go to the analysts and who receive a commission if the callers ultimately sign a contract with the exit companies, because they did not qualify as sales calls. (*Id.* at 149:4–22).

Wilson and Folk cannot avoid sanctions for Pandora Marketing's willful noncompliance because the evidence demonstrated that Wilson, Folk, and Tan made decisions regarding the management or administration of the responses to the lawsuit. (*Id.* at 118:15–119:2). Yet, Wilson and Folk, in both their individual capacities and as owners of both Pandora Marketing and Pandora Servicing, failed to produce the discovery requested of all parties that was clearly under their control. *See Searock v. Stripling*, 736 F.2d 650, 653 (11th Cir. 1984) ("Control is defined not only as possession, but as the legal right to obtain the documents requested upon demand."). Indeed, at the close of discovery, Wilson and Folk, in addition to Pandora Marketing, represented to the Court that they could not certify that they had produced every responsive document. (Doc. 484 ¶ 7). As for Pandora Servicing, it failed to present any evidence or argument that it should be treated separately from Pandora Marketing other than a brief mention in closing by its counsel that "[n]obody knows what [Pandora Servicing] do[es] because they don't do anything." (Doc. 517 at 9; Doc. 536 at 63:5–7; *see also* Doc. 550).

Next, Intermarketing has claimed that its actions were not willful or in bad faith because Pandora Marketing was handling all sales and marketing for Intermarketing, and therefore, Pandora Marketing was the custodian of the relevant discovery. (Doc. 516 at 3, 7). Tan and Darrell Hall, Pandora Marketing's IT specialist, assisted Jason Krieck, the manager of Intermarketing, with the collection of Intermarketing's production of e-mails

6

and call recordings. (Doc. 122-2 at 1–2; Doc. 533 at 162:19–163:22). According to Tan, Krieck relied on Tan to collect documents for discovery. (Doc. 533 at 163:23–164:10). Likewise, Krieck testified in his deposition that Tan handled the discovery requests for the period of time Intermarketing had a services agreement with Pandora Marketing. (Trial Ex. 47 Krieck's Dep. at 137:25–138:18). Krieck did not personally participate in the collection. (*Id.*). It was Krieck's understanding that Intermarketing used the same scripts that Pandora Marketing used while the services agreement was in place. (*Id.* at 144:5–17).

Hall also worked for Intermarketing while the services agreement was in place, managing its data from 2019 through early 2020. (Doc. 500-1 at 30:16–22, 31:9–18). Hall knew that Intermarketing recorded and saved its phone calls as he provided it the same system of preservation and backup as he did Pandora in 2019. (*Id.* at 31:3–6, 31:19–32:2). Nevertheless, Hall only received phone numbers from Catherine Tan, not Intermarketing. (*Id.* at 32:12–33:2).

Intermarketing lost access to Pandora Marketing's server sometime in 2019 or 2020. (*Id.* at 47:19–48:6). Hall never gave Intermarketing access to Pandora's server to collect documents, nor did he recall that anyone asked him to collect Intermarketing's client files that were being stored on Pandora's server even though, to his knowledge, those documents still existed. (*Id.* at 48:19–49:4). Hall was never asked to perform a search of Intermarketing's e-mails that are on Pandora Marketing's server. (Doc. 500-2 at 82:25–83:5). However, he clarified that it was likely that in April of 2020 he was collecting some of Intermarketing's e-mails at the request of Catherine Tan. (*Id.* at 88:1–11).

7

While the evidence establishes that Pandora Marketing was in possession of discovery that Intermarketing had an obligation to produce, Intermarketing has not demonstrated that it made any additional effort to retrieve the relevant discovery from Pandora Marketing. Rather, it is undisputed that it blindly relied on Pandora Marketing to produce its discovery despite Pandora Marketing's continued deficiencies. Sanctions are warranted when a party's chosen efforts to meet discovery commitments are inadequate despite multiple warnings. *In re Seroquel Prods. Liab. Litig.*, 244 F.R.D. at 661–62. Moreover, the Court may also consider the reasonableness of a party's continued reliance on an ineffective vendor. *Id.* at 665. The extensive record, which includes multiple hearings, makes plain that the Marketing Defendants knew of the discovery shortcomings and did nothing. Now, these parties who made no independent effort to comply with the discovery orders, wish to shield themselves from Pandora Marketing's willful conduct. Such continued reliance on Pandora Marketing is willful.

