UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WYNDHAM VACATION OWNERSHIP, INC., WYNDHAM VACATION RESORTS, INC., WYNDHAM RESORT DEVELOPMENT CORPORATION, SHELL VACATIONS, LLC, SVC-AMERICANA, LLC and SVC-HAWAII, LLC,

      Plaintiffs,

v.                                   Case No. 6:19-cv-1908-WWB-EJK

SLATTERY, SOBEL & DECAMP, LLP, DEL MAR LAW GROUP, LLP, CARLSBAD LAW GROUP, LLP, JL "SEAN" SLATTERY, PANDORA MARKETING, LLC, PANDORA SERVICING, LLC, INTERMARKETING MEDIA, LLC, KENNETH EDDY, WILLIAM WILSON and RICH FOLK,

      Defendants.
_____/

## ORDER

THIS CAUSE is before the Court on Plaintiffs' Motion for Assessment of Expenses and Fees (Doc. 724), Pandora Defendants' Motion for Sanctions (Doc. 799), and and the parties' respective Oppositions (Doc. Nos. 753, 794-1; 820; 831-1) thereto. United States Magistrate Judge Embry J. Kidd entered a Report and Recommendation ("**R&R**," Doc. 841), in which he recommends denying Pandora Defendants' Motion for Sanctions and granting in part Plaintiffs' Motion for Assessment of Expenses and Fees. Pandora Defendants filed Objections (Doc. 842), to which Plaintiffs filed a Response. (Doc. 851).

## I. BACKGROUND

The issue at hand revolves around a Confidential Settlement Agreement ("**CSA**," Doc. 799-1) that Plaintiffs and Pandora Defendants entered to resolve Plaintiffs' violation of a confidentiality agreement and Pandora Defendants' discovery violations.  As part of the CSA, Plaintiffs agreed to the following:

> 3. **Waiver of Sanctions Motion**. Wyndham agrees not to seek sanctions against the Marketing Defendants and/or their counsel in connection with any issues raised in and/or by the Sanctions Motion, which issues raised accrued on or prior to October 5, 2020. To be clear and avoid doubt, nothing herein shall prevent any Party from seeking discovery orders or other relief, including sanctions, attendant to matters not addressed in the previously filed Sanctions Motion and/or related to future discovery disputes between the Parties that relate to issues that accrued on or after October 5, 2020.

(*Id.* at 2).

Pandora Defendants contend Plaintiffs violated the CSA by seeking sanctions for issues waived in the CSA, which ultimately resulted in this Court's January 18, 2022 Order ("**Sanctions Order**," Doc. 689).  Thus, Pandora Defendants seek sanctions for such violations, including the reversal of the defaults entered against them in the Sanctions Order.  Pandora Defendants also rely on the CSA to challenge Plaintiffs' Motion for Assessment of Expenses and Fees.

## II. LEGAL STANDARD

Parties may object to orders issued by magistrate judges on non-dispositive matters.  Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1).  "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."  Fed. R. Civ. P. 72(a).  "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."

*TemPay, Inc. v. Biltres Staffing of Tampa Bay, LLC*, 929 F. Supp. 2d 1255, 1260 (M.D. Fla. 2013) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Id.* (quotation omitted). "A judge of the court may accept, reject, or modify, in whole or in part, the findings . . . made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1).

### III. DISCUSSION

#### A. Pandora Defendants' Motion for Sanctions

The R&R addresses Pandora Defendants' assertion that sanctions are appropriate under Rule 37(b)(2) because the CSA should be treated the same as a stipulated confidentiality agreement. (Doc. 841 at 5). The R&R notes that such assertion is based on an erroneous interpretation of Magistrate Judge Kidd's prior discovery order related to a confidentiality agreement. Therein, Magistrate Judge Kidd stated that "[b]ecause the Court enforces stipulated confidentiality agreements in the same manner as a court order, the Court looks to Federal Rule of Civil Procedure 37(b)(2) for appropriate sanctions." (*Id.* at 5–6 (quoting Doc. 210 at 8)). Here, however, the Motion for Sanctions is not based on a court order. Accordingly, the R&R recommends that the Motion for Sanctions be denied. (*Id.* at 6–7).

