**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

WYNDHAM VACATION OWNERSHIP, INC., et al.,

     Plaintiffs,

v.

SLATTERY, SOBEL & DECAMP, LLP, et al.,

     Defendants.

_____/

Case No. 6:19-cv-1908-Orl-78EJK

**PLAINTIFFS' MOTION FOR ORDER TO SHOW CAUSE AS TO**
**THE TELEMARKETING DEFENDANTS FOR FAILURE TO COMPLY WITH COURT**
**ORDER (DE 869) AND INCORPORATED MEMORANDUM OF LAW**

Plaintiffs (collectively, "Wyndham"), move for an order directing the Defendants Pandora Marketing, LLC; Pandora Servicing, LLC; Rich Folk; William Wilson; and Intermarketing Media, LLC (collectively, the "Telemarketing Defendants"), to show cause as to why they should not be held in contempt and otherwise further sanctioned for failing to comply with this Court's September 16, 2022 Order (DE 869) (the "Fees Order").

**BACKGROUND**

The Fees Order adopted the Magistrate Judge's July 22, 2022 Report and Recommendation (DE 841), and, as relevant to this Motion, granted in part Wyndham's Motion for Assessment of Expenses and Fees (DE 724) and awarded to Wyndham $192,092.50 in attorneys' fees and $12,529.16 in expenses, collectively $204,621.66, to be paid jointly and severally by the Pandora Defendants. (DE 869 at 5-6). Upon entry of the Fees Order, Wyndham's counsel sent emails to counsel for the Telemarketing Defendants requesting payment, to no avail.

On September 23, 2022, Pandora Marketing, LLC, Pandora Servicing, LLC, Rich Folk, and William Wilson (but not Intermarketing Media, LLC) filed a Motion for Reconsideration of the Fees Order (DE 881), reasserting the same failed arguments that have been repeatedly rejected in this litigation. Aside from being an improper filing, highlighting these Defendants' continued efforts to vexatiously and unnecessarily multiply these proceedings, the Motion for Reconsideration of the Fees Order in no way absolves these Defendants from their Court ordered obligations under the Fees Order.

Absent a show cause order, the Telemarketing Defendants, already found to have defied this Court's authority before, will continue to do so.

### ARGUMENT

The Telemarketing Defendants should not be permitted to engage in stall tactics, improperly (and repeatedly) delaying these proceedings through the filing of frivolous motions, in order to evade this Court's orders. *See Certain Underwriters at Lloyd's, London v. AdvanFort Co.,* No. 118CV1421TSETCB, 2020 WL 878298, *3 (E.D. Va. Feb. 3, 2020), *report and recommendation adopted,* No. 1:18-CV-1421, 2020 WL 877981 (E.D. Va. Feb. 21, 2020) (holding Defendant in contempt where it "unilaterally decided to not comply with the payment deadline" imposed by sanctions because "counsel's supposed excuse – filing a motion for reconsideration – would not excuse Defendant's delay or noncompliance" and "because of Defendant's history of noncompliance in this matter, Plaintiffs have had to consistently expend resources in an attempt to secure compliance with this Court's orders").

First, the Motion for Reconsideration has no impact on the Telemarketing Defendants' current and owing payment obligation as there is no stay of the payment

obligation, no request for a stay has been made, nor does Federal Rule of Civil Procedure 54(b), the authority under which the Motion for Reconsideration is brought, provide for an inherent or automatic stay of underlying obligations upon the filing of such a motion. *See Agrifolio v. Aetna Life Ins. Co.*, No. 16-20246-CIV, 2016 WL 10954508, *1 (S.D. Fla. Oct. 19, 2016) (where the defendant "did not seek a stay before, after, or when it filed the . . . Motion for Reconsideration … it was not reasonable for [the defendant] to assume such a stay was in place"). As to Intermarketing Media, LLC, they are not even a movant in the Motion for Reconsideration.

Second, the Motion for Reconsideration does nothing more than improperly restate arguments made by these Defendants and denied by this Court numerous times throughout this litigation, rendering it yet another "unreasonabl[e] and vexatious[]" filing under 28 U.S.C. § 1927. *See Bautista v. Cruise Ships Catering & Serv. Int'l, N.V.*, 350 F. Supp. 2d 987, 992 (S.D. Fla. 2003) (motions for reconsideration "must do more than simply restate previous arguments"). Wyndham has been forced, yet again, to expend time and resources responding to the frivolous Motion for Reconsideration and filing the present Motion, and the Court, yet again, will be forced to expend its own time in addressing these issues.

In sum, the Telemarketing Defendants' payment obligation under the Fees Order is currently due and owing, as a matter of fact and law. Telemarketing Defendants' defiance of this Court's authority and refusal to abide by the Fees Order necessitates Court intervention.

WHEREFORE, Wyndham respectfully requests that the Court enter an order (1) requiring the Telemarketing Defendants to show cause as to why they should not be held

in contempt for failing to comply with the Fees Order and further sanctioned for failing to comply with the Fees Order, (2) paying Wyndham's attorneys' fees and costs associated with this Motion and Wyndham's efforts to obtain compliance with the Fees Order, and (3) provide any further relief as may be just and proper.

## LOCAL RULE 3.01(g) CERTIFICATION

Wyndham's counsel sent emails on 9/16/22 and 9/21/22 requesting payment. Wyndham's counsel then sent a conferral email on 9/27/22 indicating that this motion would be filed, and again followed up on 9/28/22 attempting to confer. To date, counsel for the Telemarketing Defendants have not articulated a position. Wyndham will continue to attempt to confer and update the Court, if and/or when, the Telemarketing Defendants advise as to their position.

Dated: September 28, 2022.          Respectfully submitted,

*/s/ Glennys Ortega Rubin*
**ALFRED J. BENNINGTON, JR., ESQ.**
(FBN 0404985); bbennington@shutts.com
**GLENNYS ORTEGA RUBIN, ESQ.**
(FBN 556361); grubin@shutts.com
**MICHAEL J. QUINN, ESQ.**
(FBN 084587); mquinn@shutts.com
**CHRISTIAN M. LEGER, ESQ.**
(FBN 100562); cleger@shutts.com
**SHUTTS & BOWEN LLP**
300 South Orange Avenue, Suite 1600
Orlando, Florida 32801
(407) 835-6755
*Counsel for Wyndham*

ORLDOCS 19982142 4

4