UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WYNDHAM VACATION
OWNERSHIP, INC., WYNDHAM
VACATION RESORTS, INC.,
WYNDHAM RESORT
DEVELOPMENT
CORPORATION, SHELL
VACATIONS, LLC, SVC-
AMERICANA, LLC, and SVC-
HAWAII, LLC,

        Plaintiffs,

v.                                                                      Case No: 6:19-cv-1908-WWB-EJK

SLATTERY, SOBEL & DECAMP,
LLP, DEL MAR LAW GROUP,
LLP, CARLSBAD LAW GROUP,
LLP, JL "SEAN&QUOT
SLATTERY, PANDORA
MARKETING, LLC, PANDORA
SERVICING, LLC,
INTERMARKETING MEDIA,
LLC, KENNETH EDDY,
WILLIAM WILSON, and RICH
FOLK,

        Defendants.

## ORDER

This cause comes before the Court on the Pandora Defendants' Motion to Strike Plaintiffs' Motion for Default Judgment and Motion for Permanent Injunction (the "Motion"), filed September 22, 2022. (Doc. 878). On October 6, 2022, Plaintiffs filed

a response in opposition. (Doc. 891.) Thus, the Motion is ripe for review. Upon consideration, the Motion is due to be denied.

The Pandora Defendants seek to strike Plaintiffs' Motions for Default Judgment and Permanent Injunction as premature prior to the adjudication of claims that may "raise the possibility of inconsistent judgments," contradict the current order of adjudication, and deny Pandora's due process rights, "including the right to an evidentiary hearing as to damages." (Doc. 878 at 1.)

Federal Rule of Civil Procedure 12(f) allows the Court to "strike from a *pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f) (emphasis added). However, "the plain language of 12(f) applies only to pleadings and not to motions or their opposition." *Hooker v. Sec'y, Dep't of Veterans Affs.*, No. 8:18-cv-2000-T-36JSS, 2019 WL 12493574, at *1 (M.D. Fla. July 24, 2019); *Marfut v. Gardens of Gulf Cove POA, Inc.*, No. 2:17-cv-595-FtM-38CM, 2018 WL 746866, at *2 (M.D. Fla. Feb. 7, 2018); *Kahama VI, LLC v. HJH, LLC*, No. 8:11-cv-2029-T-30TBM, 2014 WL 3721298, at *1 (M.D. Fla. July 28, 2014) (collecting cases holding that "a motion to strike a filing that is not a pleading . . . is improper."). Furthermore, the Court notes that even the striking of pleadings is considered to be a drastic remedy and is disfavored by courts. *See Gilbert v. State Farm Mut. Auto. Ins. Co.*, 95 F. Supp. 3d 1358, 1361 (M.D. Fla. 2015).

Plaintiffs' Motions for Default Judgment and Permanent Injunction (Docs. 874, 875) are not pleadings. *See* Fed. R. Civ. P. 7(a). Therefore, they are "not susceptible to being stricken under Rule 12(f)." *Hooker*, 2019 WL 12493574 at *1. As such, it is

hereby **ORDERED** that the Pandora Defendants' Motion to Strike (Doc. 878) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on October 14, 2022.

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE