UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WYNDHAM VACATION OWNERSHIP, INC., WYNDHAM VACATION RESORTS, INC., WYNDHAM RESORT DEVELOPMENT CORPORATION, SHELL VACATIONS, LLC, SVC-AMERICANA, LLC, and SVC-HAWAII, LLC,

    Plaintiffs,

v.              Case No: 6:19-cv-1908-WWB-EJK

SLATTERY, SOBEL & DECAMP, LLP, DEL MAR LAW GROUP, LLP, CARLSBAD LAW GROUP, LLP, JL "SEAN&QUOT SLATTERY, PANDORA MARKETING, LLC, PANDORA SERVICING, LLC, INTERMARKETING MEDIA, LLC, KENNETH EDDY, WILLIAM WILSON, and RICH FOLK,

    Defendants.

## ORDER

This cause comes before the Court on Defendant Intermarketing Media, LLC's Motion for Leave to File and Maintain Under Seal Plaintiffs' Motions for Permanent Injunction and Default Judgment (the "Motion"), filed October 8, 2022. (Doc. 894.)

Plaintiffs responded in partial opposition on October 11, 2022. (Doc. 898.) The Motion is now ripe for review. Upon consideration, the Motion is due to be granted in part.

On September 19, 2022, Plaintiffs filed redacted Motions for Permanent Injunction and Default Judgment. (Docs. 874, 875.) Defendant Intermarketing Media, LLC, now moves the Court to allow the redacted information to remain sealed and to permit it to file separate, unredacted copies under seal. Specifically, the items to be sealed include deposition testimony, financial documents, and general business documents. (Doc. 875 at 2–3.)

Plaintiffs do not oppose sealing Exhibits C, F, and G to Plaintiffs' Motion for Permanent Injunction (Doc. 874), as they were subject to prior seal by this Court. (Docs. 559, 560.) However, Plaintiffs oppose sealing Exhibit J to Plaintiffs' Motion for Permanent Injunction (Doc. 898 at 3). Defendant Intermarketing asserts that the entirety of the Courtland Llaugher's deposition was marked "Attorneys Eyes Only." (Doc. 894 at 3.) However, Plaintiffs allege that Defendant "makes no particular showing as to why the exhibit requires sealing" as it is already publicly filed, and the portions of the deposition designated as "Attorneys Eyes Only" were not included in the exhibit. (Doc. 898 at 3.)

Courts in this country recognize "a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). However, a party may overcome the public's right to access by demonstrating good cause. *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007). If good cause is shown, the court must balance

the interest in obtaining access to the information against the interest in keeping the information confidential. *See Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1309 (11th Cir. 2001). The Middle District of Florida Local Rule 1.11 states:

> (a) PUBLIC RIGHT OF ACCESS. Because constitutional law and common law afford the public a qualified right of access to an item filed in connection with the adjudication of a claim or defense, sealing is unavailable absent a compelling justification. Sealing is not authorized by a confidentiality agreement, a protective order, a designation of confidentiality, or a stipulation.

M.D. Fla. L.R. 1.11(a).

Here, the Court agrees with Plaintiffs that Defendant does not sufficiently explain what about the deposition would harm any legitimate privacy or business interest. Moreover, a party's confidentiality designation does not, by itself, justify the sealing of documents. Local Rule 1.11(a). Good cause is established by showing that disclosure will cause a clearly defined and serious injury. *Teledyne Instruments, Inc.*, 2013 WL 5874584 at *1. Moreover, portions of the deposition that Plaintiffs wish to utilize have already been publicly filed. (Doc. 874–10.) Accordingly, Defendant fails to demonstrate good cause for sealing Exhibit J.

Plaintiffs assert that they do not oppose sealing Exhibits F and G to Plaintiffs' Motion for Default Judgment (Doc. 875), but they *do* object to sealing "specific written portions of the Motion for Default Judgment which state the total monetary award sought or the amount attributable to disgorgement" as the public should be able to "ascertain the amount of the total award that is attributable to Defendants' profits." (Doc. 898 at 2.) These amounts are currently redacted from the Motion for Default

Judgment. (*see* Doc. 875.) Defendant argues that their profits and other financial information could be determined from the amount of any potential damages the Court could award. (Doc. 894 at 8.) However, the undersigned is unpersuaded that an aggregated damages request could violate Defendant's privacy or proprietary interests, and Defendant fails to cite authority in support of the proposition.

Accordingly, it is hereby **ORDERED** that:

1. Defendant's Unopposed Motion for Leave to File and Maintain Under Seal Plaintiffs' Motions for Permanent Injunction and Default Judgment (Doc. 894) is **GRANTED IN PART**.

2. The Clerk of Court is **DIRECTED** to accept under seal an unredacted copy of Docket Entry 874, along with unredacted copies of Exhibits C, F, and G;

3. Plaintiffs are **DIRECTED** to re-file Docket Entry 875, removing redactions referencing the total monetary award sought; and

4. The Clerk of Court is **DIRECTED** to accept under seal an unredacted copy of Docket Entry 875, along with exhibits F and G.

**DONE** and **ORDERED** in Orlando, Florida on October 17, 2022.

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE