UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**WYNDHAM VACATION OWNERSHIP, INC., WYNDHAM VACATION RESORTS, INC., WYNDHAM RESORT DEVELOPMENT CORPORATION, SHELL VACATIONS, LLC, SVC-AMERICANA, LLC, and SVC-HAWAII, LLC,**

        Plaintiffs,

v.   Case No: 6:19-cv-1908-WWB-EJK

**SLATTERY, SOBEL & DECAMP, LLP, DEL MAR LAW GROUP, LLP, CARLSBAD LAW GROUP, LLP, JL "SEAN&QUOT SLATTERY, PANDORA MARKETING, LLC, PANDORA SERVICING, LLC, INTERMARKETING MEDIA, LLC, KENNETH EDDY, WILLIAM WILSON, and RICH FOLK,**

        Defendants.

## ORDER

This cause comes before the Court on Pandora Defendants' Partially Unopposed Motion for Leave to File and Maintain Under Seal in Regards DE 874 and 875 (the "Motion"), filed October 11, 2022. (Doc. 901.) Plaintiffs responded in

partial opposition on October 12, 2022. (Doc. 902.) The Motion is now ripe for review. Upon consideration, the Motion is due to be granted in part.

On September 19, 2022, Plaintiffs filed redacted Motions for Permanent Injunction and Default Judgment. (Docs. 874, 875.) The Pandora Defendants now move the Court to direct Plaintiffs to file under seal various exhibits and to permit Plaintiffs to file separate, unredacted copies of the Motions. (Doc. 901 at 1.) Specifically, the items to be sealed include depositions, scripts, financial documents, and general business documents. (*Id.* at 2–3.)

Plaintiffs do not oppose sealing Exhibits C, F, G, and Q to Plaintiffs' Motion for Permanent Injunction and Exhibits E, F, and G to Plaintiffs' Motion for Default Judgment. (Doc. 902 at 1–2.) However, Plaintiffs oppose sealing Exhibits H and I to Plaintiffs' Motion for Permanent Injunction because they were never previously designated as "Confidential" or "Attorneys Eyes Only" as stipulated in the parties' Confidentiality Agreement. (*Id.* at 2.) Pandora Defendants assert the draft scripts at Exhibits H and I constitute private and confidential business information and that similar scripts have been filed under seal pursuant to the Court's September 9, 2021 Order. (Doc. 901 at 3.)

Courts in this country recognize "a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). However, a party may overcome the public's right to access by demonstrating good cause. *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007). If good cause is shown, the court must balance the interest

in obtaining access to the information against the interest in keeping the information confidential. *See Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1309 (11th Cir. 2001). The Middle District of Florida Local Rule 1.11 states:

> (a) PUBLIC RIGHT OF ACCESS. Because constitutional law and common law afford the public a qualified right of access to an item filed in connection with the adjudication of a claim or defense, sealing is unavailable absent a compelling justification. Sealing is not authorized by a confidentiality agreement, a protective order, a designation of confidentiality, or a stipulation.

M.D. Fla. L.R. 1.11(a).

Here, the Court agrees with Plaintiffs that the Pandora Defendants do not sufficiently explain why disclosure of the draft scripts would harm any legitimate privacy or business interest. While the undersigned granted the parties' joint motion to seal the scripts previously (Doc. 559), the prior Order does not necessarily provide a basis for maintaining the seal, especially in light of Plaintiffs' representations that the scripts were used in public conversations with prospective consumers. Accordingly, the Pandora Defendants fail to demonstrate sufficient good cause for sealing Exhibits H and I. *See Teledyne Instruments, Inc. v. Cairns*, 6:12-cv-854-Orl-28TBS, 2013 WL 5874584, at *1 (M.D. Fla. Oct. 31, 2013).

Plaintiffs further oppose sealing portions of the Motion for Default Judgment, "which state the total monetary award sought or the amount attributable to disgorgement." (Doc. 902 at 3.) These amounts are currently redacted from the Motion for Default Judgment. (*See* Doc. 875.) Pandora Defendants argue that their profits and other financial information could be determined from the amount of any

potential damages the Court could award. (Doc. 901 at 4.) However, the undersigned is unpersuaded that an aggregated damages request could violate Pandora Defendants' privacy or proprietary interests, and the Pandora Defendants fail to cite authority in support of the proposition.

Accordingly, it is hereby **ORDERED** that:

1. The Pandora Defendants' Partially Unopposed Motion for Leave to File and Maintain Under Seal in Regards to DE 874 and 875 (Doc. 901) is **GRANTED IN PART**.

2. The Clerk of Court is **DIRECTED** to accept under seal an unredacted copy of Docket Entry 874, along with sealed copies of Exhibits C, F, G, and Q. Exhibit H and I of Docket Entry 874 should remain unsealed;

3. Plaintiffs are **DIRECTED** to re-file Docket Entry 875, removing redactions referencing the total monetary award sought;

4. The Clerk of Court is **DIRECTED** to accept under seal an unredacted copy of Docket Entry 875, along with sealed copies of Exhibits E, F, and G.

**DONE** and **ORDERED** in Orlando, Florida on October 19, 2022.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE