UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WYNDHAM VACATION OWNERSHIP, INC., WYNDHAM VACATION RESORTS, INC., WYNDHAM RESORT DEVELOPMENT CORPORATION, SHELL VACATIONS, LLC, SVC-AMERICANA, LLC, and SVC-HAWAII, LLC,

        Plaintiffs,

v.

SLATTERY, SOBEL & DECAMP, LLP, DEL MAR LAW GROUP, LLP, CARLSBAD LAW GROUP, LLP, JL "SEAN&QUOT SLATTERY, PANDORA MARKETING, LLC, PANDORA SERVICING, LLC, INTERMARKETING MEDIA, LLC, KENNETH EDDY, WILLIAM WILSON, and RICH FOLK,

        Defendants.

Case No: 6:19-cv-1908-WWB-EJK

## ORDER

This cause comes before the Court on Plaintiffs' unopposed Motion for Order to File Under Seal (the "Motion"), filed November 21, 2022. (Doc. 959.) Therein, Plaintiffs request leave of Court to file under seal "certain documents submitted by defendants in connection with their *Omnibus Response in Opposition to Plaintiffs' Motion*

*for Default Judgment (DE 875) and Motion for Permanent Injunction (DE 874).*" (*Id.* at 1.) Upon consideration, the Motion is due to be granted.

While the Eleventh Circuit recognizes a "presumptive common law right to inspect and copy judicial records," *United States v. Rosenthal*, 763 F.2d 1291, 1292–93 (11th Cir. 1985), a party may overcome the public's right to access by demonstrating good cause. *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) ("It is uncontested, however, that the right to inspect and copy judicial records is not absolute. Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes.").

If good cause is shown, the court must balance the interest in obtaining access to the information against the interest in keeping the information confidential. *See Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1309 (11th Cir. 2001). Factors a court may consider are:

> [W]hether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

*Romero*, 480 F.3d at 1246.

Plaintiffs have complied with the requirements under Local Rule 1.11(c) and have articulated good cause for sealing the requested documents. Plaintiffs argue that

sealing is necessary because the documents reveal the identities of third-party timeshare owners and divulge the owners' sensitive personal information. The Court finds that protecting timeshare owners' personal identifying information is appropriate. *See, e.g.*, *Stemple v. QC Holdings, Inc.*, No. 12-cv-01997-BAS(WVG), 2016 WL 1255784, at *2 (S.D. Cal. Mar. 31, 2016) (permitting personal identifying information to be filed under seal).

Accordingly, it is hereby **ORDERED** that Plaintiffs' Motion for Leave to File Under Seal (Doc. 959) is **GRANTED**. Plaintiffs are **DIRECTED** to file the documents under seal through CM/ECF.[1] The seal shall remain in place until resolution of this matter, including any appeals, at which time the sealed filings should be destroyed.

**DONE** and **ORDERED** in Orlando, Florida on December 5, 2022.

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE

---

[1] Effective November 7, 2022, lawyers are required to use CM/ECF to file a sealed document. Additional information and instructions can be found at https://www.flmd.uscourts.gov/cmecf.