UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WYNDHAM VACATION OWNERSHIP, INC., WYNDHAM VACATION RESORTS, INC., WYNDHAM RESORT DEVELOPMENT CORPORATION, SHELL VACATIONS, LLC, SVC-AMERICANA, LLC, and SVC-HAWAII, LLC,

      Plaintiffs,

v.                                                                Case No: 6:19-cv-1908-WWB-EJK

SLATTERY, SOBEL & DECAMP, LLP, DEL MAR LAW GROUP, LLP, CARLSBAD LAW GROUP, LLP, JL "SEAN&QUOT SLATTERY, PANDORA MARKETING, LLC, PANDORA SERVICING, LLC, INTERMARKETING MEDIA, LLC, KENNETH EDDY, WILLIAM WILSON, and RICH FOLK,

      Defendants.

## ORDER

This cause comes before the Court on the Pandora Defendants' and Intermarketing Media LLC's Motion for Leave to File and Maintain Under Seal in Regards DE 936 (the "Motion"), filed November 21, 2022. (Doc. 957.) Defendants' Supplemental Certificate of Good Faith Conference indicates Plaintiffs object in part

to the Motion, specifically related to sealing Exhibits 27 and 28. (Doc. 961). However, Plaintiffs failed to timely file a response in opposition and the Motion is now ripe. Thus, the Court will consider the Motion without opposition. Upon consideration, the Motion is due to be granted.

On November 2, 2022, Defendants filed an Omnibus Response in Opposition to Plaintiffs' Motion for Default Judgment and Motion for Permanent Injunction. (Doc. 936.) Defendants included placeholders for certain exhibits and other exhibits with redactions. (*Id.*) Now, Defendants move the Court to file those exhibits under seal and maintain the redactions already filed. (Doc. 957 at 2.)

While the Eleventh Circuit recognizes a "presumptive common law right to inspect and copy judicial records," *United States v. Rosenthal*, 763 F.2d 1291, 1292–93 (11th Cir. 1985), a party may overcome the public's right to access by demonstrating good cause. *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) ("It is uncontested, however, that the right to inspect and copy judicial records is not absolute. Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes.").

If good cause is shown, the court must balance the interest in obtaining access to the information against the interest in keeping the information confidential. *See Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1309 (11th Cir. 2001). Factors a court may consider are:

> [W]hether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

*Romero*, 480 F.3d at 1246.

The Court finds that Defendants have complied with the requirements under Local Rule 1.11(c) and have articulated good cause for sealing the requested exhibits. Defendants argue that sealing Exhibits 20, 22, 23, and 10 is necessary because the documents reveal personal identifying, contact, and financial information of non-parties. (Doc. 957 at 4.) The Court finds that protecting timeshare owners' personal identifying information is appropriate. *See, e.g.*, *Stemple v. QC Holdings, Inc.*, No. 12-cv-01997-BAS(WVG), 2016 WL 1255784, at *2 (S.D. Cal. Mar. 31, 2016) (permitting personal identifying information to be filed under seal).

Additionally, Defendants seek to seal Exhibits 27 and 28 as they contain Defendant Pandora's private and proprietary financial information. (Doc. 957 at 4.) The Court finds that maintaining the privacy of confidential business information constitutes good cause for keeping the documents from the public view. *See, e.g.*, *Local Access, LLC v. Peerless Network, Inc.*, No. 6:14-cv-399-Orl-40TBS, 2017 WL 2021761, at *2–3 (M.D. Fla. May 12, 2017); *Patent Asset Licensing LLC, v. Bright House Networks, LLC*, No. 3:15-cv-742-J-32MCR, 2016 WL 2991057, at *2 (M.D. Fla. May 24, 2016) (permitting party to file confidential business information under seal where such

documents' exposure could "violate the parties' privacy or proprietary interests").

Accordingly, it is hereby **ORDERED** that Defendants' Motion for Leave to File and Maintain Under Seal (Doc. 957) is **GRANTED**. Defendants are **DIRECTED** to file the documents under seal through CM/ECF.[1] The seal shall remain in place until resolution of this matter, including any appeals, at which time the sealed filings should be destroyed.

**DONE** and **ORDERED** in Orlando, Florida on December 8, 2022.

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE

---

[1] Effective November 7, 2022, lawyers are required to use CM/ECF to file a sealed document. Additional information and instructions can be found at https://www.flmd.uscourts.gov/cmecf.