UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA, ORLANDO DIVISION

Case No.: 6:19-CV-01908-WWEB-EKJ

WYNDHAM VACATION OWNERSHIP, INC. *et al.,*

    Plaintiffs,

v.

SLATTERY, SOBEL & DECAMP, LLP, *et al.,*

    Defendants.

_____/

**DEFENDANTS PANDORA MARKETING, LLC,
WILLIAM WILSON, AND RICH FOLK'S AMENDED RESPONSE TO
PLAINTIFFS' NOTICE OF ADVISEMENT OF BANKRUPTCY (DOC. 990)
AND MOTION TO STAY OF PROCEEDING FOR 60 DAYS,
<u>AND INCORPORATED MEMORNADUM</u>**

Defendants, Pandora Marketing, LLC ("Pandora Marketing"), William Wilson ("Wilson"), and Rich Folk ("Folk") (collectively, "Defendants"), by and through the undersigned counsel, and pursuant to Local Rule 3.01(a), hereby respond to Plaintiffs' Notice of Advisement of Bankruptcy (Docs. 990) and further move this Honorable Court for a stay of these proceedings as to Defendants for sixty (60) days, and, in support, state as follows:

**I.
<u>BACKGROUND</u>**

On January 11, 2023, Defendant Pandora Servicing, LLC ("Pandora Servicing") filed for bankruptcy in the Central District of California (the "Bankruptcy Proceedings"). *See* Case No. 8:23-bk-10051-SC at Doc. 1. Subsequently, on January 19, 2023, Plaintiffs filed a Notice of Advisement of Bankruptcy (Doc. 990) (the "Notice"), advising this Court

1

of the same. Furthermore, in their Notice, Plaintiffs claim that the automatic stay issued pursuant to 11 U.S.C. § 362 should apply only to Pandora Servicing, and not to any other defendant in this action. The Court ordered Pandora Marketing, Wilson, and Folk to respond to Plaintiffs' contention by February 3, 2023 (Doc. 992). The Court also noted that Pandora Marketing did not currently have legal representation as required, and set a deadline of January 27, 2023 for counsel to appear on behalf of Pandora Marketing. The undersigned counsel for Pandora Marketing, Pandora Servicing, Wilson, and Folk filed a notice of appearance on January 25, 2023.

Pandora Servicing intends to seek an extension of the automatic stay to Pandora Marketing, Wilson, and Folk in the pending Bankruptcy Proceedings. To be clear, Defendants do not seek for this Court to extend the automatic stay to Pandora Marketing, Wilson, and Folk, as that determination is only within province of the Bankruptcy Court. Rather, this motion respectfully requests a 60-day stay of these proceedings under this Court's inherent authority to manage its docket pending the Bankruptcy Court's determination as to whether the automatic stay should be extended to Pandora Marketing, Wilson, and Folk.

## II.
## ARGUMENT

Although the automatic stay provisions of § 362(a) typically do not operate to stay claims against non-debtor defendants, the protections of the automatic stay have been extended to non-bankrupt codefendants in "unusual circumstances," such as "when there is such identity between the debtor and the third-party defendant … that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor".

*Lanard Toys Ltd. v. Toys "R" Us—Del., Inc.*, No. 3:15-cv-849-J-34PDB, 2017 U.S. Dist. LEXIS 187073, 2017 WL 5256870, at *4 (M.D. Fla. Nov. 13, 2017) ("Unusual circumstances" include "when there is such identity between the debtor and the third-party defendant … that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor."); *Gulfmark Offshore, Inc. v. Bender Shipbuilding & Repair Co.*, 2009 U.S. Dist. LEXIS 67926 (S.D. Ala. Aug. 3, 2009) citing *Kreisler v. Goldberg*, 478 F.3d 209, 213 (4th Cir. 2007); *see also In re Excel Innovations*, Inc., 502 F.3d 1086, 1096 (9th Cir. 2007) (recognizing that "the automatic stay may be extended if unusual circumstances make the interests of the debtor and the non-debtor defendant inextricably interwoven"); *Matter of Zale Corp.*, 62 F.3d 746, 761 (5th Cir. 1995) (actions against non-debtor may be subject to stay "when the non-debtor and the debtor enjoy such an identity of interests that the suit against the non-debtor is essentially a suit against the debtor"). Whether the automatic stay should be extended to non-debtors is a fact-specific inquiry and should be assessed on a case- by-case basis. *See W.R. Grace & Co. v. Chakarian*, 591 F. 3d 164, 174 n.9 (3rd Cir. 2009) (assessment of whether parties are related to bankruptcy proceedings must be developed on a fact-specific, case-by-case basis).

      Pandora Servicing intends to seek an extension of the automatic stay to Pandora Marketing, Wilson, and Folk in the Bankruptcy Proceedings on several potential grounds. However, Pandora Servicing requires more time to gather and analyze the evidence for the fact-intensive adversary proceeding and motion for injunctive relief required to extend the stay.

