**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| WYNDHAM VACATION OWNERSHIP, INC., *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>SLATTERY, SOBEL & DECAMP, LLP, *et al.*,<br><br>    Defendants. | Case No. 6:19-cv-01908-WWB-EKJ |

**DEFENDANTS' MOTION FOR LEAVE TO FILE UNDER SEAL**
**EXHIBITS 1-A THROUGH 1-H AND EXHIBITS 2 THROUGH 8 OF THEIR AMENDED**
**SUPPLEMENTAL BRIEF [DOC. 1055]**

Defendants Pandora Marketing, LLC, Pandora Servicing, LLC, Rich Folk and William Wilson (collectively "Pandora"), pursuant to Local Rule 5.4(b)(1), respectfully move this Honorable Court for an order granting it leave to file under seal Exhibits 1-A, 1-B, 1-C, 1-D, 1-E, 1-F, 1-G, 1-H, 2, 3, 4, 5, 6, 7, and 8 to Pandora's Amended Supplemental Brief. Pandora further requests that the documents remain under seal until: 1) the conclusion of this litigation; or 2) this Court rescinds the confidential designation applied to these exhibits.

**BACKGROUND**

On August 23, 2023, Pandora filed its Amended Supplemental Brief. *See* ECF No. 1055.

The documents contained in exhibits 1-A, 1-B, 1-C, 1-D, 1-E, 1-F, 1-G, 1-H, 2, 3, 4, 5, 6, 7, and 8 include the names, contact information, financial information, and other personal and confidential information relating to other parties.

Further, Pandora has designated the foregoing documents as confidential pursuant to the Confidentiality Agreement entered into by the parties. Pandora has no personal stake in these documents, and files this motion for purposes of protecting the

286220834v.1

rights of other parties, including the non-party Pandora clients/Wyndham timeshare owners.

These exhibits have previously been filed under seal by Plaintiffs [ECF No. 875-E and 875-F] due to the fact that the documents contained in these exhibits include the names, contact information, financial information, and other personal information relating to these other parties, and therefore Pandora is also filing them under seal to protect the confidential information.

## ARGUMENT

"The common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process." *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001). This right of access includes the right to inspect and copy public records and documents. *Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 597 (1978). But "the right to inspect and copy judicial records is not absolute," *id.*, and "may be overcome by a showing of good cause, which requires 'balancing the asserted right of access against the other party's interest in keeping the information confidential.'" *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007), quoting *Chicago Tribune*, 263 F.3d at 1309. The Court has "discretion to determine which portions of the record should be placed under seal," and "this discretion is 'to be exercised in light of the relevant facts and circumstances of the particular case.'" *Perez-Guerrero v. U.S. Atty. Gen.*, 717 F.3d 1224, 1235 (11th Cir. 2013), quoting *Nixon*, 435 U.S. at 597. In balancing the interest of the party seeking to seal court records and the public's right of access, "courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." *Romero*, 480 F.3d at 1246. A party's "privacy or proprietary interest in information" can "overcome[] the interest of the public in accessing the information." *Id.*

As set forth above, Exhibits 1-A, 1-B, 1-C, 1-D, 1-E, 1-F, 1-G, 1-H, 2, 3, 4, 5, 6, 7, and 8 to Pandora's Amended Supplemental Brief contain personal information of Pandora

2

clients and Wyndham owners, including names, contact information, financial information, and other personal and confidential information. The disclosure of such personal information will potentially cause injury if made a part of the public record. Moreover, with respect to the client information, these third parties may suffer financial crimes or harm if their sensitive information is made public. Courts have held that such confidential information should be filed under seal. *See, e.g., Awareness Ave. Jewelry v. P'ship*, 2023 U.S. Dist. LEXIS 79209, at * 2 (MD Fla. 2023); *Local Access, LLC v. Peerless Network, Inc.*, 2022 U.S. Dist. LEXIS 223596, at *8 (MD Fla. 2022).

Further, filing the documents under seal will not impair the functions of the Court and a less onerous means to sealing the proposed sealed materials does not exist.

These exhibits have previously been filed under seal by Plaintiffs [ECF No. 875-E and 875-F] due to the fact that the documents contained in these exhibits include the names, contact information, financial information, and other personal information relating to these other parties, and therefore Pandora is also filing them under seal to protect the confidential information.

## **CONCLUSION**

Based upon the foregoing, Pandora respectfully requests that this Honorable Court enter an order granting Pandora leave to file under seal Exhibits 1-A, 1-B, 1-C, 1-D, 1-E, 1-F, 1-G, 1-H, 2, 3, 4, 5, 6, 7, and 8 of the Amended Supplemental Brief [ECF No. 1055.] Pandora further requests that the documents remain under seal until: 1) the conclusion of this litigation; or 2) this Court rescinds the confidential designation applied to these exhibits.[1]

Date: August 24, 2023                                      Respectfully submitted,

***/s/ John Y. Benford***                                      ***/s/ Patrick A. Bradford***

---

[1] Counsel for Plaintiffs was in trial and unavailable before this motion was filed. Accordingly, pursuant to Local Rule 3.01(g)(3), counsel for Pandora will try diligently for three days from the day of this filing to contact them and will supplement this motion with a statement certifying whether the parties have resolved all or part of this motion.

3

286220834v.1

| | |
|---|---|
| John Y. Benford, Esq.<br>Florida Bar: 51950<br>Wilson Elser Moskowitz<br>Edelman & Dicker LLP<br>111 North Orange Avenue Suite 1200<br>Orlando, Florida 32801<br>Phone: 407.203.7594<br>E-mail: john.benford@wilsonelser.com<br>*Attorneys for Pandora Marketing, LLC, Pandora Servicing, LLC, William Wilson, and Rich Folk* | Patrick A. Bradford, Esq.<br>(admitted *pro hac vice*)<br>Bradford Edwards & Varlack LLP<br>12 East 49th Street, 11th Floor<br>New York, NY. 10017<br>Phone: (917) 671-9406<br>E-mail: pbradford@bradfordedwards.com<br>*Attorneys for Pandora Marketing, LLC, Pandora Servicing, LLC, William Wilson, and Rich Folk* |

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 24, 2023, the foregoing document was filed using the CM/ECF system for the United States District Court, Middle District of Florida, which will send electronic notice of the foregoing to all counsel of record.

                                                /s/ John Y. Benford
                                                John Y. Benford, Esquire

286220834v.1