UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WYNDHAM VACATION OWNERSHIP, INC., WYNDHAM VACATION RESORTS, INC., WYNDHAM RESORT DEVELOPMENT CORPORATION, SHELL VACATIONS, LLC, SVC-AMERICANA, LLC, and SVC-HAWAII, LLC,

    Plaintiffs,

v.                                    Case No: 6:19-cv-1908-WWB-EJK

SLATTERY, SOBEL & DECAMP, LLP, DEL MAR LAW GROUP, LLP, CARLSBAD LAW GROUP, LLP, JL "SEAN" SLATTERY, PANDORA MARKETING, LLC, PANDORA SERVICING, LLC, INTERMARKETING MEDIA, LLC, KENNETH EDDY, WILLIAM WILSON, and RICH FOLK,

    Defendants.

## ORDER

This cause comes before the Court on the Pandora Defendants', Rich Folk's, and William Wilson's (collectively, "Pandora") Motion for Leave to File Under Seal Exhibits 1-A through 1-H and Exhibits 2 through 8 of Their Amended Supplemental Brief [Doc. 1055] (the "Motion), filed August 24, 2023. (Doc. 1056.) Therein, Pandora

requests leave of Court to file under seal Exhibits 1-A, 1-B, 1-C, 1-D, 1-E, 1-F, 1-G, 1-H, 2, 3, 4, 5, 6, 7, and 8 to Pandora's Amended Supplemental Brief. (Doc. 1055.) On August 25, 2023, Pandora filed a Notice of Conferral wherein they certify, pursuant to Local Rule 3.01(g), the Motion is unopposed. (Doc. 1057.) Upon consideration, the Motion is due to be granted.

While the Eleventh Circuit recognizes a "presumptive common law right to inspect and copy judicial records," *United States v. Rosenthal*, 763 F.2d 1291, 1292–93 (11th Cir. 1985), a party may overcome the public's right to access by demonstrating good cause. *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) ("It is uncontested, however, that the right to inspect and copy judicial records is not absolute. Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes.").

If good cause is shown, the court must balance the interest in obtaining access to the information against the interest in keeping the information confidential. *See Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1309 (11th Cir. 2001). Factors a court may consider are:

> [W]hether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

*Romero*, 480 F.3d at 1246.

Pandora has complied with the requirements under Local Rule 1.11(c) and has articulated good cause for sealing the requested documents. Pandora argues that sealing is necessary because the documents reveal the identities of third-party timeshare owners and divulge the owners' sensitive personal information. The Court finds that protecting timeshare owners' personal identifying information is appropriate. *See, e.g.*, *Stemple v. QC Holdings, Inc.*, No. 12-cv-01997-BAS(WVG), 2016 WL 1255784, at *2 (S.D. Cal. Mar. 31, 2016) (permitting personal identifying information to be filed under seal).

Accordingly, it is hereby **ORDERED** that Pandora's Motion for Leave to File Under Seal Exhibits 1-A through 1-H and Exhibits 2 through 8 of Their Amended Supplemental Brief [Doc. 1055] (Doc. 1056) is **GRANTED**. Pandora is **DIRECTED** to file the documents under seal through CM/ECF **on or before September 18, 2023**.[1] The seal shall remain in place until resolution of this matter, including any appeals, at which time the sealed filings should be destroyed.

**DONE** and **ORDERED** in Orlando, Florida on September 14, 2023.

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE

---

[1] Effective November 7, 2022, lawyers are required to use CM/ECF to file a sealed document. Additional information and instructions can be found at https://www.flmd.uscourts.gov/cmecf.