**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| WYNDHAM VACATION OWNERSHIP, INC., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> SLATTERY, SOBEL & DECAMP, LLP, *et al.*, <br><br> Defendants. | Case No. 6:19-cv-01908-WWB-EKJ |

**DEFENDANTS' TIME-SENSITIVE MOTION**
**FOR CLARIFICATION WITH RESPECT TO THIS COURT'S**
**OCTOBER 4, 2023 REPORT AND RECOMMENDATION,**
**AND SUPPORTING MEMORANDUM**

Defendants Pandora Marketing, LLC, Pandora Servicing, LLC, Rich Folk, William Wilson, and Intermarketing Media, LLC ("Defendants") hereby move this Honorable Court for the entry of an order clarifying two apparent scrivener's errors contained in this Court's October 4, 2023 Report and Recommendation (Doc. 1062). Further, pursuant to Local Rule 3.01(e), Defendants respectfully request an expedited ruling on this motion by October 13, 2023. The grounds supporting this motion are contained in the memorandum, below.

**MEMORANDUM**

**I.  BACKGROUND**

This Court (Magistrate Judge Kidd) entered its Report and Recommendation on October 4, 2023 ("October 4 R&R") (Doc. 1062). Defendants intend to file objections with respect to certain rulings and findings set forth in the October 4 R&R pursuant to Fed. R.

1

Civ. P. 72. However, in reviewing the October 4 R&R and related record evidence, Defendants have observed what appears to be two scrivener's errors in the language of the R&R. Defendants respectfully request that the Court clarify these apparent errors so that the record will be clear.

## II.  ARGUMENT

**A.    Applicable law.**

Federal Rule of Civil Procedure 60(a) provides that a "court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." "Rule 60(a) may be used 'for the purpose of reflecting accurately a decision that the court actually made.'" *Casequin v. Cat 5 Contracting, Inc.*, 2021 U.S. Dist. LEXIS 196000, at *3 (M.D. Fla. Oct. 12, 2021), quoting *Weeks v. Jones*, 100 F.3d 124, 129 (11th Cir. 1996) (per curiam). While a district court may not use Rule 60(a) "to reflect a new and subsequent intent because it perceives its original judgment to be incorrect," it may issue a clarification that "more clearly reflect[s] its contemporaneous intent." *Casequin*, 2021 U.S. Dist. LEXIS 196000, at *3, quoting *Burton v. Johnson*, 975 F.2d 690, 694 (10th Cir. 1992) ("a district court may also invoke Rule 60(a) to resolve an ambiguity in its original order to more clearly reflect its contemporaneous intent and ensure that the court's purpose is fully implemented"); *see also Sartin v. McNair Law Firm PA*, 756 F.3d 259, 266 (4th Cir. 2014) ("A 'mistake arising from oversight or omission' also includes an unintended ambiguity that obfuscates the court's original intent.") (quoting Rule 60(a)).

**B.     Page 14 of the October 4 R&R.**

The first matter in which Defendants seek clarification is contained on page 14 of the recommended ruling portion of the October 4 R&R. The Court states as follows:

> "I RESPECTFULLY RECOMMEND that the Court ... ENTER the Permanent Injunction Order. (Doc. ***874-1***.) (emphasis added).

Doc. 1062, at 14. However, Doc. 874-1 refers to Plaintiffs' *original* proposed injunction filed with the Court on September 19, 2022 (Doc. 874-1). Importantly, Plaintiffs later *revised* its proposed injunction on August 23, 2023 pursuant to its Supplemental Brief and changed their requested relief. *See* Doc. 1053 at 15; Doc 1053-1 (Plaintiffs' revised proposed injunction). Plaintiffs' revised proposed injunction is attached as Exhibit "A" to its Supplement Brief. *See* Doc. 1053-1. Defendants believe that the Court inadvertently referred to Plaintiffs' previous proposed injunction (Doc. 874-1) submitted in September 2022, rather than Plaintiffs' most recent proposed injunction which they submitted to the Court on August 23, 2023 as an attachment to their Supplemental Brief. Significantly, the scope of the injunctive relief varies significantly between Doc. 874-1 and 1053-1, with the effectively withdrawn Doc. 874-1 seeking injunctive relief the goes well beyond Plaintiffs' Complaint.

