UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WYNDHAM VACATION OWNERSHIP, INC., et al.,

    Plaintiffs,

v.

SLATTERY, SOBEL & DECAMP, LLP, et al.,

    Defendants.

_____/

Case No. 6:19-cv-1908-Orl-78EJK

## PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION

Plaintiffs ("Wyndham") oppose Pandora Marketing, LLC; Pandora Servicing, LLC; William Wilson; Rich Folk; and Intermarketing Media, LLC's ("Telemarketers") *Time Sensitive Mot. for Leave to File One Joint Objection to the Am. Report and Recommendation [Doc. 1065] Which Exceeds the Page Limit* dated October 19, 2023 [ECF No. 1066] (the "Motion") as Telemarketers fail to justify the requested relief in that the Motion gives no specific reason for needing additional pages to object to the Court's *Amended Report & Recommendation* dated October 10, 2023 [DE 1065] (the "Amended R&R").

Courts considering whether to grant excess pages have generally applied a good cause standard. *See e.g. Hughes v. GEICO Gen. Ins. Co.*, No. 615CV280ORL40GJK, 2016 WL 9559910, at *6 (M.D. Fla. June 16, 2016) ("Motions for relief from page limitations are disfavored and will not be granted without a specific showing of good cause."). Additionally, the Court's management of its own docket is within the Court's sound discretion. *See e.g. Barber v. Am.'s Wholesale Lender*, 289 F.R.D. 364, 366 (M.D. Fla. 2013) ("District courts have unquestionable authority to control their own dockets.")

1

(internal quotations omitted). Here, the Motion fails to show good cause supporting any need for additional pages to object to the Amended R&R.

At best, the Motion points to the fact that the Court record is voluminous. *See* Mot., p. 2. The mere fact that there are lengthy written briefs on the docket in this matter does not mean that there is a need for a longer brief in regard to the specific issues articulated in the Amended R&R. The Motion does not identify any portion of the Amended R&R or argument to be included in the anticipated objection that would justify the requested additional pages. *See id.* To the contrary, the Motion concedes that the Amended R&R was "not lengthy." *Id.* Thus, the Motion provides no basis for the Court to increase the page limits for Telemarketers' objection.

Second, the Motion's reference to the Court's rejection of Telemarketers' arguments does not justify additional briefing space. The Motion states that "many of Defendants' arguments were rejected, explicitly and implicitly." *Id.* This is irrelevant. An objection is not a vehicle for the Telemarketers to merely re-state their prior rejected arguments. Rather, Telemarketers must (1) identify specific objections to the Amended R&R and (2) concisely explain the basis for their disagreement. *See* Standing Order, Case No. 6:23-mc-4-WWB (Feb. 10, 2023) (Berger, J.). Despite this simple proposition, the Motion does not identify any specific objection, briefing, or request for relief that will require any form of voluminous briefing or departure from the Court's ordinary procedures. As such, the Motion fails to demonstrate good cause for excess pages on this basis as well.

Finally, the Motion is contrary to the spirit of the Court's standing order. The Motion requests that the Court **double** the page limit permitted in the Court's Standing Order.

2

*Mot.* p. 3 (requesting "a combined and total page limit of up to **30 pages**.") (emphasis in original). The Court's Standing Order provides that all objections contain "a ***concise*** statement of the ***precise*** basis for the objection." (emphasis added). Instead of following such guidance from the Court by tailoring the anticipated objection to a narrow specific issue, the Motion betrays the fact that Telemarketers intend to re-litigate the entire inventory of arguments that they previously raised before the Court. This is not the purpose of an objection to a report and recommendation. Defendants need only include a concise explanation of their disagreement with the Amended R&R. Thirty pages of briefing is well in excess of would be required to raise those points for the Court, and the Motion fails to demonstrate otherwise.

WHEREFORE, the Court should deny Defendants' request to file excess pages and require that any anticipated objection be filed within the ordinary fifteen (15) page limit.

Dated: October 20, 2023                                                              Respectfully Submitted,

/s/ Benjamin F. Elliott
**ALFRED J. BENNINGTON, JR., ESQ.**
(FBN 0404985); bbennington@shutts.com
**GLENNYS ORTEGA RUBIN, ESQ.**
(FBN 556361); grubin@shutts.com
**CHRISTIAN M. LEGER, ESQ.**
(FBN 0100562); cleger@shutts.com
**BENJAMIN F. ELLIOTT, ESQ.**
(FBN 1010706); belliott@shutts.com
**SHUTTS & BOWEN LLP**
300 South Orange Avenue, Suite 1600
Orlando, Florida 32801 *and*
**ERIC C. CHRISTU, ESQ.**
(FBN 434647); ecchristu@shutts.com
**SHUTTS & BOWEN LLP**
525 Okeechobee Boulevard, Suite 1100
West Palm Beach, Florida 33401
*Attorneys for Plaintiffs*

ORLDOCS 20953727 1