UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WYNDHAM VACATION OWNERSHIP, INC., et al.,

    Plaintiffs,

v.

SLATTERY, SOBEL & DECAMP, LLP, et al.,

    Defendants.

_____/

Case No. 6:19-cv-1908-Orl-78EJK

**PLAINTIFFS' TIME-SENSITIVE MOTION TO STRIKE PANDORA'S MOTION TO RECONSIDER ONE ASPECT OF THE COURT'S AMENDED REPORT AND RECOMMENDATION OR MOTION FOR EXTENSION AND MEMORANDUM OF LAW**

    Plaintiffs (collectively, "Wyndham"), move to strike *Pandora's Motion to Reconsider One Aspect of the Court's Amended Report and Recommendation* (ECF No. 1067) (the "Reconsideration Motion"), filed by Defendants Pandora Marketing, LLC; Pandora Servicing, LLC; Rich Folk; William Wilson, and Intermarketing Media, LLC (collectively, the "Telemarketers"). The Court should strike the Reconsideration Motion because the Telemarketers' objections (ECF Nos. 1071-72) (the "Objections") to the pending *Amended Report and Recommendation* (ECF No. 1065) (the "Amended R&R") divest the Court of jurisdiction to consider the Reconsideration Motion. Further, the Reconsideration Motion is otherwise an improper vehicle for the Telemarketers to lodge objections to the Amended R&R, which is effectively what the Reconsideration Motion does as the Objections re-state the argument previously raised in the Reconsideration Motion.

    In the alternative, should the Court not strike the Reconsideration Motion, Wyndham moves, pursuant to Fed. R. Civ. P. 6, and for good cause shown, for an

1

extension of the deadline to respond to the Reconsideration Motion of at least seven days following the Court's order on this Motion, but no sooner than November 2, 2023.[1]

## I. TIME-SENSITIVE STATUS

Pursuant to Local Rule 3.01(e), the instant Motion is marked time-sensitive as Wyndham's deadline to respond to the Motion for Reconsideration is November 2, 2023. Wyndham respectfully requests an order by October 31, 2023.

## II. BACKGROUND

On October 10, 2023, this Court entered the Amended R&R,[2] recommending (i) the entry of default judgment against the Telemarketers as to Counts I, IV, V, and VI of the operative Amended Complaint, (ii) entry of a permanent injunction against the Telemarketers, and (iii) an award of $16,231,197.88 to Wyndham in disgorgement damages. (ECF No. 1065, p. 14). The Amended R&R notified the parties that they had fourteen days to file objections to the proposed findings and recommendations. *Id*. at 15.

On October 19, 2023, rather than object to the Amended R&R, the Telemarketers filed the Reconsideration Motion wherein they seek reconsideration of the Court's decision, as stated in the Amended R&R, to exclude the testimony of witness Irene Dasalla. *See generally* (ECF No. 1067). Then, on October 24, 2023, the Telemarketers separately filed objections to the Amended R&R. (ECF Nos. 1071-72). The Objections re-state the argument as to Ms. Dasalla made in the previously filed Reconsideration Motion. *See* (ECF No. 1071, p. 5-11; ECF No. 1072, p. 1).

---

[1] The current deadline to respond to the Reconsideration Motion is November 2, 2023.
[2] The original R&R (ECF No. 1062) contained two scrivener's error that the Court corrected in the Amended R&R, such corrections were the only modifications.

The Telemarketers' chosen procedural path—filing both the Reconsideration Motion and the Objections—necessitates the striking of the Reconsideration Motion.

### III. MEMORANDUM OF LAW

Courts have the inherent authority to strike improperly-filed papers from the docket. *See Soto v. Miami-Dade Cty.*, 281 F. Supp. 3d 1320, 1322 (S.D. Fla. 2017), *aff'd*, 760 F. App'x 855 (11th Cir. 2019) ("District courts also possess[] the inherent power to police [their] dockets."); *Fisher v. Whitlock*, 784 F. App'x 711, 714 (11th Cir. 2019) (noting that striking a motion is within the inherent powers of the Court); *Byrne v. Nezhat*, 261 F.3d 1075, 1129 n. 105 (11th Cir. 2001) (noting that "Fed.R.Civ.P. 12(f) ... is a codification of part of the district court's inherent power to manage pending litigation").

