**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

WYNDHAM VACATION OWNERSHIP, INC., et al.,

    Plaintiffs,

v.

SLATTERY, SOBEL & DECAMP, LLP, et al.,

    Defendants.

_____/

Case No. 6:19-cv-1908-Orl-78EJK

**PLAINTIFFS' TIME-SENSITIVE MOTION TO STRIKE IMPROPER CROSS-REFERENCES IN TELEMARKETERS' OBJECTIONS OR, IN THE ALTERNATIVE, MOTION FOR EXTENSION OF TIME TO FILE RESPONSES THAT EXCEED THE PAGE LIMITS AND INCORPORATED MEMORANDUM OF LAW**

Plaintiffs (collectively, "Wyndham"), move to strike certain portions of *Pandora Defendants' Objections to Amended R&R* (ECF No. 1071) (the "Pandora Objection") filed by Defendants Pandora Marketing, LLC; Pandora Servicing, LLC; Rich Folk; and William Wilson, (collectively, the "Pandora Defendants"), and certain portions of *Intermarketing's Objections to Amended Report and Recommendation* (ECF No. 1072) (the "Intermarketing Objection"), filed by Defendant Intermarketing Media, LLC ("Intermarketing") (the Pandora Defendants and Intermarketing together, the "Telemarketers"). The Pandora Objection and the Intermarketing Objection (together, the "Objections"), blatantly disregard this Court's imposed page-limits by incorporating arguments that add over thirty additional pages to the Objections, combined. Such incorporated arguments should be stricken as an improper attempt by the Telemarketers to exceed this Court's page limits.

In the alternative, should the Court not grant the request to strike portions of the Objections, Wyndham requests, pursuant to Fed. R. Civ. P. 6, Local Rule 3.01(b), and for

1

good cause shown, (a) that it be granted five (5) additional pages for each response to the Objections; and (b) that the deadline to respond to the Objections be extended by seven (7) days from the date the Court adjudicates this Motion but in no event any earlier that November 7, 2023.[1]

## I. TIME-SENSITIVE STATUS

Pursuant to Local Rule 3.01(e), the instant motion is marked time-sensitive as Wyndham's deadline to respond to the Motion for Reconsideration is November 7, 2023. Wyndham respectfully requests an order by Tuesday, October 31, 2023.

## II. BACKGROUND

On October 10, 2023, this Court entered an Amended Report and Recommendation (ECF No. 1065) (the "R&R"), recommending the entry of various relief against the Telemarketers and in favor of Wyndham. (ECF No. 1065, p. 14). Following the R&R, the Telemarketers filed a *Time-Sensitive Motion for Leave to File One Joint Objection to the Amended Report and Recommendation Which Exceeds the Page Limit* (ECF No. 1066) (the "Objection Motion"), wherein they sought to file an omnibus thirty-page objection to the R&R. *Id*. When their objections became due, the Objection Motion had not yet been ruled upon.

On October 24, 2023, the Telemarketers filed the Objections, with each Objection sixteen-pages in length. However, a review of the Objections shows that the Telemarketers unilaterally granted themselves the enlarged page-limit relief they were seeking, but was not awarded by the Court, with each Objection incorporating by

---

[1] The current deadline to respond to the Objections is November 7, 2023.

reference numerous arguments in the co-defendant's Objection, and other filings. *See* (ECF No. 1071 at 12, 14, 15; ECF No. 1072 at 1, 8).

The Objections ignore the rules governing page limits, place undue burden upon the Court, and prejudice Wyndham as it prepares to potentially respond to an additional thirty pages of briefing than that which is permitted by the rules. As such, the Court should strike the improper incorporated arguments in the Objections or, in the alternative, grant Wyndham additional time and pages to respond to the lengthy Objections.

### III. MOTION TO STRIKE IMPROPER PORTIONS OF THE OBJECTIONS

Wyndham moves to strike the portions of the Objections that improperly seek to adopt and incorporate by reference arguments found in other filings.

#### A. Legal Standard

Courts have the inherent authority to strike improperly-filed papers from the docket. *See Soto v. Miami-Dade Cty.*, 281 F. Supp. 3d 1320, 1322 (S.D. Fla. 2017), *aff'd*, 760 F. App'x 855 (11th Cir. 2019) ("District courts also possess[] the inherent power to police [their] dockets."); *Fisher v. Whitlock*, 784 F. App'x 711, 714 (11th Cir. 2019) (noting that striking a motion is within the inherent powers of the Court); *Byrne v. Nezhat*, 261 F.3d 1075, 1129 n. 105 (11th Cir. 2001) (noting that "Fed.R.Civ.P. 12(f) ... is a codification of part of the district court's inherent power to manage pending litigation").

