## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

Case No.: 6:19-CV-01908-WWEB-EKJ

WYNDHAM VACATION OWNERSHIP, INC.,
*et al.,*

      Plaintiffs,

v.

SLATTERY, SOBEL & DECAMP, LLP,  *et al.,*

      Defendants.

### DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' TIME-SENSITIVE MOTION TO STRIKE  [DE 1074]

Defendants, by their undersigned counsel, pursuant to Local Rule 3.01(b), hereby respond in opposition to Plaintiffs' Motion to Strike Defendants' Motion to Reconsider One Aspect of the Court's Amended Report and Recommendation (DE 1074). (Motion for Reconsideration at DE 1067).

Notwithstanding Plaintiffs' counsels' procedural bluster, mudslinging, and phony indignation, they fail to admit their patent error in misleading this Court during the August 9, 2023 hearing. Either mistakenly or intentionally, Plaintiffs' counsel misrepresented the record to Mag. J. Kidd during the August 9 hearing, saying that Ms. Irene Dasalla was unknown to Plaintiffs under Rule 26 and therefore the exclusion of her testimony, and consideration of Pandora's QuickBooks, was warranted. It was not. It is not. Ms. Dasalla's testimony and Pandora's QuickBooks showing only a 5.2 percent profit margin should be considered and credited by this Court, which now sits in equity. None of Plaintiffs' overblown and vitriolic finger wagging against the undersigned and their clients can undue

1

this essential truth. At some point, Plaintiffs and their counsel will have to answer the question: Had you known, as the record now shows beyond a doubt, that Ms. Dasalla's was known to you as a witness, you have misrepresented the record to this Court at the August 9 hearing, and thereby sought her exclusion? If Plaintiffs' answer to that question is "No," as it must be, then the equitable result is clear. The Court should consider Ms. Dasalla's testimony and the QuickBooks that are in evidence. As set forth below, there are no jurisdictional or procedural impediments to Defendants' reconsideration. On the contrary, justice requires reconsideration.

## I.   <u>The Motion to Strike is Improper, as only "Pleadings" are Subject to Strike</u>

First, the Motion to Strike is procedurally improper. As Plaintiffs are aware, given their briefing earlier in this action, *see* DE 891 at 2 (Plaintiffs' Response in Opposition to Pandora Defendants' Time-Sensitive Motion to Strike [DE 878]), motions to strike are governed by Federal Rule of Civil Procedure 12(f), which only provides for the striking of a "pleading." The Middle District of Florida has therefore routinely held that a "motion is not a pleading, and thus a motion to strike a motion is not proper under 12(f)." *Morroni v. Gunderson*, 169 F.R.D. 168, 170 (M.D. Fla. 1996). Similarly, "[a] response to a motion is not a pleading, and thus a motion to strike a motion is not proper under 12(f)." *Mahon v. City of Largo*, Fla., 829 F. Supp. 377, 385 (M.D. Fla. 1993). As this Court previously held in this action:

> Federal Rule of Civil Procedure 12(f) allows the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Red. R. Civ. P. 12(f) (emphasis added). However, "the plain language of 12(f) applies only to pleadings and not to motions or their opposition." *Hooker v. Sec'y, Dep't of Veterans Aff*s., No. 8:18-cv2000-T-36JSS, 2019 WL 12493574, at *1 (M.D. Fla. July 24, 2019); *Marfut v. Gardens of Gulf Cove POA, Inc.,* No. 2:17-cv-595-FtM-38CM, 2018 WL 746866, at *2 (M.D. Fla. Feb. 7, 2018); *Kahama VI,*

*LLC v. HJH, LLC*, No. 8:11- cv-2029-T-30TBM, 2014 WL 3721298, at *1 (M.D. Fla. July 28, 2014) (collecting cases holding that "a motion to strike a filing that is not a pleading. . . is improper."). Furthermore, the Court notes that even the striking of pleadings is considered to be a drastic remedy and is disfavored by courts. *See Gilbert v. State Farm Mut. Auto. Ins.* Co., 95 F. Supp. 3d 1358, 1361 (M.D. Fla. 2015).

Order Denying Pandora Defendants' Motion to Strike, DE 904 at 2 (Kidd, J.).

Defendants' Motion for Reconsideration is not a "pleading" and therefore is "not susceptible to being stricken under Rule 12(f)." *Hooker*, 2019 WL 12493574, at *1; *see also* DE 904 at 2. The Motion to Strike should be denied on this ground alone.

