**UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA, ORLANDO DIVISION**

Case No.: 6:19-CV-01908-WWEB-EKJ

| |
|---|
| WYNDHAM VACATION OWNERSHIP, INC. *et al.*, <br><br> Plaintiffs, <br><br><br> v. <br><br> SLATTERY, SOBEL & DECAMP, LLP, *et al.*, <br><br> Defendants. |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' TIME-SENSITIVE MOTION TO STRIKE CROSS REFEENCES IN DEFENDANTS' OBJECTIONS [DE 1075]**

Defendants, by their undersigned counsel, pursuant to Local Rule 3.01(b) hereby respond in opposition to Plaintiffs' Motion to Strike Cross References in Defendants' Objections [DE 1075]. The Pandora Defendants' (Pandora Marketing, LLC, Pandora Servicing, LLC, William Wilson and Rich Folk) Objections are stated in DE 1071 and Defendant Intermarketing's Objections are stated in DE 1072.

As with their Motion to Strike Defendants' Motion for Reconsideration (DE 1074), which was swiftly denied by Mag. J. Kidd at DE 1078, Plaintiffs' goal is to avoid this Court's consideration of the merits, and at all costs. The instant motion should be denied.

**I.  The Motion to Strike is Improper, as only "Pleadings" are Subject to Strike**

1

As this Court has now twice expressly ruled in this case, a motion to strike anything other than a pleading is procedurally improper because Federal Rule of Civil Procedure 12(f), which governs motions to strike provides only for the striking of a "pleading." DE 904, DE 1078. *See also Morroni v. Gunderson*, 169 F.R.D. 168, 170 (M.D. Fla. 1996). *Mahon v. City of Largo*, Fla., 829 F. Supp. 377, 385 (M.D. Fla. 1993); *Hooker v. Sec'y, Dep't of Veterans Aff*s., 2019 WL 12493574, at *1 (M.D. Fla. July 24, 2019). Because the Defendants' Objections are not pleadings, Plaintiffs' motion to strike is due to be denied.

Additionally, Plaintiffs cite no authority for striking individual sections or references within a filing. Such incorporation by reference is commonplace when preserving issues for appeal.

## II. Defendant's Form of Filing was Necessary to Comply with Court Page Limitations and in order to Preserve Issues for Appeal

Judge Berger's standing order of February 10, 2023, limits the parties' objections to "a single document no longer than fifteen pages inclusive of all parts." *J. Berger Standing Order In RE: Magistrate Orders and Reports and Recommendations*.

The Defendants filed a time-sensitive motion requesting permission to file a joint objection of 30 pages for all five Defendants. *See* DE 1066. As set forth therein, Defendants requested the joint filing to address a multitude of issues raised in the over 1,000 pages of briefing and to preserve those issues for appeal. The motion for leave to file a joint objection of not more than 30 pages was still pending when the objection came due. That motion remains pending at this time.

With no ruling on the motion for leave to file a joint objection, Defendants timely filed their objections in compliance with Judge Berger's standing order, limiting submission for each Defendant to 15 pages.[1] Defendants understood the plain meaning of the Standing Order to permit 15 pages of objections for each party, in accordance with 28 U.S.C. §636(b)(1) ("Within fourteen days after being served with a copy, **any party** may serve and file written objections to such proposed findings and recommendations as provided by rules of court.") (emphasis added). If the order meant to limit **all** Defendants to only 15 pages in total, no matter their non-overlapping arguments, the Court's order would have expressly stated so. In the absence of such an express prohibition, Defendants' reading of J. Berger's order was reasonable, especially in light of 28 U.S.C. Section 636(b)(1) and the concurrently filed objections of co-defendants that the Court has considered previously in this litigation. *See* DE 616 (Individual Defendants' Objections to R&R), DE 616 (Pandora Entity Defendants' Objections to R&R) and DE 617 (Intermarketing's Objections to R&R).

