**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

WYNDHAM VACATION OWNERSHIP, INC., et al.,
        Plaintiffs,

v.

SLATTERY, SOBEL & DECAMP, LLP, et al.,
        Defendants.

_____/

Case No. 6:19-cv-1908-Orl-78EJK

**PLAINTIFFS' RESPONSE TO PANDORA'S OBJECTION TO AMENDED R&R**

Plaintiffs ("Wyndham"), oppose Defendants Pandora Marketing, LLC; Pandora Servicing, LLC; Rich Folk; and William Wilson's (collectively, "Pandora") *Objections to Amended R&R* (Doc. 1071) (the "Objection"). The Court should overrule the Objection and adopt the *Amended Report and Recommendation* (Doc. 1065) (the "R&R").

I.      **The Court Should Disregard Arguments Raised Through Incorporation**

The Objection improperly asserts arguments through reference to other filings, (Doc. 1071, §§ III-VI, VIII-XI), in violation of the Court's Standing Order, providing that an objection may be "no longer than fifteen pages inclusive of all parts." *In re: Magistrate Orders and Reports and Recommendations*, 6:23-mc-4-WWB (Feb. 10, 2023) (emphasis added). Courts routinely reject arguments incorporated by reference. *See e.g. Gov't Emps. Ins. Co. v. Path Med.,* No. 8:17-CV-2848-T-17TGW, 2018 WL 11487963, at *1 (M.D. Fla. Mar. 2, 2018). The incorporated arguments significantly expand page limits, and are an obvious attempt to circumvent such Court ordered limitations. *See id.* To the extent the Court considers the improper incorporated arguments, Wyndham provides its own substantive responses[1] to such arguments through cross-reference due to its

_____

[1] Responses to issues raised in §§ III-VI, VIII-XI, are found in §§ II-IX of Wyndham's opposition to Intermarketing Media LLC's objection ("IM Objection") to the R&R. Pandora also incorporates arguments from *previous* filings in §§ V, VIII, X; which arguments, should they be considered by the Court, are addressed by Wyndham's response to the

inability to respond within current page limits based on Pandora's disregard of limits.

## II.     The Disgorgement Award is not Punitive

The Objection baselessly argues that the R&R's disgorgement award is punitive by failing to account for Pandora's profit margin at it relies on inapplicable cases and ignores authority, on point, that militates in favor of confirmation.  Obj. at 2-5.

First, in the cited cases, the courts essentially *guessed* at the defendant's revenue, which are distinguishable.  *See Choice Hotels Int'l, Inc. v. S & V Enterprises of Gainesville, Inc*., 2018 WL 5818372, *3 (N.D. Fla. Mar. 29, 2018) (plaintiff relied on "**extrapolation** of Defendants' average monthly revenues") (emphasis added); *Covertech Fabricating, Inc. v. TVM Bldg. Prod., Inc*., 855 F.3d 163, 177 (3d Cir. 2017) (District court improperly "calculated damages by using **industry-wide gross sales figures** and by **selecting a random discount value** to determine [profits]—in the absence of, for example, company records, expert testimony, or other record evidence….") (emphasis added).  Here, the Court did not guess as to Pandora's sales. Rather, it cited to Pandora's own records, identifying the amount each owner paid to Pandora.  R&R at 8.  Second, in *Deltona Transformer Corp. v. The Noco Co*., the court benefitted from trial testimony as to the defendant's profit margin when choosing to reduce gross sales by such margin. 2023 WL 6376363, *6-7 (M.D. Fla. Sept. 29, 2023).  Here, the Court properly excluded Pandora's only proffered witness on costs, rendering *Deltona* inapplicable.  R&R at 9-11.

