**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
Case No. 6:19-cv-1908-Orl-78EJK

WYNDHAM VACATION OWNERSHIP, INC., et al.,
    Plaintiffs,
v.

SLATTERY, SOBEL & DECAMP, LLP, et al.,
    Defendants.
_____/

**PLAINTIFFS' RESPONSE TO INTERMARKETING'S OBJECTIONS TO AMENDED REPORT AND RECOMMENDATION**

Plaintiffs ("Wyndham"), respond in opposition to Defendant Intermarketing Media, LLC's ("IM") *Objections to Amended Report and Recommendation of October 10, 2023* (Doc. 1072) (the "Objection"). The Court should overrule IM's objections to the *Amended Report and Recommendation* (Doc. 1065) (the "R&R").

**I.    The Court Should Disregard Arguments Raised Through Incorporation**

The Objection improperly asserts arguments through reference to other filings, Obj., §§ I-II, VII, in violation of the Court's Standing Order, providing that an objection may be "no longer than fifteen pages inclusive of all parts." *In re: Magistrate Orders and Reports and Recommendations*, 6:23-mc-4-WWB (Feb. 10, 2023) (emphasis added). Courts routinely reject arguments incorporated by reference. *See e.g. Gov't Emps. Ins. Co. v. Path Med.,* No. 8:17-CV-2848-T-17TGW, 2018 WL 11487963, at *1 (M.D. Fla. Mar. 2, 2018). The incorporated arguments significantly expand page limits and are an obvious attempt to circumvent such Court ordered limitations. *See id.* To the extent the Court considers the improper incorporated arguments, Wyndham provides its own substantive responses[1] to such arguments through cross-reference due to its inability to

---

[1] Response to issues raised in §§ I-II, VII are found in the contemporaneously filed opposition to co-Defendants' ("Pandora") objection to the R&R, specifically in §§ II-

1

respond within current page limits based on IM's disregard of such limits.

## II. The R&R Did not Err by Ignoring Defendants' Cost Evidence

The R&R did not err by disregarding Defendants' evidence of expenses. The Objection argues that "[a]s business records, these QuickBooks records stand on their own and do not require a sponsoring witness." Obj. at 1. This is incorrect[2]. To fall under the business records exception, the records **must** be shown to meet the qualifications of a business record "by the testimony of the custodian or another qualified witness," or by certification.  Fed. R. Evid. 803(6)(D), 902(11).  A foundation is thus required.

The Court properly disregarded the QuickBooks records because neither IM nor Pandora authenticated the records. As to IM's expenses, IM presented **no evidence** of its expenses at the August 9, 2023 hearing ("Evidentiary Hearing"). The only evidence of IM's costs is a QuickBooks exhibit (Doc. 936-28), attached to Defendants' Omnibus Response (Doc. 936) (the "Response") to the underlying motions. The Objection argues that this exhibit is authenticated by the Declaration of Jason Krieck. However, the Krieck Declaration contains none[3] of the necessary attestations. (Doc. 936-28 at 1-2); Fed. R.

---

Disgorgement is not Punitive; III-Dasalla's Exclusion; V-Breadth of Injunction; of such opposition brief. Wyndham appreciates that it is resorting to the same incorporation practice complained of herein but is unable to provide a substantive response to these supplemental arguments within the current page limits as noted in its *Motion to Strike* (Doc. 1075) seeking additional briefing space which remains pending although Wyndham recognizes that the Court maintains a busy docket.

[2] The Objection's cited case, *Sec. & Exch. Comm'n v. Complete Bus. Sols. Grp*., Inc., 2022 WL 14813743 (S.D. Fla. Oct. 25, 2022), does not support its contention. There, the court relied on a filed P&L statement, but referenced hearing testimony about the reliability of the exhibits. *Id*. at *8; *id*. at 12 n.13. The case does not state that a business record may be introduced without the proper foundation. *See Roger Kennedy Const., Inc. v. Amerisure Ins. Co.,* 506 F. Supp. 2d 1185, 1192 (M.D. Fla. 2007) (unauthenticated documents filed in support of summary judgment motions were not considered).