### C. Lesser Sanctions

Next, a default judgment is "appropriate only as a last resort, when less drastic sanctions would not ensure compliance with the court's orders." *Eagle Hosp. Physicians*, 561 F.3d at 1306 (quotation omitted). Thus, the Court must address whether lesser sanctions would be ineffective. *Thornton*, 787 F. App'x at 638 (citation omitted). Generally, a party's "continuous, systematic, willful, flagrant, and bad faith disobedience of [a discovery order] instructs that [it] will not comply with any lesser sanctions that the court can impose." *People for Ethical Treatment of Animals, Inc. v. Dade City's Wild Things, Inc.*, No. 8:16-cv-2899-T-36AAS, 2019 WL 8495846, at *14 (M.D. Fla. July 30, 2019), *report and recommendation adopted sub nom.*, 2020 WL 897988 (M.D. Fla. Feb.

8

25, 2020).

This Court is not satisfied that lesser sanctions would guarantee the Marketing Defendants' compliance or cure Plaintiffs' prejudice. First, a stay is not appropriate because Pandora Marketing cannot give a definitive answer as to how long it will take to produce the responsive discovery—only that it could take months. Once produced, Plaintiffs will need time to review the documents and may need additional time to take further action. In other words, even if this Court were to set a stay for a definitive time there is no guarantee that the Marketing Defendants' discovery violation would be cured by then. *See Bray & Gillespie Mgmt., LLC v. Lexington Ins. Co.*, No. 6:07-cv-0222-Orl-35KRS, 2010 WL 55595, at *6 (M.D. Fla. Jan. 5, 2010) (explaining that extending the discovery period after flagrant violation of the court's orders would not deter further delays). As for monetary sanctions, the Court notes that Magistrate Judge Kidd already imposed monetary sanctions without success. Further, the Court agrees that monetary sanctions will not cure the violation of outstanding discovery and the fact that it is still unknown when discovery will be complete. Likewise, because the delinquent discovery is likely related to each claim or defense, the Court cannot discern which facts should be admitted, and which defenses should be excluded. What is more, based on the history of this case, the Court agrees with Magistrate Judge Kidd that an attempt to do so would do nothing more than create further delay. Accordingly, the Court finds that default is warranted on this record.

### D. Plaintiffs Stated a Claim for Relief

Finally, "[e]ntry of default judgment is . . . only warranted when there is a sufficient basis in the pleadings for the judgment entered." *Surtain v. Hamlin Terrace Found.*, 789

F.3d 1239, 1245 (11th Cir. 2015) (quotation omitted). In determining whether the pleadings state a valid claim, courts are required to apply the same analysis used to evaluate motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Id.* This Court has already found that Plaintiffs stated valid claims against the Marketing Defendants. (Doc. 488 at 17–26). Further, the call scripts and recordings are relevant to Plaintiffs proving those claims as they may constitute direct evidence that the Marketing Defendants improperly advised or caused timeshare owners to breach their timeshare contracts with Plaintiffs.

## IV. CONCLUSION

In sum, after a de novo review of the record, the Court agrees entirely with the R&R. The Marketing Defendants' objections rehash the arguments already presented to Magistrate Judge Kidd but fail to demonstrate how Magistrate Judge Kidd's findings are legally erroneous. To the extent the parties dispute Magistrate Judge Kidd's factual findings, having reviewed the record, the Court is satisfied that such findings are supported by the record.

Therefore, it is **ORDERED** and **ADJUDGED** as follows:

1. The Marketing Defendants' Objections (Doc. Nos. 615, 616, 617) are **OVERRULED**.

2. The Report and Recommendation (Doc. 599) is **ADOPTED** and **CONFIRMED** and made a part of this Order.

3. Plaintiffs' Amended Motion for Sanctions Against the Pandora Defendants, Rich Folk, William Wilson, and Intermarketing Media, LLC (Doc. 500) is **GRANTED in part**.

4. The Clerk is directed to **STRIKE** Pandora Marketing, LLC, Pandora Servicing, LLC, Rich Folk, and William Wilson's Answer, Affirmative Defenses and Demand for Trial by Jury (Doc. 497) and Intermarketing Media, LLC's Answer and Affirmative Defenses (Doc. 498)[1] from the record in this case.  Thereafter, the Clerk shall enter a clerk's default against Pandora Marketing, LLC, Pandora Servicing, LLC, Rich Folk, William Wilson, and Intermarketing Media, LLC.

5. Plaintiffs are hereby awarded their reasonable expenses, including attorneys' fees, for the motions set forth in the R&R.  Counsel for the parties shall confer in a good faith effort to resolve the reasonable expenses to be awarded.  If the parties are unable to reach agreement on the amount, then Plaintiffs shall file a motion for assessment of these expenses, including reasonable attorneys' fees, on or before **February 18, 2022**.  The motion for assessment of costs and fees shall be supported by evidence of the reasonable hourly rate of each professional for whom fees are sought, the reasonable number of hours worked, and the actual expenses incurred.

6. In all other respects, Plaintiffs' Motion is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida on January 18, 2022.

---

[1] Intermarketing Media, LLC's Cross Claim is not stricken and remains at issue in this litigation.  (Doc. 498 at 26–28).

_____
WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record