Pandora Defendants argue that the R&R unduly focuses on the question of whether Rule 37(b) sanctions are proper in response to Plaintiffs' alleged failure to comply with the CSA and failed to address their request for relief under the Court's inherent authority and Rule 54(d). (Doc. 842 at 4). The Court finds no error as to Rule 37(b)

3

because there is no allegation that Plaintiffs violated a discovery order. *See Williams v. Ala. Dep't of Corr.*, 649 F. App'x 925, 927 (11th Cir. 2016). As for Pandora Defendants' argument that relief is warranted under the Court's inherent authority or Rule 54(d), Plaintiffs insist that the grounds for this Court's sanctions go well beyond the terms of the CSA. (Doc. 851 at 8). Plaintiffs also highlight that Pandora Defendants offered no legal analysis for their request to vacate the defaults under Rule 54(b). (*Id.* at 8–9).

The Court does not find that Plaintiff's engaged in misconduct that warrants vacatur of the defaults under Rule 54(b) and declines to exercise its inherent authority to sanction Plaintiffs for any alleged violation of the CSA. Although some of the discovery violations and discovery complaints occurred prior to the date set forth in the CSA, Pandora Defendants came up far short in any attempt to rectify the deficiencies after October 2020 and continued to violate the Court's orders. Indeed, Pandora Marketing waited until June 2021, after continuing complaints of deficient discovery production, to hire an outside collection vendor that uncovered an additional 1.9 million documents. (Doc. 536 at 10:23–11:24). Pandora Marketing estimated that it would take months beyond the discovery deadline to comb through the discovery. (*Id.* at 24:21–25:11). Referral to dates preceding the CSA serves to buttress the time and effort it took to obtain discovery. Such delay and disregard for this Court's orders warranted the sanctions imposed by the Sanctions Order.

    **B.**    **Plaintiffs' Motion for Assessment of Fees**

Again, Pandora Defendants argue that Plaintiffs are not entitled to fees because Plaintiffs violated the CSA in order to obtain the fee award. The R&R, citing *Kokkonen v. Guardian Life Ins. Co. Am.*, 511 U.S. 375 (1994), suggests that this Court does not have

jurisdiction to enforce or interpret the CSA. (Doc. 841 at 8–12). The R&R recommends that if the Court considers the CSA, it should exclude Plaintiffs' expenses and fees related to motions filed on or prior to October 5, 2020, which include docket entries 82, 85, 86, 87, 88, 118, and 127. (*Id.* at 12). Pandora Defendants object that such conclusion is nonsensical because the CSA prohibited future sanction motions, not motions preceding October 5, 2020. Plaintiffs did not file an objection to such recommendation, but they contend in their Response to Pandora Defendants' Objection that reconsideration of the Sanctions Order, including which motions are recoverable, is improper.

While Pandora Defendants are adamant that *Kokkenen* does not govern the instant issue because the case is still active, they argue that they are not asking the Court to enforce the CSA. Rather Pandora Defendants are asking the Court to sanction Plaintiffs for litigation improprieties and misrepresentations made to the Court. (Doc. 842 at 11). If that is the case, there is no need to address jurisdiction and the Court finds Plaintiffs did not act improperly in seeking sanctions for Pandora Defendants' continued failure to abide by the Court's orders. As explained above, Pandora Defendants had ample time to comply with discovery orders and willfully failed to do so. The fact that Plaintiffs agreed not to seek sanctions for such failures that occurred prior to October 5, 2020, does not restrict them from seeking sanctions for future violations even if related to discovery sought and not received prior to October 5, 2020. Thus, Pandora Defendants' Objections will be overruled.

## IV.   CONCLUSION

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. Pandora Defendants' Objection (Doc. 842) is **OVERRULED**.

5

2. The Report and Recommendation (Doc. 841) is **ADOPTED** to the extent set forth herein and **CONFIRMED** and made a part of this Order.

3. Plaintiffs' Motion for Assessment of Expenses and Fees (Doc. 724) is **GRANTED in part** as set forth in the R&R and this Order.  Plaintiffs are awarded $192,092.50 in attorney's fees and $12,529.16 in expenses to be paid jointly and severally by Pandora Marketing, LLC, Pandora Servicing, LLC, Rich Folk, William Wilson, and Intermarketing Media, LLC.  The Motion is **DENIED** in all other respects.

4. Pandora Defendants' Motion for Sanctions (Doc. 799) is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida on September 16, 2022.

_____
WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record