As the first potential basis for extending the stay, bankruptcy courts have extended the automatic stay when the debtor and a non-debtor defendant are "intertwined" such that the debtor may be said to be the real party defendant and that a judgment against the non-debtor defendant will in effect be a judgment or finding against the debtor. *See A.H. Robins Co. v. Piccinin*, 788 F. 2d 994, 999 (4th Cir. 1986); *N.L.R.B. v. McDermott*, 300 B.R. 40, 43 n.7 (D. Colo. 2003) ("The automatic stay may apply to a non-debtor in special circumstances, such as where there is identity of interest between a debtor and a third party so that a judgment against a non-debtor would be binding on a debtor."). In this case, Plaintiffs have alleged that Pandora Servicing is inextricably intertwined with Pandora Marketing. *See* Amended Complaint, Doc. 36 ¶ 54 ("Pandora Marketing and Pandora Servicing are shell companies of each other and, upon information and belief, are virtually indistinguishable from one another. Pandora Marketing and Pandora Servicing share the same management and operate out of the same location."). The Court relied on this allegation in rejecting Defendant Pandora Servicing's argument in its Motion to Dismiss (Doc. 200) that no allegations were properly made out against Pandora Servicing. *See* Doc. 488 at 3, 19. The Court has similarly treated Pandora Marketing and Pandora Servicing as combined entities in applying sanctions to Pandora Servicing for discovery failures of Pandora Marketing. *See* Doc. 689 at 6. Because Pandora Servicing and Pandora Marketing have been found by this Court to be inextricably intertwined, the stay in view of Pandora Servicing's bankruptcy proceeding should logically be extended to Pandora Marketing.

Furthermore, Plaintiffs assert identical claims against Defendants for false advertising in violation of the Lanham Act (Count I of Plaintiffs' Amended Complaint),

4

tortious interference with contractual relations (Count IV of Plaintiffs' Amended Complaint), violations of Florida's Deceptive and Unfair Trade Practices Act (Count V of Plaintiffs' Amended Complaint), and civil conspiracy to commit tortious interference (Count VI of Plaintiffs' Amended Complaint). *See* Doc. 36. Proceeding against Pandora Marketing, Folk, and Wilson where identical claims are asserted against Pandora Servicing would in effect seek a judgment of findings against the debtor, Pandora Servicing, who is inextricably intertwined with those Defendants and is alleged to have committed the same violations. *See In re Fiddler's Creek, LLC*, 2010 Bankr. LEXIS 5715, at *11-12 (Bankr. M.D. Fla. Sept. 15, 2010) (finding that a case may not proceed when proof to substantiate claims against a debtor will be identical to hold the non-debtor liable). As the court in *In re Fiddler's Creek* noted, proceeding in this fashion against non-debtors Pandora Marketing, Wilson, and Folk would be a duplicative and uneconomical use of judicial resources. *See id.*

     As a second potential basis, courts have also extended the automatic stay to third parties when the action against the non-debtor will adversely impact the debtor's ability to reorganize. *In re Steven P. Nelson, D.C.,* P.A., 140 B.R. 814, 816–17 (Bankr. M.D. Fla. 1992) (enjoining actions against non-debtor guarantor where guarantor was president of debtor and his services were required to confirm debtor's plan of reorganization); *In re Sunbeam Secs. Litig.*, 261 B.R. 534, 536-537 (Bankr. M.D. Fla. 2001) (noting that federal courts have extended an automatic stay to non-debtor third parties where stay protection was deemed essential to the debtor's efforts of reorganization). Thus, when the action against a non-debtor (typically an officer or managing member of the debtor) will cause the non-debtor to forsake responsibilities in

working towards confirming the debtor's plan, courts have extended the stay to non-debtors. In such cases, courts have determined that unusual circumstances warrant extending the automatic stay because the non-debtor's services are necessary to ensure not only the reorganization, but ultimately the repayment of creditors' claims. *See In re Lazarus Burman Associates*, 161 B.R. 891, 899–900, Bankr. L. Rep. (CCH) P 75654 (Bankr. E.D. N.Y. 1993) (enjoining guaranty actions against non-debtor principals of the debtor because the principals were the only persons who could effectively formulate, fund, and carry out debtor's plan of reorganization).

Defendants Wilson and Folk are the principals and managers of both Pandora Marketing and Pandora Servicing. *See* Wilson Dep. at 18:10-19, 163:9-10 (Aug. 27, 2020); Folk Dep. at 30:12-13, 31:19-31, 32:19-22 (Aug. 28, 2020). Their services are essential to effectively formulate and carry out Pandora Servicing's plan of reorganization. Thus, there is a meritorious basis to extend the stay to Defendants Folk and Wilson so as not to cripple their ability to direct the debtor's reorganization.