Accordingly, Defendants respectfully submit that this sentence of the October 4 R&R should read as follows:

> "I RESPECTFULLY RECOMMEND that the Court ... ENTER the Permanent Injunction Order. (Doc. ~~874-1~~ <u>1053-1</u>).

**C.     Page 13 of the October 4 R&R.**

The second matter in which Defendants seek clarification is contained on page 13 of the R&R. The Court states as follows:

3

> "Thus, I recommend that the Court enter the Permanent Injunction Order (Doc. **1052-1**)…." (emphasis added).

However, Doc. 1052-1 is the proposed stipulated injunction relating to the *Lawyer Defendants*, and not to Defendants Pandora Marketing, LLC, Pandora Servicing, LLC, Rich Folk, William Wilson, and Intermarketing Media, LLC. *See* Doc. 1052-1. Defendants believe that the Court intended to refer to Plaintiffs' proposed injunction relating to the Defendants Pandora Marketing, LLC, Pandora Servicing, LLC, Rich Folk, William Wilson, and Intermarketing Media, LLC at Doc. 1053-1. As described above, Plaintiffs submitted a proposed injunction on August 23, 2023 attached to their Supplemental Brief which was intended to apply to Defendants Pandora Marketing, LLC, Pandora Servicing, LLC, Rich Folk, William Wilson, and Intermarketing Media, LLC. However, it appears that the Court inadvertently referred to the proposed injunction relating to the Lawyer Defendants. Accordingly, Defendants respectfully submit that this sentence of the R&R should read as follows:

> "Thus, I recommend that the Court enter the Permanent Injunction Order (Doc. ~~1052-1~~ <u>1053-1</u>)…."

### D. Expedited ruling.

Pursuant to Local Rule 3.01(e), Defendants respectfully request an expedited ruling on this motion by October 13, 2023. Defendants are required to file objections to certain portions of the October 4 R&R by October 18, 2023. However, the clarification Defendants seek in this motion is necessary in order for Defendants to understand the nature and scope of the relief recommended by this Court in the October 4 R&R.

### III. CONCLUSION

Based upon the foregoing, Defendants respectfully clarification of this Court's October 4, 2023 Report and Recommendation (Doc. 1062) as set forth above. Further,

pursuant to Local Rule 3.01(e), Defendants respectfully request an expedited ruling on this motion by October 13, 2023.

    Finally, by requesting clarification as to this Court's ruling in the October 4 R&R, Defendants do not consent to the October 4 R&R, do not waive any right to object to the R&R, and reserve all rights to object to the R&R.

Dated: October 9, 2023

Respectfully submitted,

*/s/ John Y. Benford*

John Y. Benford, Esq.
Florida Bar: 51950
Natalie C. Bourff, Esq.
Florida Bar: 1002702
Wilson Elser Moskowitz
Edelman & Dicker LLP
111 North Orange Avenue Suite 1200
Orlando, Florida 32801
Phone: 407.203.7594
Email: john.benford@wilsonelser.com
*Attorneys for Defendants Pandora Marketing, LLC, William Wilson, and Rich Folk*

*/s/ Patrick A. Bradford*

Patrick A. Bradford
(admitted *pro hac vice*)
Bradford Edwards & Varlack LLP
12 East 49th Street, 11th Floor
New York, NY 10017
Tel: 917.671.9406
Email: pbradford@bradfordedwards.com
*Attorneys for Defendants William Wilson and Rich Folk*

*/s/ David A. Klein*

David A. Klein, Esq.
Law Offices of David Alan Klein, P.C.
1940 Route 70 East, Suite 4
Cherry Hill, NJ 08003
Tel: (856) 428-3383
lawofficesdakpc@aol.com
*Attorneys for Defendant Intermarketing Media, LLC*

5

## LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), the undersigned counsel has discussed this motion with counsel for Plaintiffs in an attempt to resolve these issues.  Plaintiffs state that they take no position with respect to this motion.

/s/ *John Y. Benford*
John Y. Benford, Esq.

## CERTIFICATE OF SERVICE

I hereby certify that on October 9, 2023, the foregoing document was filed using the CM/ECF system for the United States District Court, Middle District of Florida, which will send electronic notice of the foregoing to all counsel of record.

/s/ *Natalie C. Bourff*
Natalie C. Bourff, Esq.