Additionally, the Court may grant an extension of time upon a showing of good cause. Fed. R. Civ. P. 6(b)(1). "To establish good cause, the party seeking the extension must establish that the schedule could not be met despite the party's diligence." *Ashmore v. Sec'y, Dep't of Transp.*, 503 F. App'x 683, 685 (11th Cir. 2013).

### IV. ARGUMENT

#### A. The Objections Divest this Court of Jurisdiction to Reconsider the Amended R&R.

First, by filing the Objections, the Telemarketers divested the Court of jurisdiction to reconsider the Amended R&R. The Objections, which effectively appeal the Amended R&R, place review of the Amended R&R in the hands of the District Judge. A simultaneous reconsideration of the Amended R&R by the Magistrate Judge would interfere with, if not render moot, the District Judge's review. Moreover, waiting until the District Judge's review is finished would be fruitless, as upon the issuance of the District Judge's order as to the Amended R&R, the Reconsideration Motion would similarly be

moot as any matters put forth for reconsideration would be subject to the District Judge's final opinion. Thus, the appropriate remedy is to strike the Reconsideration Motion, as its filing is improper at this procedural posture.

When presented with the same scenario by the plaintiff in *Darby v. Carnival Corporation*, the Southern District of Florida Magistrate Judge considered that: "Plaintiff's objections -- i.e., an appeal of my recommendation to the District Judge -- may have divested the Undersigned of jurisdiction to rule on Plaintiff's motion for reconsideration." No. 19-21219-CIV, 2021 WL 5902866, at *1 (S.D. Fla. Dec. 13, 2021).  The *Darby* Court noted that the plaintiff had already availed herself of the opportunity to file an objection, and the dual filings created jurisdictional uncertainty because "Plaintiff [] appealed the [Magistrate Judge's] recommendations while also seeking reconsideration of those same recommendations." *Id*.; *see also Pintos v. Martinez,* No. 23-61169-CV, 2023 WL 6462106, *1, n. 2 (S.D. Fla. Oct. 4, 2023) (Denial as moot of a motion for reconsideration where objection was also filed as "the applicable rules provide that the proper avenue for relief from a magistrate judge's report and recommendation is to timely file objections to the report and recommendation" and "[s]uch a practice creates an extra layer of review that the rules do not provide for and 'creates uncertainty' as to which judge has jurisdiction." (internal citations omitted) (citing *Darby*, 2021 WL 5902866, at *1)).  The *Darby* Court ultimately ordered that the motion for reconsideration be stricken based on lack of jurisdiction or, in the alternative, be denied on the merits.  *Darby*, 2021 WL 5902866, at *5.

The *Darby* Court relied on *NML Cap., Ltd. v. Republic of Argentina*, No. 2:14-CV-492-RFB-VCF, 2015 WL 3489684 (D. Nev. June 3, 2015), which similarly found that the

filing of an objection divested the magistrate judge of jurisdiction to consider a simultaneously-filed motion to clarify the magistrate judge's at-issue order. *Id*. at *2. In reaching its conclusion, *NML* looked to the principals governing the divestment of a district judge's jurisdiction upon appeal of an order to the circuit court. *Id*. Applying such principals, the Court found that, likewise, "when a party files an objection to a magistrate judge's order, the objection generally divests the magistrate judge of jurisdiction over the matters objected to." *Id*. (quotation omitted).

This Court should similarly find that by appealing the Amended R&R to the District Judge, via the Objections, the Telemarketers divested this Court of the jurisdiction to reconsider the Amended R&R through the Reconsideration Motion.

### B. The Reconsideration Motion is an Improper Objection to the Amended R&R.

Second, the Court should strike the Reconsideration Motion as it is an improper, second objection to the Amended R&R. The Telemarketers were given fourteen days to file written objections to the Amended R&R's findings. *See* (ECF No. 1065 at 15); 28 U.S.C. § 636(b)(1)(C). The Telemarketers did so. (ECF Nos. 1071-72). By filing the Reconsideration Motion, the Telemarketers also filed what is, in essence, a second objection to the Amended R&R. Indeed, the argument made in the Reconsideration Motion is duplicated in both Objections in addition to other (meritless) arguments. *See id.*

Regardless of jurisdictional considerations, the proper means to challenge the conclusions of a Magistrate Judge's report and recommendation is an objection[3]. In