#### B. Argument

The Court should strike the incorporated arguments in the Objections as an improper means to exceed the Court's page limit. This Court's Standing Order states that a party may file an objection to a report and recommendation "no longer than fifteen pages inclusive of all parts." *In re: Magistrate Orders and Reports and Recommendations*, 6:23-

3

mc-4-WWB (Feb. 10, 2023) (emphasis added). As the Standing Order states: "Failure to strictly adhere to these page limitations and requirements may result in the summary denial of the objection without notice." *Id*. The Telemarketers did not strictly adhere to the Court's page limitations, but rather, each Objection incorporates by reference numerous arguments, adding significantly more pages to the Objections when viewed as a whole[2].

The Pandora Objection seeks to "adopt and incorporate Intermarketing's concurrently filed objections" as to the following topics:

- "It was Error to award an Amount Grossly Disproportionate to Harm," (ECF No. 1071 at 11-12, heading IV);
- "It was Error to Award Any Disgorgement in Non-Comparative False Advertising Cases," (*id*. at heading V);
- "Error to Award Disgorgement When Wyndham Acted Inequitably," (*id*. at heading VI);
- "It was Error to Find Irreparable Harm," (*id*. at 14, heading VIII);
- "The R&R Erred by Determining that the Complaint Sufficiently Stated Claims," (*id*. at 15, heading X); and
- "The R&R Erred by Determining that Plaintiffs Have Standing to Pursue All Claims, Including Actual and Disgorgement Damages," (*id*. at heading XI).

The Pandora Objection also seeks to incorporate by reference the Telemarketers' prior arguments in *other* briefings on the docket, including:

---

[2] Wyndham also notes that the Objections on their face exceed the fifteen-page limit, in that they both are sixteen-pages inclusive of the certificates of service. *See* (ECF Nos. 1071, 1072). Moreover, the Pandora Objection further pushes the bounds of its page limit through the use of incredulously long footnotes that contain substantive arguments, including one footnote that takes up at least three-fourths of a page. *See* (ECF No. 1071 at 8 n.4); *see also id*. at 4 n.2, 9-1 n.5; *Morgan v. ACE Am. Ins. Co*., No. 3:16-CV-705-J-39MCR, 2016 WL 9211667, at *1 (M.D. Fla. Sept. 7, 2016) ("While Local Rule 1.05(a) authorizes the use of footnotes, it does not permit the use of footnotes as a means to circumvent this Court's page limitations. The Court is not in the practice of reading and analyzing lengthy footnotes where they are used merely as a way to avoid page limits.").

- "It was Error to Award Any Disgorgement in Non-Comparative False Advertising Cases," which seeks to "incorporate prior arguments at DE 1055[3], p. 10-11," (*id*. at 12, heading V);

- "It was Error to Find Irreparable Harm," which seeks to incorporate "prior arguments at DE 936[4], p. 36-37, (*id*. at 14, heading VIII); and

- "The R&R Erred by Determining that the Complaint Sufficiently Stated Claims," which seeks to incorporate a "prior argument at DE 936, and pp. 8-12, (*id*. at 15, heading X).

In total, the Pandora Objection incorporates by reference arguments related to **six** different substantive topics, across three separate filings. These arguments collectively span approximately **nineteen pages** that are now added to the Pandora Objection, more than doubling the permissible page limit.

The Intermarketing Objection similarly "adopts and incorporates Pandora Defendants' concurrently filed objections and arguments" as to the following topics:

- "The Award of $16,231,197.88 in Gross Profits is Punitive and not Compensatory in Violation of the Lanham Act," (ECF No. 1072 at 1, heading I);

- "It was Error to Exclude Ms. Desalla's Testimony," (*id*. at heading II); and

- "It was Error to Issue an Overbroad Injunction," (*id*. at heading VII).

The Pandora Objection thus incorporates by reference three different substantive topics, which adds approximately **twelve additional pages** of briefing. Together, through their incorporated arguments, the Objections exceed their pages limits by a combined staggering total of **thirty-one pages**.

Exceeding the page limit by over thirty-pages through the use of lengthy, incorporated arguments spanning numerous substantive topics and four different filings

---

[3] DE 1055 is the Telemarketers' Supplemental Brief following the August 9, 2023 hearing, which arguments were already considered by the Court in the R&R.
[4] DE 936 is the Telemarketers' Omnibus Response in Opposition to Plaintiffs' Motion for Default Judgment and Motion for Permanent Injunction, which arguments were already considered by the Court in the R&R.