## II.  **Defendants' Course of Filings Was Necessary to Correct Plaintiffs' Misrepresentation on the Record and Preserve Objections for Appeal**

Plaintiffs' unabashed goal is to block this Court's consideration on the merits and avoid an equitable and just result by erecting illusory procedural obstacles to consideration on the merits. First, Plaintiffs objected to Defendants' witness who testified regarding Defendants' expenses, misrepresenting to the Court that she was not known or previously disclosed to the Plaintiffs, when in fact she was. Now, in a further attempt to avoid consideration on the merits, Plaintiffs seek to convince this Court there is no procedural avenue for the Court to consider Plaintiffs' misrepresentation and correct the record.

When Defendants discovered that Ms. Dasalla had been listed on Plaintiffs' own witness list and disclosed many times during discovery within the meaning of Rule 26(e), Defendant had its own procedural conundrum. Normally, facts not before the Court and clear factual errors in a ruling are presented in a Motion for Reconsideration. Indeed, these are the recognized bases justifying the court's reconsideration. *Hamilton v. Sec'y,*

3

*Fla. Dept. of Corrections,* 793 F.3d 1261, 1266 (11th Cir. 2015) (reconsideration may be granted based on "newly discovered evidence or manifest errors of law or fact."); *McGuire v. Ryland Grp., Inc.*, 497 F. Supp. 2d 1356, 1358 (M.D. Fla. 2007) ("three grounds justifying reconsideration of an order include: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice).

While a District Court judge certainly has discretion to consider evidence not before the Magistrate Judge when ruling on a party's objection, 28 U.S.C. §636(b) ("The judge may also receive further evidence"); Fed. R. Civ. P 72 ("The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions"),[1] the District Court judge also has the discretion not to consider such evidence. *Frank v. United States*, 789 F. App'x 177, 179 (11th Cir. 2019) ("[D]istrict court has discretion to refuse to consider matters raised for the first time in an objection to a magistrate judge's report and recommendation."). *See also Daker v. Head,* 2020 U.S. Dist. LEXIS 162642, at *26-27 (S.D. Ga. Sep. 4, 2020) ("the filing of Objections is not a proper vehicle through which to make new allegations or

---

[1] *See also Silvers v. Verbata, Inc.,* 2018 U.S. Dist. LEXIS 12964, at *4 (M.D. Fla. Jan. 26, 2018) (Although district courts have the discretion to consider new evidence and arguments presented for the first time in an objection to a report and recommendation, they are under no obligation to do so.); *Freeman v. County of Bexar*, 142 F.3d 848 (5th Cir. 1998) (District court has wide discretion to consider and reconsider magistrate judge's recommendation, and in course of performing such open-ended review, district court need not reject newly proffered evidence simply because it was not presented to magistrate judge; district court's discretion is at least as broad as that conferred on district court to determine FRCP 59(e) motions for reconsideration of its own rulings.)

present additional evidence."). For this reason, an objection was not the preferred avenue to raise the issue of Ms. Dasalla's prior disclosure. Had Defendants elected to raise the fact of proper Rule 26 disclosure only in their objections, opposing counsel surely would have argued that objections are limited to the facts as presented to the magistrate judge. Again, Plaintiffs' campaign for no consideration on the merits was inevitable.

In this procedural landscape, the undersigned considered requesting expedited consideration of the Motion for Reconsidering, along with a stay of the time to file objections until the resolution of the motion. But Defendants wanted to be respectful and considerate of the Court's crowded docket and concluded that instead of requesting a four-day deadline from the Court, the better, more reasonable approach would be to file the Motion for Reconsideration, and bring the issue of Dasalla's prior disclosure to the Court's attention prior to the due date for objections, leaving the decision of how to best manage the docket to the Court's discretion. DE 1067 at 7 ("By this motion, the undersigned respectfully seeks this Court's reconsideration of the R&R, to correct the record and to consider this correction **before the parties' objections are due**.") (emphasis added).

Indeed, when a much less complicated time-sensitive motion to extend the page limit, DE 1066, was filed on the same day, the Court was not able to issue a ruling within the time frame necessary to prepare the objection. The undersigned were not off the mark in their reluctance to label the Motion for Reconsideration as a motion time-sensitive when they understood that the Court is operating under a crowded docket and can choose to consider its motions and objections in the order that made most sense logistically.