Far from "ignoring the page limits," as Plaintiffs allege, Defendants attempted to follow the letter and spirit of this Court's order by using space as carefully as possible, citing to each other's briefs, and citing to arguments made

---

[1] The Pandora Defendants filed 15 pages on behalf of each party, not 60 pages; and Defendant Intermarketing filed 15 pages. Plaintiffs disingenuously claim each objection was 16 pages (DE 1075 at 2). The "sixteenth" page in each objection was the Certificate of Service. *See* DE 1071 at 16 and 1072 at 16. The Court has never refused to accept a motion in this litigation because the page limit was "exceeded" by the certificate of service.

in previous submissions, all with one goal in mind: the preservation of all relevant issues for appeal.

The whole purpose of Defendants' request for leave to file a single 30-page joint set of objections was in to allow each Defendant to include all the arguments that were later presented in the two separate submissions. It would be unjust to penalize Defendants for their efforts to follow Court procedure.

### III.     Cross References do not add "Pages"

Plaintiffs attempt to demonstrate that Defendants exceeded the page limit by calculating how many pages are included in the cross-referenced sections, should be rejected. Plaintiffs provide no legal support or precedent for this argument. Plaintiffs also complain that the alleged "additional thirty pages" of briefing prejudice to Wyndham because they now have to respond to the "additional arguments." This is simply nonsensical. Each objection cross-references the other. The same arguments that are made in response to "argument A" in one brief apply to that same argument when adopted and incorporated by reference in the second brief. The same is true for judicial consideration of the arguments — the Court's work is not doubled because there is no need to consider the same argument twice.

### IV.     Cross-Referencing Among Co-Defendants is Appropriate in this Situation

While Plaintiffs cite case law criticizing the practice of incorporation by reference, none of these cases deal with the present situation where a party has to juggle the need to preserve issues on appeal, with the need to keep within Court page limitations and abide by a strict deadline for filing objections. The pending status of Defendants' motion for leave to file a single joint motion

necessitated cross-references and incorporation by reference. Indeed, Defendants had prepared a single 30-page submission with no incorporation by reference. But absent the Court's permission, the undersigned did what was both reasonable and necessary to preserve their clients' right of appeal.

The Federal Rules of Appellate Procedure, while not controlling, are instructive: Rule 28(i) allows, in cases where there is more than one appellant or appellee, for parties to adopt by reference a part of another's brief. This rule has been interpreted to refer to situations, as in the present one, where the arguments are actually transferable from the proponent's to the adopter's case. *See Carrizosa v. Chiquita Brands Int'l, Inc.,* 47 F.4th 1278, 1338 (11th Cir. 2022), *citing United States v. Ramírez-Rivera,* 800 F.3d 1, 12 n.1 (1st Cir. 2015).

Defendants do not oppose Plaintiffs' motion for additional time and additional pages to respond to the Defendants' objections.

Date: October 31, 2023                                    Respectfully submitted,

*/s/ John Y. Benford*
John Y. Benford
Florida Bar: 51950
Wilson Elser Moskowitz, Edelman & Dicker LLP
111 North Orange Avenue Suite 1200
Orlando, Florida 32801
Phone: 407.203.7594
Email: john.benford@wilsonelser.com
Attorneys for Pandora Marketing, LLC, Pandora Servicing, LLC, William Wilson, And Rich Folk

*/s/ Patrick A. Bradford*
Patrick A. Bradford
(admitted pro hac vice)
Bradford Edwards & Varlack LLP
12 East 49th Street, 11th Floor
New York, NY 10017
Tel: 917.671.9406
Email: pbradford@bradfordedwards.com
Attorneys for Defendant William Wilson and Rich Folk

*/s/ David A. Klein*
David A. Klein
Law Offices of David Alan Klein P.C.
1940 Route 70 East, Suite 4

Cherry Hill, NJ 08003
Tel: (856) 428-3383
Lawofficesdakpc@aol.com
Attorneys for Defendant Intermarketing
Media, LLC

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on October 31, 2023, a true and correct copy of the foregoing was furnished via electronic mail using the Court's CM/ECF system which will give notice to all parties registered to receive electronic notice via CM/ECF.

      */s/ John Y. Benford*
      John Y. Benford