The Objection ignores caselaw validating the R&R. In *Abbott Lab'ys v. Unlimited Beverages, Inc.*, the Eleventh Circuit affirmed disgorgement in the amount of gross sales,

---

IM Objection in §§ III, VI, VIII therein. Wyndham appreciates that it is resorting to the same practice complained of herein but is unable respond to these arguments within current page limits as noted in its *Motion to Strike* (Doc. 1075) seeking additional briefing space which remains pending (recognizing that the Court maintains a busy docket).

without any reductions.  218 F.3d 1238, 1242 (11th Cir. 2000).  Similarly, *Klein-Becker USA, LLC v. Englert* is directly on point. There, plaintiff "established with reasonable certainty [defendant's] 'gross sales' through PayPal records."  711 F.3d 1153, 1163 (10th Cir. 2013).  Where the defendant "made no effort to present evidence showing such offsets" the "district court did not err when it set the profits award at…the total sales established by" plaintiff.  *Id.*  Thus, the R&R is due to be adopted, awarding the gross sales, as Pandora failed to provide any evidence on proper reduction for costs.  *See id.*

## III.   The Court did not Err in Excluding Dasalla's Testimony

The R&R properly excluded testimony by Irene Dasalla under Fed. R. Civ. P. 37.

### A.   Dasalla was not Disclosed Pursuant to Rule 26

Pandora incorrectly claims that they adequately disclosed Dasalla.

First, Pandora never raised this argument before the Magistrate Judge[2]. *See* (Doc. 1055). Courts may (and routinely do) ignore arguments and evidence not presented to the Magistrate Judge, but raised for the first time in an objection.  *See Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009).  The Court should ignore this new argument.

Second, Pandora did not adequately disclose Dasalla. "[M]ere identification of a witness during discovery does not…relieve a party's obligation to supplement its…disclosures."  *Jordan v. IAP Worldwide Servs., Inc.*, 2019 WL 13152019, at *3 (M.D. Fla. Oct. 23, 2019) (Kidd, J.) (collecting cases).  Rather, "the identification of the witness during discovery must have been sufficient to **make clear not only that the witness existed and had information, but also that the party intended to use that witness to support its claims or defenses**."  *Diamond Resorts Int'l, Inc. v. Aaronson*, 2019 WL

---

[2] Pandora's contemporaneous Motion for Reconsideration seeks revision of the R&R through presentation of new evidence showing such alleged disclosure. *See* (Doc. 1067).

1974833, at *2 (M.D. Fla. Mar. 13, 2019) (citation omitted) (emphasis added).

The Objection points to passing references to Dasalla's name. Obj. at 5-6. None make clear that she has knowledge of Pandora's costs or that Pandora intended to call her as a witness. *See Diamond Resorts*, 2019 WL 1974833, at *2. Specifically, the Objection points to (a) deposition testimony, (b) exhibits thereto, (c) Pandora interrogatory responses, (d) a third-party declaration, and (e) a prior dated draft of Wyndham's trial witness list. Obj. at 5-6. At best, these records show that she was a Pandora employee, one of a number of department heads at Pandora, was a billing contact for third-party vendors, and was a signatory for certain of Pandora's bank accounts. *See id.* The much-discussed[3] earlier version of Wyndham's witness list only shows that Wyndham knew Dasalla was a Pandora employee, but fails to show any awareness of Dasalla's knowledge of Pandora's costs, let alone Pandora's intent to call her as a witness. Mere mention of Dasalla's name on the list, as a precaution against Pandora's discovery misconduct, is not an adequate disclosure under Rule 26.

In sum, the R&R properly found that Pandora did not properly disclose Dasalla.

**B.    Dasalla's Testimony was Properly Excluded in the R&R**

The R&R properly excluded Dasalla's testimony under Rule 37[4]. When considering

---

[3] Wyndham circulated the list prior to the Court's default of Pandora.  *See* (Doc. 689). Thus, at that time, Wyndham was preparing for a trial against all of the Defendants, and faced a major, prejudicial information gap in preparing its case against Pandora due to the Pandora's severe discovery misconduct. Accordingly, Wyndham listed every individual it believed to be an employee of or otherwise associated with Pandora on the witness list in a final attempt to minimize prejudice. *See* (Doc. 1067-2 at 9-16). In fact, the list spans six pages and contains over a hundred individuals. *Id*. Following default and the subsequent delay of trial, Wyndham's final witness list submitted for the bench trial did not contain the extensive Pandora-affiliated list or Dasalla. *See* (Doc. 883-3).

[4] "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a

exclusion of a late-disclosed witness, the Court considers three factors: "(1) the explanation for the failure to disclose the witness, (2) the importance of the testimony, and (3) the prejudice to the opposing party if the witness had been allowed to testify." *Sabal Trail Transmission, LLC v. Lasseter*, 823 F. App'x 914, 919 (11th Cir. 2020) (quotation omitted). "Considered together, the first and third factors may outweigh the second." *Id.* (citation omitted). Here, the three factors all weigh in favor of exclusion.