[3] Specifically, absent from the Krieck declaration are attestations that the document meets the business record requirements of Rule 803(6)(D) and that Krieck is a custodian of the documents or another qualified person. Fed. R. Evid. 803(6)(D), 902(11).

Evid. 803(6)(D), 902(11). IM's exhibit is thus unauthenticated and inadmissible as a business record. *Kelecseny v. Chevron U.S.A., Inc.,* 2009 WL 10667062, *8 (S.D. Fla. June 4, 2009) (witness failed to authenticate exhibit making it inadmissible).

As to Pandora's[4] expenses, two QuickBooks exhibits are at issue: (1) the exhibit submitted with the Response (Doc. 936-27) (the "Response Exhibit") for 2016-2021 and accompanied by the Declaration of Catherine Tan (Doc. 936-25), and (2) the exhibit offered at the Evidentiary Hearing (Hr'g Ex. MD-63) (the "Hearing Exhibit") for 2016-2023.

As to the Hearing Exhibit, Pandora put forth Irene Dasalla as the sponsoring witness but the Court excluded her testimony. R&R at 9-11. Without another custodian, qualified witness, or certification, the Hearing Exhibit is inadmissible unauthenticated hearsay. *Kelecseny,* 2009 WL 10667062 at *8. Nor can the Tan Declaration provide sufficient foundation as such declaration relates to a different record containing different substantive information. Obj. at 1-2.

As to the Response Exhibit, the R&R properly ignored such document. The exhibit is unreliable and unhelpful.[5] Pandora did not introduce the underlying documents supporting the Response Exhibit, nor did any witness testify as to such supporting documents. Fed. R. Evid. 803(6)(E) (documents do not meet the business records hearsay exception if they lack trustworthiness). And, the Response Exhibit only lists

---

[4] Intermarketing makes argument in its Objection for the benefit of Pandora, revealing yet another obvious way in which page limitations are being strategically disregarded.

[5] In *Bluegreen v. Timeshare Lawyers*, Pandora presented the **same** evidence of costs. The court, considering both the records and sponsoring testimony, declined to deduct expenses for similar reasons, namely, that Pandora "did not present any testimony that tied the specific expenses listed on the P&L to the [Pandora's] sales operation as it pertained to Bluegreen timeshare owners." 20-cv-24681-RNS, Doc. 561 at 29 (S.D. Fla. Oct. 27, 2023); id. at 38 (stating "Defendants' numbers are not reliable.").

expenses in bulk format, providing no guidance to the Court as to how to make allocations as to the false advertising to Wyndham owners, a requirement for cost deductions. *Nike Inc. v. Variety Wholesalers, Inc.*, 274 F. Supp. 2d 1352, 1373 (S.D. Ga. 2003), aff'd, 107 F. App'x 183 (11th Cir. 2004) (costs must be "actually related" to the false advertising to be deducted); *Deltona Transformer Corp. v. The Noco Co.*, 2023 WL 6376363, at *6 (M.D. Fla. Sept. 29, 2023) (questioning expenses exhibit where underlying documents weren't provided and expenses were not tailored to the Defendant's infringing sales).

**III.     Comparative False Advertising is not Required for a Disgorgement Award**

The Objection falsely claims that disgorgement is improper for non-comparative advertising.  Obj. at 4-6.  This misses the import of comparative vs. non-comparative advertising. Where advertising is "comparative," plaintiff may invoke a presumption of harm. *Merial LLC v. Fidopharm, Inc.*, 2014 WL 11930586, at *20 (N.D. Ga. Sept. 5, 2014). However, Wyndham never claimed entitlement to such presumption. Rather, Wyndham offered evidence of such harm; *see infra* §§ IV, VI; and the R&R notes harm to Wyndham. R&R at 12 ("Telemarketers…caused irreparable harm to Plaintiffs…").