Similarly, to enable the individual defendants to execute their responsibilities in the Pandora Servicing reorganization, there is a sound basis to extend the stay to Pandora Marketing as well. The purpose of the automatic stay is to "give[] the debtor a breathing spell from his creditors. It stops all collection efforts, all harassment, and all foreclosure actions. It permits the debtor to attempt a repayment or reorganization plan, or simply to be relieved of the financial pressures that drove him into bankruptcy." *In re Robinson*, 764 F.3d 554, 559, 59 Bankr. Ct. Dec. (CRR) 269, 72 Collier Bankr. Cas. 2d (MB) 520, Bankr. L. Rep. (CCH) P 82681 (6th Cir. 2014), cert. denied, 135 S. Ct. 2372 (2015) (citing H.R. Rep. No. 95-595, at 340 (1978)). Without extension of the stay to Defendants

Pandora Marketing, Folk and Wilson, the purpose of the automatic stay would be defeated.

Based upon the foregoing, Defendants have identified legitimate bases upon which the automatic stay should be extended to Pandora Marketing, Wilson, and Folk. In the present action, a stay against these Defendants is appropriate to afford the Bankruptcy Court in the Central District of California an opportunity to address the application of the stay to Defendants. A district court's inherent power to stay proceedings is not mitigated or obviated by § 362(a). Federal courts retain "the inherent power … under their general equity powers and in the efficient management of their dockets … to grant a stay." *Gulfmark* 2009 U.S. Dist. LEXIS 67926, at *5-8 n.6. Separate justification for issuing a stay in the same action as to non-debtors exists in the Court's inherent discretion to manage its docket and as required by the interests of justice and judicial economy. *See Landis v. North American Co.*, 299 U.S. 248, 254 (1936) (courts have the power to exercise their inherent discretion to stay a case when doing so will promote judicial efficiency and not harm any party); *Kerotest Mfg. C. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952) (the power to stay should be exercised based on considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation). Moreover, a stay may be justified pending the resolution of a related case in another court. *See Blue Moon Mktg., LLC v. Matthews*, 2016 U.S. Dis. LEXIS 174644, at *4 (M.D. Fla. Oct. 27, 2016) (staying entire case pending a defendant's bankruptcy proceedings under the district court's broad discretion); *Sci Northbay Commerce Fund 4, LLC v. Sci Real Estate Invs., LLC*, 2011 U.S. Dist. LEXIS 37489 (M.D. Fla. March 28, 2011) (granting defendant's motion to stay where some

7

defendants filed for bankruptcy protection in a separate case to preserve the interests of judicial economy and under the court's inherent authority to manage its cases).

As courts in this circuit have noted, "the bankruptcy court should make the determination as to whether extension of the stay to non-debtor third parties is appropriate" and have stayed cases pending a party's efforts to seek and obtain a ruling from a bankruptcy court as to whether the automatic stay should be extended to a non-debtor. *See O'Neil v. New Century Mortg. Corp.,* No. 1:06-CV-1140-GET, 2007 U.S. Dist. LEXIS 30349, at *2-4 (N.D. Ga. Apr. 24, 2007) (granting a sixty-day stay for the parties to seek and obtain a ruling from the Bankruptcy Court in Delaware where the Chapter 11 petition was pending because the "Bankruptcy Court ... is the appropriate court to address and to make the determination whether … to extend the automatic stay to non-debtor co-Defendant."); *Cajun Global LLC v. Volunteer Chicken*, 2019 U.S. Dist. LEXIS 239160 (N.D. Ga. Apr. 29, 2019) (granting a stay of entire lawsuit until automatic stay in a parallel bankruptcy proceeding pertaining to one defendant is lifted under the court's inherent powers to control its own docket).

Accordingly, Pandora Marketing, Wilson, and Folk request that this Court grant a stay pending a determination from the Bankruptcy Court's as to whether the automatic stay should be extended to them.

### III.
### CONCLUSION

WHEREFORE, Defendants Pandora Marketing, LLC, Rich Folk, and William Wilson respectfully request that this Honorable Court enter an order staying these

proceedings as to Defendants Pandora Marketing, LLC, Rich Folk, and William Wilson for a period of sixty (60) days.

## LOCAL RULE 3.01(g) CERTIFICATION

The undersigned has conferred with counsel for Plaintiffs who oppose this motion.

Respectfully submitted this 7th day of February, 2023.

| | |
|---|---|
| /s/ John Y. Benford<br>John Y. Benford, Esq.<br>Florida Bar: 51950<br>Natalie C. Bourff<br>Florida Bar: 1002702<br>Wilson Elser Moskowitz, Edelman & Dicker LLP<br>111 North Orange Avenue Suite 1200<br>Orlando, Florida 32801<br>Phone: 407.203.7594<br>Email: john.benford@wilsonelser.com<br>Attorneys for Pandora Marketing, LLC, William Wilson, And Rich Folk. | /s/ Patrick A. Bradford<br>Patrick A. Bradford, Esq.<br>(admitted pro hac vice)<br>Bradford Edwards & Varlack LLP<br>12 East 49th Street, 11th Floor<br>New York, NY 10017<br>Tel: 917.671.9406<br>Email:<br>pbradford@bradfordedwards.com<br>Attorneys for Defendant William Wilson and Rich Folk |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 7, 2023, a true and correct copy of the foregoing was furnished via electronic mail using the Court's CM/ECF system which will give notice to all parties registered to receive electronic notice via CM/ECF.

/s/ John Y. Benford
John Y. Benford, Esq.