---

[3] In fact, courts have often construed motions for reconsideration as objections to the relevant report and recommendation for this reason. *See, e.g., Green v. Fla.*, No. 3:12-CV-134-J-32MCR, 2013 WL 5567324, at *1 (M.D. Fla. Oct. 9, 2013); *Williams v. Lynch*,

5

*Farrell v. GMAC Mortg.*, the Court stated that "reconsideration is not the appropriate avenue to dispute the Report and Recommendation." No. 213CV140FTM29DNF, 2014 WL 12617441, at *1 (M.D. Fla. Feb. 5, 2014).  In that matter, the Court denied a motion for reconsideration and permitted the challenging party to submit a separate objection. *Id.*  Thus, the solution was to clear from the docket an erroneously filed motion for reconsideration and, instead, proceed through the proper vehicle of an objection.  *See id.* Here, the Court should do the same by striking the Reconsideration Motion and proceeding, via the correct procedural channel, through consideration of the Telemarketers' arguments through the Objections.

Failure to strike the Reconsideration Motion would subject Wyndham to the improper burden of substantively responding to multiple briefs when Telemarketers were only entitled to one each. Filing both the Reconsideration Motion and the Objections is no more than a means to circumvent (ignore) the Court's page limitations without leave. The Reconsideration Motion devotes its entire fifteen pages of argument, and over 100 pages of exhibits, to a single issue (the exclusion of one witness).  (ECF No. 1067).  Through the Objections, the Telemarketers then present a truncated version of this argument leaving them with more space to assert other (meritless) arguments.  (ECF Nos. 1071-72).  Specifically, Pandora Marketing, Pandora Servicing, Rich Folk, and William Wilson (together "Pandora") devote approximately six pages of text in their Objection to this issue (ECF No. 1071, pp. 5-11).  The remainder of their brief address other issues.  *Id.* at pp. 1-5, 11-15.  Intermarketing's Objection is even more aggressive and merely incorporates

---

No. 6:06CV1540-ORL28KRS, 2007 WL 2330919, at *1 (M.D. Fla. Aug. 13, 2007); *Rhiner v. Jones*, No. 2:15-CV-14319, 2016 WL 5024170, at *1 (S.D. Fla. Sept. 20, 2016); *Raymond v. Mortg.*, No. 14-21291-CIV, 2014 WL 12863135 (S.D. Fla. May 30, 2014).

by reference the entirety of Pandora's objection on this point, which leaves nearly the entirety of their Objection open to make other arguments.  (ECF No. 1072, p. 1) ("Intermarketing adopts and incorporates Pandora Defendants' concurrently filed objections and arguments").  Thus, without leave of Court, the Telemarketers took for themselves an additional fifteen pages of briefing to challenge the Amended R&R.  Such disregard for the proper procedure and the Court's rules prejudices Wyndham.

This is but the latest example of the Telemarketers' disregard for the Court's direction. Despite not receiving leave to submit additional briefing after requesting such enlargement (ECF No. 1065), Telemarketers functionally did so regardless. Yet again, Telemarketers operate under the mistaken belief that they are exempt from the Court's rules or orders.  *See e.g.* (ECF No. 689) (Entering default as sanction for Telemarketers' discovery violations).  Like willfully failing to comply with discovery obligations, or simply choosing not to pay $204,621.66 in fees and costs since the Court ordered such payment in September **_2022_** (and which **_remains unpaid_**[4] through the date of this motion), Telemarketers want things their way no matter what the Court orders or directs.

Indeed, the Court previously admonished Telemarketers for filing baseless reconsideration motions, stating that "the docket is inundated with motions simply asking the Court to change its ruling."  (ECF No. 956, p. 3).  At the time, the Court "cautioned" Telemarketers "against filling future groundless motions" and warned "that doing so will be met with sanctions."  *Id.*  The instant parallel Reconsideration Motion and Objections

---

[4] Wyndham's *Motion for Order to Show Cause as to the Telemarketing Defendants For Failure to Comply with Court Order (DE 869) and Incorporated Memorandum of Law* dated September 28, 2022 (ECF No. 885) addressing such refusal to pay remains outstanding.

7

is no more than the latest instance of the Telemarketers flooding the docket with baseless[5] arguments that force Wyndham and the Court to expend resources in response. The Court should not permit this and should strike the procedurally improper Reconsideration Motion before Wyndham is forced to undertake the costly exercise of responding to *yet another* improper reconsideration motion.