5

is wholly improper. As the Middle District of Florida put it when faced with defendants incorporating by reference their co-defendants' arguments:

> These "Hey, Judge! What he said!" cross-references are inappropriate and unduly tax the Court's resources. ... If permitted to stand as filed, each motion to dismiss would exceed the generous page limits imposed by the Local Rules when the referenced material is included in the page limit calculation.
> As Judge Roy B. Dalton stated, "[t]he Court's page limit requirement is not imposed to burden the parties. It is intended to focus the parties' attention on the most pressing matters and winnow the issues to be placed before the Court, thereby conserving judicial resources." *Mobile Shelter Sys. USA, Inc. v. Grate Pallet Sols., LLC*, 845 F. Supp. 2d 1241, 1253 (M.D. Fla. 2012), aff'd in part, 505 F. App'x 928 (11th Cir. 2013). Here, the attempted adoption of other Defendants' arguments amounts to throw-the-spaghetti-and-see-what-sticks motion practice and leads to imprecise and inartful briefing.

*Gov't Emps. Ins. Co. v. Path Med.,* No. 8:17-CV-2848-T-17TGW, 2018 WL 11487963, at *1 (M.D. Fla. Mar. 2, 2018). Indeed, such a practice "foists upon the Court the burden of sifting through irrelevant materials to find the materials referenced while permitting the movant to circumvent this Court's page limit requirement." *Mobile Shelter Sys. USA, Inc. v. Grate Pallet Sols., LLC*, 845 F. Supp. 2d 1241, at 1253 (M.D. Fla. 2012), aff'd, 505 F. App'x 928 (11th Cir. 2013). For these reasons, Courts have stricken motions which improperly incorporate by reference other arguments, or otherwise refused to consider such arguments. *See Bongiovanni v. Austin, No.* 3:22-CV-237-MMH-MCR, 2022 WL 19519117, at *1-2 (M.D. Fla. May 20, 2022) (striking motion because "adopting and incorporating by reference the arguments in prior briefing violates the page limit requirements set forth in [the Local Rules] and places an undue burden on judicial resources"); *Basulto v. Netflix, Inc.*, No. 22-21796-CIV, 2022 WL 17532279, at *2-3 (S.D. Fla. Dec. 8, 2022) (refusing to consider arguments incorporated by reference because

6

they are an "indirect way to avoid the page limitation," improper, and a burden to the court).

The incorporated arguments in the Objections are a prime example of an improper means of circumventing this Court's page limits, deserving of striking. By granting themselves an additional thirty-one pages, the Telemarketers have essentially doubled their respective allotted page limit, and even gone as far as to exceed the amount of pages requested in the Objection Motion. The Telemarketers should not be permitted to so flagrantly disregard the rules of this Court.

Moreover, such behavior places an undue burden on this Court's judicial resources. In reviewing the incorporated arguments, the Court will have to search for and match up the corresponding arguments, and will be faced with the issue of whether any of the incorporated arguments vary depending on the defendant to which they are applied. As it relates to the incorporated arguments from previous filings, which are not demarcated with the same headings, the Court will be forced to determine specifically which arguments out of the cited pages Pandora Defendants are attempting to adopt, and how any of those arguments may change based on the different procedural postures. This is a job for the Telemarketers, not the Court. *See Al-Rayes v. Willingham,* No. 3:15-CV-107-J-34JBT, 2017 WL 2464082, at *1 n.1 (M.D. Fla. June 7, 2017) ("Counsel, not the Court, bear the obligation of determining which arguments made at the motion to dismiss stage of the proceedings remain viable at summary judgment, and what evidence supports or relates to those arguments. This cannot be accomplished by a blanket incorporation by reference of the prior arguments. Moreover, such an incorporation fails

to account for the differing standards of review and the development of facts through discovery.")

In responding, Wyndham, similarly, will be forced to speculate as to how the Telemarketers intend each argument to apply to their briefing, and will be prejudiced in responding to Objections that contain an expansive amount of topics in the Telemarketers' "throw-the-spaghetti-and-see-what-sticks motion practice," *Gov't Emps. Ins. Co.,* 2018 WL 11487963, at *1, that well-exceed their permitted page limits.

In sum, as this case is in its final stretch, the Telemarketers have yet again submitted to this Court filings which fly in the face of this Court's rules and the pertinent jurisprudence. The Telemarketers should not be permitted to pick and choose which rules they adhere to, causing undue burden on the Court and Wyndham as a result. The incorporated arguments in the Objections should be stricken as an improper means of exceeding this Court's page limits.