5

Defendants' other "option" (implicit in Plaintiffs' Motion to Strike) would have been to wait for the Court's ruling on the Motion for Reconsideration to file their Objection to the Report and Recommendation, and thereby miss the deadline and waive all arguments on appeal (*See* 28 U.S.C. §636(b)(1); 11th Cir R. 3-1 and DE 1065 at 15) — an "option" that would border on malpractice.[2]

In other words, in Plaintiffs' view of procedure, the Catch-22 would prevent any consideration on the merits of how their misrepresentation of Rule 26 and the claimed non-disclosure of Ms. Dasalla led to an erroneous exclusion, which in turn led to a $16.2 million disgorgement recommendation of gross profits and no consideration of expenses: Had Defendants only raised the issue in their objection, Plaintiffs would then argue that the District Court need not consider the "new" fact. Had Defendants only asked for reconsideration to correct the misrepresentation (and the Court did not rule within the few days by which the objections are due), then Plaintiffs would argue that magistrate judge is stripped of jurisdiction to consider the corrected record. Under this "gotcha" version of civil procedure, there would be no effective way to obtain review of Plaintiffs' irrefutable factual misrepresentation to the Court (whether intentional or accidental) upon which $16.2 million in recommended disgorgement rests. Clearly that could not have been the intent of the institution of magistrate judges, nor of the Rules of Civil Procedure. "It is

---

[2] Defendants note that courts in other circuits have automatically stayed the time to file Objections when a motion for reconsideration was pending, but this was certainly not authority Defendants could rely on when waiver was at stake. *See Epperly v. Lehmann Co.*, 161 F.R.D. 72, 1994 U.S. Dist. LEXIS 20261 (S.D. Ind. 1994). ("deadline of FRCP 72(a) for filing objections to magistrate judge's order should not run while motion directed to magistrate judge to amend or reconsider his order is pending.")

entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of [ ] mere technicalities." *Foman v. Davis*, 371 U.S. 178, 181, 83 S. Ct. 227, 230 (1962). "Efficiency cannot be permitted to prevail at the expense of justice." *Chem One, Ltd. v. M/V Rickmers Genoa,* 660 F.3d 626, 642 (2d Cir. 2011).

As set forth below, the Court is not without jurisdiction and there are many simple procedural paths that would avoid Plaintiffs' blockade of consideration of the merits.

## III.    The Court has Jurisdiction to Consider the Motion for Reconsideration

This Court unquestionably has the ability to manage its own docket. *Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014). The division of responsibility between a District Court judge and a Magistrate Judge is within the discretion of the District Court, and the Court retains jurisdiction to consider or order the consideration of any motion. Furthermore, a Magistrate Judge's jurisdiction extends to "**any** pretrial matter pending before the court" save certain enumerated exceptions not at issue here.  28 U.S.C. 636(b)(1). There is no basis to hold that jurisdiction is lacking.

To address the clear factual error underpinning the Report and Recommendation, the Court has several simple procedural options including:

> **1.    The Court can instruct Magistrate Judge Kidd to rule on the Motion for Reconsideration (or refer the matter back to Mag. J. Kidd for reconsideration) before considering Defendants' Objection**.

This option is clearly contemplated by 28 USC § 636(b) ("The judge may … recommit the matter to the magistrate [magistrate judge] with instructions") and Rule 72 ("The district judge may …return the matter to the magistrate judge with instructions."). If, on reconsideration, Mag. J. Kidd issues a new Report and Recommendation, Defendants'

previously filed Objections can be denied as moot, or Defendants can withdraw the Objections. The New Report and Recommendation will set a new 14-day period for both parties to object.  This would avoid additional layers of unnecessary review. *See Garrido v. Rest. Operator One, LLC.*, 2013 U.S. Dist. LEXIS 204878, at *1-2 (S.D. Fla. Sep. 27, 2013) ("Plaintiffs timely filed an Objection to Magistrate's R&R [ ] in which Plaintiffs claimed certain new evidence cast doubt on the evidence upon which Magistrate Judge [ ] based her R&R. The Court then Referred [ ] Plaintiffs' Objection back to Magistrate Judge [ ] for her consideration as to whether the new evidence cited in Plaintiffs' Objection changes her R&R."); *Moss v. City of Atlanta Fire Dep't*, 2015 U.S. Dist. LEXIS 171028, at *28-29 (N.D. Ga. Dec. 23, 2015) ("The Court will benefit from the Magistrate Judge's consideration and recommendation whether to consider the 'new evidence' Plaintiff now offers and, if it should, what impact, if any, it has on the analysis. Accordingly, the Court resubmits the issue of the viability of Plaintiff's retaliation claim for the Magistrate Judge's consideration.").