First, Pandora offers **no explanation** for the disclosure failure. Rather, it insists that disclosure was proper. *See* Obj. at 10. The Objection's discussion of prior references to Dasalla only shows that *Pandora* has been aware of her for years. *Id.* at 5-6. Pandora offers no legitimate reason for failing to disclose her prior to the Evidentiary Hearing.

Second, Dasalla's testimony is not important enough to preclude exclusion. During her proffered testimony Dasalla admitted that she did not review the underlying documents supporting the alleged expenses and could not testify whether expenses were actually paid. Hr'g Tr. Vol. II at 51:6-23, 57:4-10. Dasalla could not attribute the expenses listed in bulk format to the false advertising. *See, e.g., id.* at 54:20-24. Accordingly, her testimony would provide little value[5] to the determination of a disgorgement award.

Third, the late disclosure prejudiced Wyndham. Wyndham was unable to depose Dasalla and did not know the subject matter of her testimony until it began. R&R at 11.

---

motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

[5] In *Bluegreen v. Timeshare Lawyers P.A.*, 20-cv-24681-RNS, Pandora presented the Southern District of Florida with the **same** evidence of costs. The court, considering both the records submitted and the sponsoring witness's testimony, declined to deduct expenses for similar reasons, namely, that Pandora "did not present any testimony that tied the specific expenses listed on the P&L to the [Pandora's] sales operation as it pertained to Bluegreen timeshare owners." *Bluegreen*, 20-cv-24681-RNS, Doc. 561 at 29 (S.D. Fla. Oct. 27, 2023); *id.* at 38 (stating "Defendants' numbers are not reliable.").

"Prejudice generally occurs when late disclosure deprives the opposing party of a meaningful opportunity to perform discovery and depositions related to the documents or witnesses in question.*" Berryman-Dages v. City of Gainesville Fla*., 2012 WL 1130074, at *2 (N.D. Fla. Apr. 4, 2012).  Thus, the R&R correctly found prejudice. *See id.*

### C.    Remaining Claims of Error Related to the Dasalla Testimony Fall Flat

The Court should reject the remaining claims related to the Dasalla testimony.

<u>First</u>, Pandora had sufficient notice of possible exclusion.[6]  Pandora's feigned surprise is manufactured outrage as they argued the very same issue at the Evidentiary Hearing **and in their post-hearing brief**.  Hr'g Tr. Vol. II at 26:5-28:15; (Doc. 1055 at 14-15).  In fact, during the Evidentiary Hearing, the Court stated "I'm probably going to allow some posthearing briefing, and **you can raise that in the posthearing briefing as to whether I should consider their testimony**…**based on whether they were properly disclosed**."  Hr'g Tr. Vol. II at 27:16-23 (emphasis added).  Pandora knew that it thought the issue was of importance as they chose to address it at hearing and in their filing.

<u>Second</u>, Rule 37 applies equally to defaulted parties. Pandora's cited cases only suggest that defaulted parties are entitled to a hearing.  *See* Obj. at 9; *id*. at 9 n. 5. Pandora unsuccessfully attempts to distinguish *Glob. Digital Sols., Inc. v. Grupo Rontan Electro Metalurgica, S.A*., 2022 WL 16736939 (11th Cir. Nov. 7, 2022), which applies Rule 37 to exclude a defaulted party's witness in a damage hearing[7]. The Court should reject this argument and should follow *Glob. Digital*.

---

[6] Pandora's argument to the contrary is presented in an outrageously long footnote; Obj. at 8, n. 4; in another apparent improper attempt to circumvent page limits.

[7] The *Global Digital* Court excluded a defaulted party's expert at a damages hearing for disclosure failures under Rule 37.  2022 WL 16736939, at *2.  While Pandora argues that the disclosure failure there was more severe, Obj. at 9 n. 5; such comparison is only relevant to whether the violation warrants exclusion, not application of Rule 37 at all.