None of the citations support IM's conclusions.  First, certain of the cases (involving trademark infringement) decline to award profits on grounds unrelated to plaintiff harm. *See Slep-Tone Ent. Corp. v. Johnson*, 518 F. App'x 815, 819 (11th Cir. 2013) (Difficulty identifying profits attributable to infringing activity); *Charles Mfg. Co. v. Mercer*, 737 F.2d 891, 893 (11th Cir. 1983) (Factual determination there were no profits); *Texas Pig Stands, Inc. v. Hard Rock Cafe Int'l, Inc.*, 951 F.2d 684, 696 (5th Cir. 1992) (Plaintiff failed to show harm to goodwill to support unjust enrichment finding and Court determined that injunction otherwise remedies the conduct.).  Second, *Hard Candy, LLC v. Anastasia Beverly Hills, Inc.* was not even a profit determination decision but simply permitted an expert report to

4

establish that "factors, other than the use of the purported infringing mark,…contributed to the commercial success of the products at issue…" 2018 WL 10322164, at *7 (S.D. Fla. Jan. 13, 2018). Third, *TrafficSchool.com, Inc. v. Edriver Inc.*, reiterates the presumption in comparative cases that a plaintiff is entitled to profits without showing harm. 653 F.3d 820, 831 (9th Cir. 2011). Finally, the Objection fails to correctly quote 5 McCarthy on Trademarks and Unfair Competition, § 30:59 which notes that, at its "origin," disgorgement remedies were limited to comparative advertising cases, but then explains additional "modern" rationales to support disgorgement have since developed. *Id.; see also* Restatement Third, Unfair Competition § 37, comment b (recounting history of awarding profits; noting Courts no longer require a showing of direct competition).

Thus, IM's arguments as to comparative advertising are misplaced and irrelevant.

## IV.     The R&R's Disgorgement Award is not Disproportionate

The Objection mistakenly contends that Wyndham must prove actual damages or quantify its harm to receive disgorgement. Obj. at 6-7. Rather, "[t]he Lanham Act permits recovery of profits because actual damages are often difficult to prove." *Hard Candy, LLC v. Anastasia Beverly Hills, Inc.*, 921 F.3d 1343, 1353 (11th Cir. 2019). In *Instant One Media, Inc. v. EzFauxDecor, LLC*, the Eleventh Circuit found that the "disgorgement award is not affected" by the court's determination that plaintiff had not presented adequate evidence of actual damages as "Lanham Act disgorgement is available without showing actual damages." 2023 WL 2422196, at *3 n.1 (11th Cir. Mar. 9, 2023). Indeed, *Hard Candy* expressly states that in regard to disgorgement, "the focus is entirely on the alleged infringer's gain" and "the plaintiff is not required to present any evidence of particular financial harm that it suffered so as to justify legal redress." 921 F.3d at 1354. Thus, a showing of actual damages or quantified harm is not required.

5

Nevertheless, the R&R found that Wyndham did suffer harm.  R&R at 12. Wyndham demonstrated harm independent of the outstanding loan balance when an owner defaults, namely, various foreclosure, remarketing, and carrying costs[6]. Hr'g Tr. Vol. I at 101:13-102:12. Thus, arguments that Wyndham suffered no harm because of its issuance of IRS Form 1099-As is legally and factually irrelevant. *See supra*. To the extent the issue of the 1099-As are considered, they simply do not mitigate Wyndham's harm as the Defendant-caused defaults deny Wyndham of the benefit of a second sale, and Wyndham has shown that its contracts are non-exclusive. Hr'g Ex. P-965; Hr'g Tr. Vol. 1 at 71:23-72:11; 108:19-24; *Restatement (Second) of Contracts* § 347, comment f (1981); *Graphic Assocs., Inc. v. Riviana Rest. Corp.,* 461 So. 2d 1011, 1014 (Fla. 4th DCA 1984).

Similarly, reduction for loans reacquired after the Amended Complaint is improper. This is a standing argument. Wyndham has standing as to these defaulted loans, because they spring from a continuation of Defendants' long-running unlawful practices. *See Lawlor v. Loewe*, 235 U.S. 522, 536 (1915) ("Damages accruing since the action began were allowed, but only such as were the consequence of acts done before and constituting part of the cause of action declared on."); *Dean Foods Co. v. Albrecht Dairy Co.*, 396 F.2d 652, 661 (8th Cir. 1968) ("Damages are limited to the date of filing of the complaint and may be recovered beyond that date only where it is shown that they have resulted from the original illegal acts which were the subject of the complaint."). Here, the causes of action relate to ongoing advertising, tortious interference, and fraud that caused the same harm before and after the filing of the Amended Complaint. Thus, damages

---

[6] Such harm also formed the basis of the disgorgement award entered by this Court against the Defendants' co-defendants following trial.  *See* (Doc. 1034 at 12, 15, 17).