### C. Alternative Request for Additional Time

To the extent that the Court does not strike the Reconsideration Motion, Wyndham requests additional time to respond thereto. At present, the deadline to respond to the Reconsideration Motion is November 2, 2023. Wyndham seeks adjudication of this Motion on an expedited basis in light of such deadline, so that it can be properly guided in preparing a timely response.

Should the Court not strike the Reconsideration Motion, there would be good cause to extend the response deadline. Specifically, until the Court rules on such request, Wyndham will not know what scope of arguments remain (if any) to address in a substantive opposition. Wyndham requests sufficient time to assemble a substantive response following receipt of such clarity from the Court.

---

[5] While the Reconsideration Motion purports to put forth "new evidence," the "new evidence" is in fact not new but is rather argument that the Telemarketers could have raised at the August 9, 2023 evidentiary hearing or in their post-hearing brief but failed to do so. *See* (ECF No. 1067). Such argument is not appropriately presented in a motion for reconsideration. Indicative of the Reconsideration Motion leaving the bounds of reality, the Telemarketers assert that they were unable to offer these arguments in their post-hearing brief because the hearing transcript incorrectly spelled Ms. Dasalla's last name. *Id.* at pp. 4, 10-11. As this individual is a Pandora Marketing employee, it is disingenuous to claim that the court reporter's phonetic spelling somehow precluded Telemarketers from making some arguments on matters related to Ms. Dasalla despite inclusion of other arguments related to her testimony in Telemarketer's post-hearing brief. As is to be expected from Telemarketers, the Telemarketers attempt to shift blame for their litigation decisions. Here, the court reporter is to blame. Wyndham will address this deficiency and others from the Reconsideration Motion in more detail if forced to substantively respond.

Accordingly, Wyndham asks that the Court delay the deadline to file any such substantive opposition until seven (7) days after the entry of an order on this Motion, unless such seven days would expire prior the current deadline. Thus, Wyndham would have at least seven days from the adjudication of this Motion to prepare any necessary opposition.

WHEREFORE, Wyndham respectfully requests that the Court enter an Order striking the Telemarketers' Motion for Reconsideration or, in the alternative, granting Wyndham an extension of the deadline to substantively respond to the Reconsideration Motion by seven (7) days after the entry of an order on this Motion, unless such seven days would expire prior the current deadline, and granting such further relief as the Court deems just and proper.

## LOCAL RULE 3.01(g) CERTIFICATION

On October 26, 2023, counsel for Wyndham conferred with counsel for Pandora Marketing, LLC; Pandora Servicing, LLC; Rich Folk; William Wilson (the "Pandora Defendants") via phone in a good faith effort to resolve the relief sought herein. The Pandora Defendants oppose this Motion.

On October 25, 2023, counsel for Intermarketing, David A. Klein, Esq., represented that he is unavailable to confer on the relief requested in this Motion until October 30, 2023. Pursuant to Local Rule 3.01(g)(3), following the anticipated conferral with Attorney Klein on October 30, 2023, Wyndham will timely supplement this certification with the position of Intermarketing.

9

Dated: October 26, 2023.   Respectfully submitted,

*/s/ Benjamin F. Elliott*
**ALFRED J. BENNINGTON, JR., ESQ.**
Florida Bar No. 0404985
bbennington@shutts.com
**GLENNYS ORTEGA RUBIN, ESQ.**
Florida Bar No. 556361
grubin@shutts.com
**MICHAEL J. QUINN, ESQ.**
Florida Bar No. 84587
Email: mquinn@shutts.com
**BENJAMIN F. ELLIOTT, ESQ.**
Florida Bar No. 1010706
belliott@shutts.com
**SHUTTS & BOWEN LLP**
300 South Orange Avenue, Suite 1600
Orlando, Florida 32801
Telephone: (407) 835-6755
Facsimile: (407) 849-7255

and

**ERIC C. CHRISTU, ESQ.**
Florida Bar No.: 434647
ecchristu@shutts.com
**SHUTTS & BOWEN LLP**
525 Okeechobee Boulevard, Suite 1100
West Palm Beach, Florida 33401
Telephone: (561) 835-8500
Facsimile: (561) 650-8530
*Attorneys for Plaintiffs*