## IV. ALTERNATIVE MOTION FOR ADDITIONAL TIME TO FILE RESPONSES TO THE OBJECTIONS THAT EXCEED THE PAGE LIMITS

Should the Court not strike the incorporated arguments in the Objections, as requested above, it should alternatively grant Wyndham additional time to file responses to the Objections that exceed the page limits.

### A. Legal Standard

Local Rule 3.01(b) permits a party to seek leave to exceed the page limit set forth therein, so long as the request does not exceed three (3) pages, inclusive of all parts. Additionally, this Court has the unquestionable authority and discretion to control its docket. *See Barber v. Am.'s Wholesale Lender*, 289 F.R.D. 364, 366 (M.D. Fla. 2013).

Moreover, the Court may grant an extension of time upon a showing of good cause. Fed. R. Civ. P. 6(b)(1). "To establish good cause, the party seeking the extension must establish that the schedule could not be met despite the party's diligence." *Ashmore v. Sec'y, Dep't of Transp.*, 503 F. App'x 683, 685 (11th Cir. 2013).

### B. Argument

Should the Court not grant this Motion, there would be good cause to extend the response deadline. Specifically, until the Court rules on the instant Motion, Wyndham will not know what scope of arguments remain (if any) to address in its responses. Wyndham requests sufficient time to assemble its substantive responses following receipt of such clarity from the Court.

Accordingly, Wyndham asks that the Court delay the deadline to file its responses to the Objections until seven (7) days after the entry of an order on this Motion, unless such seven days would expire prior the current deadline. Thus, Wyndham would have at least seven days from the adjudication of this Motion to prepare its responses.

Moreover, should the Court not grant this Motion, Wyndham should be permitted additional pages to respond to the Objections. The Standing Order permits Wyndham to file a ten-page response to each Objection. *In re: Magistrate Orders and Reports and Recommendations*, 6:23-mc-4-WWB (Feb. 10, 2023). However, as explained above, the Telemarketers' Objections grossly exceed their page-limits by a combined 31 pages. This means Wyndham will have to respond to Objections that are twice as long as the permitted page limits, and will require Wyndham to repeat arguments in each response due to the nature of the Objections' incorporated arguments.

Wyndham thus respectfully requests an additional five (5) pages for each response, such that it may respond to each of the Objections in fifteen (15) pages. Wyndham, in good faith, believes these additional pages will be necessary to effectively respond to the Objections and the arguments therein.

WHEREFORE, Wyndham respectfully requests that the Court enter an Order (1) striking the incorporated arguments in the Pandora Objection (ECF No. 1071) and the Intermarketing Objection (ECF No. 1072), or, in the alternative, (2) granting Wyndham leave to file a fifteen (15) page response to each Objection by seven (7) days after the entry of an order on this Motion, unless such seven days would expire prior the current deadline, (3) and granting such further relief as the Court deems just and proper.

## LOCAL RULE 3.01(g) CERTIFICATION

On October 26, 2023, counsel for Wyndham conferred with counsel for the Pandora Defendants via phone in a good faith effort to resolve the relief sought herein. The Pandora Defendants oppose this Motion.

On October 25, 2023, counsel for Intermarketing, David A. Klein, Esq., represented that he is unavailable to confer on the relief requested in this Motion until October 30, 2023. Pursuant to Local Rule 3.01(g)(3), following the anticipated conferral with Attorney Klein on October 30, 2023, Wyndham will timely supplement this certification with the position of Intermarketing.

Dated: October 26, 2023.                Respectfully submitted,

                                        /s/ Benjamin F. Elliott
                                        **ALFRED J. BENNINGTON, JR., ESQ.**
                                        Florida Bar No. 0404985
                                        bbennington@shutts.com
                                        **GLENNYS ORTEGA RUBIN, ESQ.**
                                        Florida Bar No. 556361

grubin@shutts.com
**MICHAEL J. QUINN, ESQ.**
Florida Bar No. 84587
Email: mquinn@shutts.com
**BENJAMIN F. ELLIOTT, ESQ.**
Florida Bar No. 1010706
belliott@shutts.com
**SHUTTS & BOWEN LLP**
300 South Orange Avenue, Suite 1600
Orlando, Florida 32801
Telephone: (407) 835-6755
Facsimile:  (407) 849-7255

and

**ERIC C. CHRISTU, ESQ.**
Florida Bar No.: 434647
ecchristu@shutts.com
**SHUTTS & BOWEN LLP**
525 Okeechobee Boulevard, Suite 1100
West Palm Beach, Florida 33401
Telephone: (561) 835-8500
Facsimile: (561) 650-8530
*Attorneys for Plaintiffs*

ORLDOCS 20965221 2