**2.     The District Court can decide the Motion for Reconsideration and refer the matter back to Magistrate Judge Kidd if reconsideration is granted.**

This was the course of action followed in *Moody v. Church*, No. 1:11-CV-0926-AT-JSA, 2013 U.S. Dist. LEXIS 82145, at *1-2 n.1 (N.D. Ga. Mar. 21, 2013). There, the Magistrate Judge initially issued a report and recommendation and Defendant filed objections as well as a motion for reconsideration. Because the Defendant submitted a supplemental affidavit with his objections and motion for reconsideration, the Court declined to adopt the report and recommendation. The Court returned the case to the Magistrate Judge for further consideration of the motion, in light of Defendant's new

8

argument and evidence. The Magistrate Judge subsequently issued the new report and recommendation.

### 3. The Court, in its review of Defendants' Objections, can elect to consider the facts not Before Magistrate Judge Kidd.

Consideration of facts not before the Magistrate Judge is explicitly provided for by 28 U.S.C. §636(b) ("The judge may also receive further evidence") and Fed.R.Civ.P. 72. ("The district judge may …receive further evidence"). Particularly in the case of a manifest factual misrepresentation upon which the ruling is based, where the corrected facts are not in dispute, it is proper for the Court to consider the correct record. This would consolidate the issues while preserving the standard of review of new evidence on reconsideration. *See Rumreich v. Good Shepherd Day Sch. of Charlotte, Inc.*, 2018 U.S. Dist. LEXIS 158902, at *4-5 (M.D. Fla. Sep. 18, 2018) (considering new evidence on objection because "judicial economy would not be served by sending the parties back to the magistrate judge".)

### 4. If the Court finds that the issue of exclusion should be more fully developed, the Court can suspend consideration of the Objection, and order briefing.

In this scenario, the Court can instruct Plaintiffs to file a proper Motion to Exclude (which was never filed, despite Mag. Judge Kidd's invitation to do so, Hr'g Tr. 28:11-13), whereupon Defendants would have the opportunity to respond. *See* 28 USC § 636(b) ("The judge may … recommit the matter to the magistrate [magistrate judge] with instructions") and Rule 72 ("The district judge may …return the matter to the magistrate judge with instructions.").  Mag. Judge Kidd could then rule on the exclusion and revise the Report and Recommendation accordingly.

Although these procedural "fixes" may be advisable, they are not technically required, because contrary to Plaintiffs' assertions, the Magistrate Judge has jurisdiction to consider the Motion for Reconsideration. Courts have considered and ruled on co-pending objections and motions for reconsideration with no jurisdictional concerns. *See*, e.g. *Moody v. Church*, 2013 U.S. Dist. LEXIS 82145, at *1-2 n.1 (N.D. Ga. Mar. 21, 2013) (court declined to adopt R&R in light of issues raised in objections and motion for reconsideration, and referred motion for reconsideration back to Magistrate Judge); *Scott v. Kindred Hosps. Ltd. P'ship*, 2006 U.S. Dist. LEXIS 99622, at *3 (N.D. Ga. Aug. 28, 2006) (considering and denying motion for reconsideration while objections were pending).

Even in *Darby v. Carnival Corp.,* 2021 U.S. Dist. LEXIS 237937, (S.D. Fla. Dec. 13, 2021), the case Plaintiffs cite to argue that the Magistrate Judge *lacks* jurisdiction to hear a motion for reconsideration, the Magistrate *did in fact* rule on the Motion for Reconsideration. Although the Magistrate Judge expressed "uncertainty" regarding jurisdiction, he nevertheless continued to address "the merits of [the] motion for reconsideration." *Id.* at *3-4. Moreover, in *Darby*, the plaintiff filed the motion for reconsideration and the objections simultaneously, and the substance of both were "essentially the same" — a request to consider additional information about an expert's qualifications, in the form of an updated c.v. and supplemental declaration. *Id.* at *1-2, *7. The Court denied the motion for reconsideration, noting that the parties' *Daubert* briefing had been "comprehensive and extensive" and finding no justification to consider supplemental evidence that should have been presented in the *Daubert* briefing. *Id.* at *6,

10

*10. In this case, Defendant's Motion for Reconsideration (DE 1067) was filed on October 19, five days prior to the filing of Objections on October 24 (DE 1071). The substance of the motions, while containing some overlap,[3] are not essentially the same. Defendants explicitly noted in the Motion for Reconsideration that they presented the discovered error to the Magistrate Judge *in advance of the* Objections, in order to provide the Magistrate Judge the opportunity to correct the record before Objections were due. (DE 1067 at 7). Defendants also noted the incomplete prior briefing on the issue of exclusion, as no motion to exclude was made, and presented the reasons prior disclosure of Ms. Dasalla was not discovered earlier. (DE 1067 at 10-12).