## IV.     The Court Correctly Rejected Pandora's Cost Evidence

The R&R properly ignored Pandora's cost evidence outside of Dasalla's testimony. To clarify, there are two QuickBooks exhibits at issue: 1) the QuickBooks exhibit submitted with the written Response (Doc. 936-27) and accompanied by the Declaration of Catherine Tan (Doc. 936-25), for the years 2016-2021 (the "Response Exhibit"); and 2) the updated QuickBooks exhibit submitted at the Evidentiary Hearing (Hr'g Ex. MD-63) for the years 2016-2023 (the "Hearing Exhibit"). The R&R properly rejects both.

Pandora argued that these exhibits may be considered as business records. But, to fall under the business records hearsay exception, the exhibit must meet the qualifications through a "sponsoring witness," *i.e.*, "by the testimony of the custodian or another qualified witness," or by a sufficient certification.[8] Fed. R. Evid. 803(6)(D). The record here is devoid of a sponsoring witness, negating application of the exception.

First, given the exclusion of the Dasalla testimony, Pandora provides no custodian, qualified witness, or sufficient certification in regard to the Hearing Exhibit. Thus, the Hearing Exhibit is hearsay that the Court properly ignored.  *See* Fed. R. Evid. 803(6)(D).

Second, both exhibits lack sufficient reliability for admission. As explained, *supra* n.5, such generic QuickBooks exhibits are unreliable and unhelpful to the Court's identification of proper cost deductions. Pandora did not offer underlying documents supporting the exhibits and the exhibits contain expenses that Pandora has not connected to the subject false advertising.  *See* Fed. R. Evid. 803(6)(E) (documents do not fall under

---

[8] Authentication must also be provided where the purported business records are used to support a filing. *See Roger Kennedy Const., Inc. v. Amerisure Ins. Co.,* 506 F. Supp. 2d 1185, 1192 (M.D. Fla. 2007) ("Counsel for both parties have filed multiple documents in support of their summary judgment motions which the Court cannot consider because they are not properly authenticated and therefore are not admissible into evidence.").

the business records hearsay exception if the opponent shows the lack trustworthiness); *Deltona*, 2023 WL 6376363, at *6 (questioning admissibility of costs document because the underlying documents weren't provided and "perhaps most importantly, this document addresses the sales and costs numbers across all of Defendant's business—it is not tailored to Defendant's battery charger sales").  The R&R properly[9] did not make any deductions based on this evidence.

## V.     The Injunction is not Overbroad

<u>First</u>, the injunction is proper in light of the admitted pleadings. Pandora concedes that it (a) "engages in substantial false and/or misleading advertising" through a variety of means; *Am. Compl. for Dmgs. And Injunctive Relief*, (Doc. 36), ¶ 110; (b) "lur[es] Wyndham owners into procuring [Pandora's]…illusory services with false advertising", *id.* at ¶ 228; and (c) charges "exorbitant" and "substantial" fees; *id.* at ¶¶ 204, 228; for supposed debt relief "services".  *Id.* at ¶ 228.  Thereafter, it "funnels" owners to affiliated attorneys; *id.* at ¶ 108; which "lend a false air of legitimacy to the scheme…" *Id.* at ¶ 88. Thus, the Court is within its discretion to preclude Pandora from engaging in the activities (Timeshare Debt Relief Services and improper attorney referral conduct) that were the core of its admitted scheme and to require corrective disclosure related to its fees.

Other courts have entered broad prohibitions precluding activities, even where otherwise lawful. *See Fed. Trade Comm'n v. Pointbreak Media, LLC*, 376 F. Supp. 3d 1257, 1273 (S.D. Fla. 2019) (Full ban of telemarketing operations not overbroad given

---

[9] Case law cited by Pandora is unavailing. In *Sec. & Exch. Comm'n v. Complete Bus. Sols. Grp.*, Inc., the court relied on a filed P&L statement but references hearing testimony about the reliability of the exhibits.  No. 20-CV-81205-RAR, 2022 WL 14813743, *8 (S.D. Fla. Oct. 25, 2022). Thus, the case does not support Pandora's assertion that their exhibits "stand on their own and do not require a sponsoring witness." Obj. at 11.