6

associated with any later-recovered interests "resulted from the original illegal acts which were the subject of the complaint." *Dean Foods Co.*, 396 F.2d at 661.

## V.   There is No Evidence That Wyndham Acted Inequitably

The Objection incorrectly argues that Wyndham acted inequitably such that disgorgement was improper, and points to the *Bluegreen* litigation where the court commented on the conduct of Bluegreen in considering disgorgement. Obj. at 7-8.

Any commentary by the *Bluegreen* Court as to **Bluegreen's** behavior, a separate entity, cannot be imputed onto **Wyndham**. The Objection's only support for this argument from *this* case and as to Wyndham is two pages of trial testimony from an owner as to his experience with Wyndham. *Id*. Not only was this testimony *not before this Court during the Evidentiary Hearing or the underlying briefings*[7], a snippet of one owner's experience with Wyndham is not enough to find that Wyndham acted inequitably, let alone so inequitably that disgorgement is unjustified. This argument should be denied.

## VI.   The Court Should Affirm the Finding of Irreparable Harm

The Objection claims that the R&R erred in finding irreparable harm, because Wyndham did not quantify its damages. Obj. at 8. However, a requirement for injunctive relief is that there be no adequate remedy at law. *Thomas v. Bryant*, 614 F.3d 1288, 1317 (11th Cir. 2010). For such reason, injunctive relief, like disgorgement, *supra* § IV, is most appropriate where damages can't be quantified. *See HornBlasters, LLC v. Gmirr,* 2020 WL 3250246, *3 (M.D. Fla. Apr. 1, 2020) ("This type of harm is almost impossible to quantify and to remedy absent injunctive relief and, therefore, injunctive relief is proper.");

---

[7] Courts may (and routinely do) ignore arguments and evidence not presented to the Magistrate Judge but raised for the first time in an objection. *See Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009).

7

*In re Collis,* 2019 WL 10734095, *8 (Bankr. M.D. Fla. Apr. 11, 2019).

Wyndham thus did not need to quantify its harm to be entitled to injunctive relief. The Objection then devolves into reiterations of IM's standing arguments, addressed *infra*, §IX, and IM's position that Wyndham has mitigated its harm, addressed *supra*, §IV.

## VII. Scheduling of the Evidentiary Hearing did Not Prejudice IM

IM's desire for more time at the Evidentiary Hearing are not grounds for error. All parties were given the same amount of time to prepare and argue their case. Any failure to allocate their time appropriately is IM's own failure, not the Court's. Moreover, Wyndham's counsel was also participating in the very same *Bluegreen* trial as Pandora and thus was faced with the same time constraints. Indeed, IM was not even a party to that case, thus it is unclear how IM could even be prejudiced by the *Bluegreen* trial.

Nor was IM prejudiced by Wyndham's exhibits. Obj. at 10. The majority of such documents were routine documents for the owners at issue (i.e., Jacada screenshots, Wyndham contracts and promissory notes, etc.), that were largely stipulated to by Defendants and admitted in bulk. Hr'g Tr. Vol. I at 76:7-81:12. They were produced in accordance with the Court's deadlines, and took up little time at the Evidentiary Hearing.

Finally, IM suffered no prejudice from Wyndham's witness list, which contained only two witnesses, both of which were also on Defendants' witness list. (Docs. 1036-37). Moreover, one of Wyndham's witnesses, Ramona Harrington, was previously deposed in this case and testified at the bench trial, such that her testimony was well known to all.

## VIII. The Amended Complaint Sufficiently States Claims for Relief

The R&R correctly concluded that Wyndham stated claims for relief. As noted by the R&R, this issue has been answered in the affirmative in the Order denying Defendants' Motion to Dismiss (Doc. 488), and in the Order sanctioning Defendants (Doc.