*Pintos v. Martinez*, 2023 U.S. Dist. LEXIS 178677, at *1-2 n.2 (S.D. Fla. Oct. 3, 2023), another case cited by Plaintiffs, is also inapposite. There, the motion for reconsideration was filed two and a half weeks *after* the objections were filed. *See Pintos* No. 23-61169-CV-WILLIAMS (S.D. Fla. Oct. 3, 2023), DE 29 (Objections) filed 8/21/2023 and DE 36, Motion for Reconsideration filed 9/8/2023. Because the Objections were already before the District Court for two and half weeks, and presumably under review, the motion for consideration created an "extra layer of review" which the Court declined to engage in. *Pintos*, 2023 U.S. Dist. LEXIS 178677 at *1, n.2.  By contrast, in this case, Defendants filed their Motion for Reconsideration *prior to* their Objections, and specifically

---

[3] The purpose of repeating the issue of Ms. Dasalla's exclusion was to preserve the issue for appeal, in case Magistrate Judge Kidd were to deny the motion for Reconsideration.

noted the efficiency of ruling on the Motion for Reconsideration prior to the due date for (and consideration of) Defendants' Objections. DE 1067 at 7.

Finally, Plaintiffs argue that this Court should not reconsider Plaintiffs' misrepresented facts because "reconsideration is not the appropriate avenue to dispute the Report and Recommendation," citing *Farrell v. GMAC Mortg.*, 2014 U.S. Dist. LEXIS 196285, at *1 (M.D. Fla. Feb. 5, 2014).  That case is wholly inapposite because there, *no new facts* were required to be assessed by the Court; instead the motion for reconsideration listed the type of errors one would expect to find in objections. As explained in detail above, reconsideration *is* the appropriate avenue to address "newly discovered evidence" or "manifest errors of [ ] fact." *Hamilton* 793 F.3d at 1266. Here, it is beyond dispute that Mag. J. Kidd's recommendation was based on incorrect facts about the record made by Plaintiffs' counsel during the August 9 hearing. Correcting the record undoubtedly provides Mag. J. Kidd with new information (correct information) that he did not have when he made his amended report and recommendation.)

And nobody can seriously doubt that Plaintiffs, who insist that an objection is the appropriate avenue to dispute the Report and Recommendation, would be first ones to point out the "inappropriateness" of raising facts not before the Magistrate Judge in their objections, resulting in *two* "inappropriate avenues," or in other words, no avenue for a merits presentation to the Court. This obviously cannot be the result of a Court sitting in equity, operating under Rules of Civil Procedure which are intended to "promote and not to obstruct administration of justice," and "enable court to do substantial justice rather

than to decide cases upon technicalities" *Walsh v. Connecticut Mut. Life Ins. Co.*, 26 F.

Supp. 566, 1939 U.S. Dist. LEXIS 3177 (D.N.Y. 1939)


Date: October 30, 2023                                              Respectfully submitted,


*/s/ John Y. Benford*                              */s/ Patrick A. Bradford __*
John Y. Benford                                    Patrick A. Bradford
Florida Bar: 51950                                 (admitted pro hac vice)
Wilson Elser Moskowitz, Edelman &                  Bradford Edwards & Varlack LLP
Dicker LLP                                         12 East 49th Street, 11th Floor
111 North Orange Avenue Suite 1200                 New York, NY 10017
Orlando, Florida 32801                             Tel: 917.671.9406
Phone: 407.203.7594                                Email:
Email: john.benford@wilsonelser.com                pbradford@bradfordedwards.com
Attorneys for Pandora Marketing, LLC,              Attorneys for Defendant William Wilson
William Wilson, And Rich Folk.                     and Rich Folk

*/s/ David A. Klein*
David A. Klein
Law Offices of David Alan Klein  P.C.
1940 Route 70 East, Suite 4
Cherry Hill, NJ 08003
Tel: (856) 428-3383
Lawofficesdakpc@aol.com
Attorneys for Defendant Intermarketing Media, LLC.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 30, 2023, a true and correct
copy of the foregoing was furnished via electronic mail using the Court's CM/ECF
system which will give notice to all parties registered to receive electronic notice via
CM/ECF.

*/s/ John Y. Benford*
John Y. Benford