Telemarketer's "history of unlawful marketing…"). In *Fed. Trade Comm'n v. Life Mgmt. Servs. of Orange Cnty., LLC*, the Court banned a party under FDUTPA from "engaging in any type of telemarketing and prohibiting him from advertising, marketing, or selling any debt-relief product or service" based on likelihood of future violations given defendants' multiple corporate entities, denial of wrongdoing, multi-year conduct, and low economic barrier to entry of telemarketing and debt-relief industries. 350 F. Supp. 3d 1246, 1272 (M.D. Fla. 2018). Here, the injunction expressly finds that Pandora is "likely to continue to engage in the acts and practices set forth in the Amended Complaint unless they are permanently enjoined from operating as a Debt Relief Company…" (Doc. 1053-1, p. 6). This is shown by the recurrent nature of the false advertising and deceptive practices; the willful, deliberate, and egregious nature of the deception to consumers which preyed upon the public's trust in legal services; and the fact that this scheme grew out of other improper sales operations. Am. Compl., ¶¶ 2-6, 55-65, 156, 202, 228. The entire scheme is born from a separate telemarketing scheme already under injunction pursuant to litigation brought by the FTC. *Id.*, ¶¶ 1-13, 52-69. Thus, a broad injunction is appropriate as Pandora are recidivist scammers. *Pointbreak Media*, 376 F. Supp. 3d at 1273; *F.T.C. v. Wolf*, 1996 WL 812940, at *8 (S.D. Fla. Jan. 31, 1996) ("Broad injunctive provisions are often necessary to prevent transgressors from violating the law in a new guise…").

Second, the *Bluegreen* injunction does not protect Wyndham as it does not limit any conduct related to Wyndham owners. 20-cv-24681, Doc. 561 at 43-44 (S.D. Fla. Oct. 27, 2023). Also, the supposed corrective conduct taken in response was mostly changes to Pandora's website and internal documents which are fully reversible. Hr'g Tr., Vol. II, 63:14-25, 71:22-72:14, 73:24-74:10. There is no indication from these limited steps that

Pandora's unlawful behavior is not expected to recur. The *Bluegreen* injunction irrelevant. *See Sheely v. MRI Radiology Network, P.A.,* 505 F.3d 1173, 1183–84 (11th Cir. 2007).

Finally, the Court should not credit the testimony of Pandora's General Counsel Katherine Ferro to support the claim that no further injunctive relief is necessary. Obj., p. 14. Ferro lacked credibility. She was not only unaware that this litigation related to Wyndham; Hr'g Tr., Vol. II, at 66:22-24 ("I don't believe that this is a case about Wyndham."); but lacked basic knowledge of Pandora's operations such as what Pandora's attorney partners do for customers. *Id.* at 68:11-69:10. Ferro did reveal; however, that Pandora continues to accept Wyndham customers; *id.* at 66:19-21, 67:7-9; refer them to lawyers; *id.* at 67:16-18; and initially stated that Pandora has not changed practices as to Wyndham owners in the last four years. *Id.* at 70:3-8. Thus, the *Bluegreen* injunction gives no comfort to the protection of Wyndham's interests.

## VI. The Evidentiary Hearing Length Did Not Prejudice Pandora

Finally, Pandora was not prejudiced by the Evidentiary Hearing. Obj. at 14-15. The parties had equal time to prepare and present their case and faced the same constraints with the competing *Bluegreen* trial. Pandora's failure to allocate more time to present their desired evidence and witnesses is their own fault, not the Court's.

WHEREFORE, for the reasons stated herein, the Court should deny the Objection.

Respectfully Submitted,                                      November 7, 2023.

<table>
<tr><td>

*/s/ Glennys Ortega Rubin*

**ALFRED J. BENNINGTON, JR., ESQ.**
(FBN 0404985); bbennington@shutts.com
**GLENNYS ORTEGA RUBIN, ESQ.**
(FBN 556361); grubin@shutts.com
**BENJAMIN F. ELLIOTT, ESQ.**
(FBN 1010706); belliott@shutts.com

</td><td>

**SHUTTS & BOWEN LLP**
300 South Orange Avenue, Suite 1600
Orlando, Florida 32801 *and*
**ERIC C. CHRISTU, ESQ.**
(FBN 434647); ecchristu@shutts.com
**SHUTTS & BOWEN LLP**
525 Okeechobee Boulevard, Suite 1100
West Palm Beach, Florida 33401
*Attorneys for Plaintiffs*

</td></tr>
</table>