689 at 9-10). Similarly, whether Wyndham has standing based on the securitization process has been answered in the affirmative in the Order on Defendants' Motions to Dismiss, (Doc. 844 (R&R), Doc. 922 (Order adopting R&R)), and in the Verdict against Defendants' co-defendants (Doc. 1034, at 8-9) (the "Verdict"). The Objection argues, again, that Wyndham did not state claims for relief because it does not have standing. This issue has been squarely considered and rejected numerous times.

This case may also be distinguished from *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312 (11th Cir. 2004), cited by IM, because Wyndham did not assert a new claim at an inappropriate procedural posture like the plaintiff in *Gilmour*. Rather, the Amended Complaint alleges that Wyndham was injured by Defendants' unlawful scheme. Am. Compl., ¶¶ 86, 205, 218, 220, 232-33, 242, 247-48. The Court found Wyndham had standing to bring these claims and stated claims for relief. Wyndham presented evidence of such injury at the Evidentiary Hearing, and the Court awarded equitable relief in the R&R. *See* Hr'g Tr. Vol. I at 15:14-23, 16:23-18:25, 101:13-102:12, 105:13-18, 105:17-106:07. Whether Wyndham pled the specifics of its securitization process is irrelevant[8].

## IX.   The R&R Correctly Determined that Wyndham has Standing

Lastly, the Objection takes issue with the fact that the R&R did not specifically state that Wyndham suffered an "injury in fact," or find that Wyndham reacquired the causes of action through reassignment of the loans. Obj. at 14-16.  Should IM want to review such findings, it need only look to the Court's adjudication of their Motion to Dismiss for lack of

---

[8] Also, that the R&R did not specifically address Defendants' argument as to standing under the Lanham Act, is not a basis for finding error. *Concepcion v. United States*, 142 S. Ct. 2389, 2404 (2022) ("[A] district court is not required to be persuaded by every argument parties make, and it may, in its discretion, dismiss arguments that it does not find compelling without a detailed explanation.").

9

standing. There, the Court rejected the argument that Wyndham did not demonstrate an injury in fact, found that Wyndham reacquired the loans and causes of action, and otherwise found that Wyndham had standing. *See* (Doc. 844 at 10-12 ("The crux of the [Defendants'] argument appears to be that Plaintiffs cannot demonstrate the existence of an injury," but finding that Wyndham did in fact allege an injury; *id*. at 12 ("Plaintiffs have established a clear, factual basis to support the existence of standing"); Doc. 922 at 9 ("Plaintiffs have demonstrated repurchase of the majority of the relevant loans and the reacquisition of the underlying causes of action prior to filing the Amended Complaint.")).

Wyndham reaffirmed at the Evidentiary Hearing, through the testimony of Mr. Hollingshead, how securitized loans are reassigned with causes of action to Wyndham, and how Wyndham is damaged when a loan defaults—in the amount of the loan balance, through other related injuries (loss of residuals, and various foreclosure, remarketing, and carrying costs), and through the interference with Wyndham's relationship with its owners. Hr'g Tr. Vol. I at 15:14-23, 16:23-18:25, 101:13-102:12, 105:13-106:07. This is actual, concrete injury suffered by Wyndham because of Defendants' conduct and constitutes injury in fact. *Atkinson v. Wal-Mart Stores, Inc.,* 349 F. App'x 426, 428 (11th Cir. 2009).

Respectfully submitted,

Dated: November 7, 2023.

/s/ Glennys Ortega Rubin

**ALFRED J. BENNINGTON, JR., ESQ.**
(FBN 0404985); bbennington@shutts.com
**GLENNYS ORTEGA RUBIN, ESQ.**
(FBN 556361); grubin@shutts.com
**BENJAMIN F. ELLIOTT, ESQ.**
(FBN 1010706); belliott@shutts.com

**SHUTTS & BOWEN LLP**
300 South Orange Avenue, Suite 1600
Orlando, Florida 32801 *and*
**ERIC C. CHRISTU, ESQ.**
(FBN 434647); ecchristu@shutts.com
**SHUTTS & BOWEN LLP**
525 Okeechobee Boulevard, Suite 1100
West Palm Beach, Florida 33401
*Attorneys for Plaintiffs*